IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | |
| Plaintiff, | |
| v. | Case No. 06-943L<br>Judge Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA, | **Electronically filed:**<br>May 11, 2007 |
| Defendant. | |

**APPENDIX TO PARTIES' JOINT PRELIMINARY STATUS REPORT**
**PURSUANT TO APPENDIX A, RCFC**

# TABLE OF AUTHORITIES

FEDERAL CASES PAGE

Salt River Pima-Maricopa Indian Community v. United States, 231 Ct. Cl.1057 (1982)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Salt River Pima-Maricopa Indian Community v. United States, 26 Cl. Ct. 201 (1992)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44

FEDERAL STATUTES AND REGULATIONS

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

OTHER AUTHORITIES

Complaint (12-29-2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY<br>10005 East Osborn Road<br>Scottsdale, Arizona 85256,<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE<br>Secretary of the Interior<br>1849 C Street N.W.<br>Washington, D.C. 20240,<br><br>ROSS O. SWIMMER<br>Special Trustee<br>Office of Special Trustee for American Indians<br>Department of the Interior<br>1849 C Street N.W.<br>Washington, D.C. 20240,<br><br>HENRY M. PAULSON<br>Secretary of the Treasury<br>1500 Pennsylvania Avenue N.W.<br>Washington, D.C. 20220,<br><br>Defendants. | ) | Civil Action No. ______________ |

**COMPLAINT**

I. GENERAL NATURE OF THE ACTION

1. This is an action to seek redress of breaches of trust by the United States, acting by and through the defendants, in the management and accounting of trust assets, including funds and lands, belonging to the plaintiff, the Salt River Pima-Maricopa Indian Community ("the Community"), and to compel the defendants to provide a full and complete

accounting of all trust assets belonging to the Community and to correct the balances of the Community's trust fund accounts to reflect accurate balances.

2. Involved in this action are funds and other assets, including approximately 53,600 acres of land, held in trust by the United States for the benefit of the Community. As is more fully set forth herein below, the trust funds are comprised of both judgment funds held in trust pursuant to federal law and funds that receive their trust character as proceeds of trust property, specifically the lease and sale of resources or lands that are held in trust. The trust funds involved are substantial; by its own estimates, as provided by government contractor Arthur Andersen LLP, the United States handled over $480 million ($480,000,000.00) in transactions for the Community between 1972 and 1992. The United States has never fulfilled its duty to provide a full accounting of the trust funds belonging to the Community.

3. Pursuant to federal law, the defendants also have substantial fiduciary responsibilities with respect to and are charged with managing and accounting for the nearly 54,000 acres of land held in trust. These lands comprise a reservation located in the south-central part of the State of Arizona, and the Community is bounded by the cities of Scottsdale, Mesa, Tempe, and Fountain Hills. Over the years, substantial portions of these lands have been leased to third parties and to the government for rights-of-way, business uses and other purposes. Despite the longstanding fiduciary responsibilities owed, the United States has never provided an accounting of its management of these trust assets as required by law.

4. The defendants are government officers and trustee-delegates charged with carrying out the trust obligations of the United States. The record indicates that they have





2

grossly mismanaged and continue to grossly mismanage the trust and have failed for over a century to carry out the most basic and fundamental trust duties owed to the Community. The trust has been mismanaged in the following aspects, among others:

(a) The defendants have failed to provide an adequate accounting of the trust assets, including funds, lands, and resources belonging to and beneficially owned by the Community;

(b) The defendants have breached their trust obligation to maintain adequate records and to put in place adequate accounting systems in order to properly carry out their fiduciary obligations, including their duty to account;

(c) The defendants have failed to fulfill their duty to ensure that tribal trust property and trust funds are protected, preserved, and managed so as to produce a maximum return to the tribal owner consistent with the trust character of the property;

(d) The defendants have failed to properly collect, invest, and disburse trust funds belonging to the Community in compliance with their fiduciary responsibilities and other federal statutory and regulatory law;

(e) The defendants have breached their trust responsibility to preserve and protect adequate records of the trust and have spoliated irreplaceable trust records bearing upon their breaches of trust complained of herein; and

(f) The defendants have failed to properly state the Community's account balances and have converted to their own use trust funds belonging to the Community, including, but not limited to, Indian moneys, proceeds of labor, 25 U.S.C. § 155.





3

II. THE PARTIES

5. The Plaintiff is the Salt River Pima-Maricopa Indian Community, a federally recognized Indian tribe that is the beneficial owner of funds and other assets that are held in trust on the Community's behalf by the United States and for which the Community has never received an adequate accounting as required by law.

6. Defendant Dirk Kempthorne is the Secretary of the Interior and chief officer of the Department of the Interior, and as such is charged by law with carrying out the duties and responsibilities of the United States as trustee for the Community. He and his subordinates have custody and control of trust assets, including trust funds, belonging to the Community.

7. Defendant Ross O. Swimmer is the Special Trustee for American Indians, a sub-cabinet level officer appointed by the President of the United States with the advice and consent of the Senate and reporting directly to the Secretary of the Interior. A number of Defendant Swimmer's duties are delineated in the Indian Trust Fund Management Reform Act of October 25, 1994, Pub. L. No. 103-412, 25 U.S.C. §§ 4042, et seq. ("the 1994 Act").

8. Defendant Henry M. Paulson is the Secretary of the Treasury, and as such is the custodian of the tribal trust funds and is responsible for administering those funds and for preparing and maintaining certain records in connection therewith.

III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1362, as the Community is a federally recognized Indian tribe and its claims arise under the Constitution and laws of the United States, including, but not limited to, the numerous statutes and regulations giving rise to the trust relationship between the United States and the Community. This Court also has jurisdiction over this action under 28 U.S.C. § 1361 and 5





4

U.S.C. § 706, as this is an action to compel federal officials to perform a duty owed to the Community.

10. The United States has waived its immunity from suit under § 702 of the Administrative Procedure Act ("the APA"), 5 U.S.C. § 702. Section 702 waives sovereign immunity for all claims for relief other than money damages, including all forms of equitable relief, involving a federal official's action or failure to act. See, e.g., Bowen v. Mass., 487 U.S. 879, 893-95, 108 S. Ct. 2722 (1988); Schnapper v. Foley, 667 F.2d 102, 107-08 (D.C. Cir. 1981) (noting that § 702 is "intended to eliminate the defense of sovereign immunity with respect to any action … seeking relief other than money damages and based on the assertion of unlawful action by a federal officer"). The APA's waiver of sovereign immunity applies to any such suit, regardless of whether the suit is brought under the APA. See, e.g., Cobell v. Norton ("Cobell VI"), 240 F.3d 1081, 1095-96 (D.C. Cir. 2001); Chamber of Commerce v. Reich, 74 F.3d 1322, 1328 (D.C. Cir. 1996).

11. Venue in this Court is proper under 28 U.S.C. § 1391(e), as the defendants are officers and employees of the United States acting in an official capacity and a substantial part of the acts or omissions giving rise to the Community's claim occurred within this judicial district.

## IV. THE TRUST OBLIGATIONS OF THE UNITED STATES AND OF THE DEFENDANTS WITH RESPECT TO TRIBAL TRUST ASSETS

12. The United States unquestionably owes substantial fiduciary obligations to the Community with respect to the management and administration of the Community's trust funds and other trust assets. See Cobell VI, 240 F.3d at 1098 (citing numerous cases).





5

13. Tribal lands, associated resources, and the income derived therefrom constitute a substantial portion of the assets held by the United States in trust for the Community's benefit. Title to the land constituting the Community's reservation is held in trust by the United States, with the Community as the beneficial owner of the land and associated natural resources. Income is derived from, *inter alia*, the sale of these natural resources and the conveyance of certain interests in the Community's tribal trust land, including leases, easements, and rights of way. These assets and the income they produce form the core of the Community's tribal trust assets.

14. Additional assets held in trust by the United States for the Community's benefit are derived from settlements and judgments entered by federal courts on various claims brought by the Community against the United States. The Community's judgment funds are derived from, *inter alia*, a $13 million land claims judgment against the United States. See Salt River Pima-Maricopa Indian Community v. United States, 231 Ct. Cl. 1057 (1982). As trustee, the United States undertook to manage, invest, and distribute these funds as trust assets for the benefit of the Community.

15. Because the United States holds the Community's tribal lands and other assets in trust, it has assumed the fiduciary obligations of a trustee. As a trustee, the United States is charged with "'moral obligations of the highest responsibility and trust' … and its conduct 'should therefore be judged by the most exacting fiduciary standards.'" Cobell VI, 240 F.3d at 1099 (quoting Seminole Nation v. United States, 316 U.S. 286, 296, 62 S. Ct. 1049 (1942)). Because Congress established this trust by statute, "[c]ourts 'must infer that Congress intended to impose on trustees traditional fiduciary duties unless Congress





6

unequivocally expressed an intent to the contrary.'" Cobell VI, 240 F.3d at 1099 (quoting NLRB v. Amax Coal Co., 453 U.S. 322, 330, 101 S. Ct. 2789 (1981)).

16. The longstanding trust relationship between the United States and the Community and the United States' resulting fiduciary duties are rooted in and derived from numerous statutes and regulations. See, e.g., Indian Nonintercourse Act, 25 U.S.C. § 177; Indian Long-Term Leasing Act, 25 U.S.C. § 396; Indian Mineral Leasing Act of 1938, 25 U.S.C. §§ 396a-396g; Federal Oil & Gas Royalty Management Act, 30 U.S.C. §§ 1701, et seq.; Indian Mineral Development Act of 1982, 25 U.S.C. §§ 2101, et seq.; Indian Trust Fund Management Reform Act of 1994, 25 U.S.C. §§ 4001, et seq.; 25 U.S.C. § 152; 25 U.S.C. §§ 157-58, 160; 25 U.S.C. §§ 155, 155b; 25 U.S.C. §§ 161a, 161b, 162 (repealed in 1938), 162a, 413; 25 U.S.C. §§ 311, 312, 318a, 319, 321, 323-28; 25 U.S.C. § 397; 25 U.S.C. §§ 398, et seq.; 25 U.S.C. § 399; 25 U.S.C. §§ 415-16; 31 U.S.C. § 1321(a); 25 C.F.R. pt. 87; 25 C.F.R. pts. 150-51; 25 C.F.R. pt. 162; 25 C.F.R. pt. 166; 25 C.F.R. pt. 169; 25 C.F.R. pt. 211; 25 C.F.R. pt. 216; 25 C.F.R. pt. 225; 30 C.F.R. pt. 206; 43 C.F.R. § 3590.2(i).

17. The 1994 Act, which, among other things, created the Office of the Special Trustee for American Indians, served to recognize, reaffirm, and clarify the United States' preexisting fiduciary duties as derived from the relevant statutes and regulations, including the duty to account. Cobell VI, 240 F.3d at 1090, 1096. It was designed to "help rectify the government's longstanding failure" to fulfill its trust obligations. Id. The 1994 Act did not create the United States' fiduciary duties, nor did it "define and limit the extent of [the defendants'] obligations. Id. at 1100. Moreover, the 1994 Act does not, and was not





7

Case 1:06-cv-00922-RMU Document 1-2 Filed 05/18/2006 Page 8 of 19

intended to, serve as the sole source of those duties or of the Community's attendant rights. Id. at 1099.

18. The statutes, regulations, and executive orders giving rise to the United States' fiduciary duties provide the "general contours" of those duties, but the specific details are filled in through reference to general trust law and "defined in traditional equitable terms." Id. Accordingly, the defendants' "actions must not merely meet the minimal requirements of administrative law, but must also pass scrutiny under the more stringent standards demanded of a fiduciary." Id. (citations and internal quotations omitted).

19. As trustee of the Community's tribal trust assets, the United States owes, and continuously since the inception of the tribal trust program has owed, certain traditional fiduciary duties and responsibilities to the Community as a trust beneficiary. These duties include, but are not limited to, the duty to:

(a) Perform a complete, accurate, and adequate historical accounting of all the trust property, with such accounting containing sufficient information to enable the Community to readily ascertain whether the trust has been and is being faithfully carried out;

(b) Maintain adequate books and records with respect to the trust property, including, but not limited to, records of leases and other contractual arrangements giving rise to income from the trust property and records of the investment of tribal trust assets;

(c) Refrain from self-dealing or otherwise benefiting from management of the trust property;

(d) Take reasonable steps to preserve and protect trust property;

(e) Take reasonable steps to bring and enforce claims held by the trust;

(f) Use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property within the constraints of law and prudence; and

(g) Take reasonable steps to ensure that trust property is used for its highest and best use.

## V. BREACHES OF TRUST BY THE DEFENDANTS

20. The United States, acting by and through the defendants, has consistently and egregiously failed to comply with these and other fiduciary obligations of a trustee and continues to do so. Its breaches of trust include, but are not limited to:

(a) Failure to provide and unconscionably delaying the performance of a complete, accurate, and adequate accounting of trust property;

(b) Failure to maintain adequate books and records with respect to the trust property, including, but not limited to, records of leases and other contractual arrangements giving rise to income from the trust property and records of the investment of tribal trust assets;

(c) Failure to refrain from self-dealing or otherwise benefiting from management of the trust property;

(d) Failure to take reasonable steps to preserve and protect trust property;

(e) Failure to take reasonable steps to bring and enforce claims held by the trust;

(f) Failure to use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property within the constraints of law and prudence; and

(g) Failure to ensure that trust assets are used for their highest and best use.

21. Due to these and other breaches of the fiduciary duties owed by the United States, the Community does not know, and has no way of ascertaining, the true state of its trust assets, including funds and related accounts holding such funds; what amounts should have been credited to the Community and deposited in these accounts; what amounts should have been paid to the Community; how much of the Community's property has been diverted or converted to other uses; to what extent the United States failed to maximize profits; or whether the United States has attained fair market value for leases and sale of trust assets.

22. The United States' breaches of its fiduciary obligations with respect to Indian trust assets have been repeatedly recognized and routinely condemned by the United States General Accounting Office, the United States Inspector General for the Interior Department, and the United States Office of Management and Budget, among others. See Cobell VI, 240 F.3d at 1090-91 (citing reports criticizing the mismanagement of Indian trust assets).

23. The United States' breaches of its fiduciary obligations with respect to Indian trust assets have also been recognized and condemned by Congress. After a series of oversight hearings, Congress issued a report entitled "Misplaced Trust: The Bureau of Indian Affairs' Mismanagement of the Indian Trust Fund," H.R. Rep. No. 102-499 (1992). In this report, Congress noted "significant, habitual problems in BIA's ability to fully and accurately account for trust fund moneys, to properly discharge its fiduciary responsibilities, and to prudently manage the trust funds." Id. at 2. Congress further concluded that the defendants

had "utterly failed to grasp the human impact of [their] financial mismanagement of the Indian trust fund." Id. at 5. While the Interior Department pledged reforms in response to this report, it did little to improve its mismanagement of Indian trust assets. Cobell VI, 240 F.3d at 1090.

24. The 1994 Act sought to remedy the United States' long-standing failure to discharge its trust obligations. It "reaffirmed and clarified preexisting [trust] duties; it did not create them." Id. at 1100. Nor did it alter the nature or the scope of the fiduciary duties that the defendants owe to the Community and to other tribal trust beneficiaries. Id.

25. Among the duties enumerated in the 1994 Act, section 102 makes clear that the Community and other tribal trust beneficiaries are owed an accounting for "all funds held in trust by the United States for the benefit of an Indian tribe ... which are deposited or invested pursuant to the Act of June 24, 1938." 25 U.S.C. § 4011(a). The 1994 Act thus "reaffirms the government's preexisting fiduciary duty to perform a complete historical accounting of trust fund accounts." Cobell VI, 240 F.3d at 1102.

26. The 1994 Act also created the Office of Special Trustee for American Indians. 25 U.S.C. § 4042. Congress' stated purposes in creating this office were, inter alia, "to provide for more effective management of, and accountability for the proper discharge of, the Secretary's trust responsibilities," and to "ensure the implementation of all reforms necessary for the proper discharge of the Secretary's trust responsibilities . . . ." 25 U.S.C. § 4041.

27. The statutory responsibilities of the Special Trustee conferred under the 1994 Act include, *inter alia*:





11

(a) To "oversee all reform efforts ... to ensure the establishment of policies, procedures, systems and practices to allow the [Interior] Secretary to discharge his trust responsibilities ... ." 25 U.S.C. § 4043(b)(1);

(b) To "monitor the reconciliation of tribal trust accounts ... to ensure that the Bureau [of Indian Affairs] provides the account holders with a fair and accurate accounting of all trust accounts," 25 U.S.C. § 4043(b)(2)(A); and

(c) To "ensure that the Bureau establishes appropriate policies and procedures, and develops necessary systems, that will allow it ... properly to account for and invest, as well as maximize," subject to requirements of law, "the return on the investment of all trust fund monies," and "to prepare accurate and timely reports to account holders ... on a periodic basis regarding all collections, disbursements, investments and returns on investments related to their accounts." 25 U.S.C. § 4043(b)(2)(B).

28. Notwithstanding the remedial purpose of the foregoing legislation, the mandates of the 1994 Act – like the government's longstanding fiduciary duties – have not been carried out, and the defendants remain in violation of their accounting and other fiduciary obligations. In addition to the breaches of trust duties recited in paragraphs 4 and 19-23 above, the defendants have failed to comply with the enumerated duties listed in the 1994 Act. Furthermore, Defendant Swimmer has failed to discharge his responsibilities as Special Trustee or to take any meaningful steps to fix a trust management system that remains broken after more than a century of defendants' malfeasance, recalcitrance, and neglect.

29. The defendants also have failed to comply with other statutory directives intended to address their ongoing breaches of preexisting trust duties. By the Act of





12

December 22, 1987, Pub. L. No. 100-202 (101 Stat. 1329), Congress directed that the defendants (1) audit and reconcile tribal trust funds and (2) provide the tribal trust beneficiaries with an accounting of such funds. Congress reaffirmed the two mandates of the 1987 Act in subsequent statutes, namely, the Act of October 23, 1989, Pub. L. No. 101-121, 103 Stat. 701; the Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and the Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. These acts, like the 1994 Act, are reaffirmations of preexisting obligations rather than sources of new obligations. Even after nearly twenty years, these statutory requirements have never been met, and the defendants remain in derogation of their trust duties.

30. The reports produced by government contractor Arthur Andersen LLP (the "AA Reports") and provided to the Community and other tribal trust beneficiaries fall far short of satisfying the defendants' fiduciary duty to provide a complete, accurate, and adequate accounting. Even the Bureau of Indian Affairs ("BIA") within the Interior Department has admitted that the AA Reports were not full and complete accountings. See Bureau of Indian Affairs' Proposed Legislative Options in Response to Tribal Trust Fund Reconciliation Project Results at 12 (Dec. 1996) ("Despite five years of effort and the expenditure of $21 million, the [AA] Project provides a less than complete accounting of the state of the Tribal trust funds."). Shortcomings of the AA Reports include, but are not limited to, the fact that the Reports:

(a) Analyzed trust fund accounts only for the limited time period of Fiscal Years 1973-1991;

(b) Were not based on or prepared in accordance with generally accepted accounting and auditing standards;



13

(c) Were premised on the erroneous assumption that complete, accurate, and adequate accountings could be conducted based on unverified information provided by the BIA; and

(d) Were based on accounts for which records and information were non-existent or could not be located.

See, e.g., U.S. General Accounting Office, Report to the Committee on Indian Affairs, U.S. Senate, Financial Management, BIA's Tribal Trust Fund Account Reconciliation Results, GAO/AIMD-96-63 (May 1996); U.S. General Accounting Office, Testimony before the Committee on Indian Affairs, U.S. Senate, Indian Trust Funds, Tribal Account Balances, GAO-02-420T at 2 (Feb. 7, 2002).

31. Congressional recognition of the defendants' continued and ongoing failure to satisfy their fiduciary duty to render a complete, accurate, and adequate accounting is evidenced by the inclusion, in each Interior Department Appropriations Act since 1990, of a provision stating that "the statute of limitations shall not commence to run on any claim concerning losses to or mismanagement of trust funds until the affected tribe … has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss." See, e.g., Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of November 11, 1993, Pub. L. No. 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat. 1321; Act of September 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83,



14

111 Stat. 1543; Act of October 21, 1998, Pub. L. No. 105-277, 112 Stat. 2681; Act of November 29, 1999, Pub. L. No. 106-114, 113 Stat. 1501; Act of October 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63.

## COUNT ONE

32. The Community restates and incorporates herein the allegations of paragraphs 1 through 31 above.

33. The United States, acting through the defendants, owes to the Community fiduciary duties of the highest responsibility and trust with respect to property that it holds in trust for the Community's benefit. These statutorily-derived duties, which may be either express or implied in law, are akin to those stated under the common law of trusts.

34. Among the duties that the defendants owe is the duty to provide the Community with a complete, accurate, and adequate accounting of all property held in trust by the United States for the Community's benefit. The accounting obligation that the defendants owe to the Community requires, *inter alia*, an accounting report that "contain[s] sufficient information for the [Community] readily to ascertain whether the trust has been faithfully carried out." Cobell VI, 240 F.3d at 1103 (internal quotation omitted).

35. The defendants have, from the inception of the trust to the present, failed to fulfill theses fiduciary obligations, and this failure constitutes a breach of the defendants' fiduciary duties to the Community and a violation of federal law.

36. Specifically, the defendants have, *inter alia*, failed to provide the Community with a complete, accurate, and adequate accounting of the Community's trust assets, and this failure constitutes a breach of the defendants' fiduciary duties to the Community and a violation of federal law.



15

37. The Community is entitled to a declaration that the AA Report prepared by the defendants' contractors does not constitute the complete, accurate, and adequate accounting required by federal law.

38. The Community is entitled to a further declaration that the defendants have breached the fiduciary duties they owe to the Community by, *inter alia*, failing to provide the Community with a complete, accurate, and adequate accounting of the Community's assets as required by law.

39. The Community is entitled to a further declaration (1) delineating the defendants' fiduciary duties to, among other things, enable proper discharge of their accounting obligation and (2) finding that the defendants have breached their duties so declared.

COUNT TWO

40. The Community restates and incorporates herein the allegations of paragraphs 1 through 39 above.

41. There is no indication that the defendants will, of their own accord, depart from their longstanding and continuing pattern of failure to comply with their fiduciary duties to the Community.

42. The Community is entitled to injunctive relief directing the defendants to provide a complete, accurate, and adequate accounting of the Community's trust assets, including, but not limited to, funds under the custody and control of the United States, and to comply with all other fiduciary duties as determined by this Court.

43. The Community is further entitled to make exceptions and objections to the accounting provided, to a restatement of their trust fund account balances in conformity with





16

the ultimate and complete accounting, and to any additional equitable relief that may be appropriate (e.g., disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties).

44. The Community is also entitled to further injunctive relief directing the defendants to bring themselves in conformity with their fiduciary obligations and otherwise address breaches of trust found by the Court.

WHEREFORE, THESE PREMISES CONSIDERED, THE PLAINTIFF PRAYS:

1. For a decree construing the trust obligations of the defendants to the Community, including, but not limited to, the duty to provide a complete, accurate, and adequate accounting of all trust assets belonging to the Community and held in trust by the defendants.

2. For a decree that the United States, acting through the defendants, has been in breach of its trust obligations since the inception of this trust and continues to be in breach of those duties today, specifically including, *inter alia*, its fiduciary duty to provide a complete, accurate, and adequate accounting of all trust assets belonging to the Community and held in trust by the United States.

3. For a decree that the AA Reports do not constitute the complete, accurate, and adequate accounting that the defendants are obligated to provide to the Community.

4. For a decree delineating the fiduciary duties owed by the defendants to the Community with respect to the management and administration of the trust assets belonging to the Community.

5. For a decree directing the defendants (1) to provide a complete, accurate, and adequate accounting of the Community's trust assets, including, but not limited to, funds





17

under the custody and control of the United States and (2) to comply with all other fiduciary duties as determined by this Court.

6. For a decree providing for the restatement of the Community's trust fund account balances in conformity with this accounting, as well as any additional equitable relief that may be appropriate (e.g., disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties).

7. For a decree requiring the defendants to provide to the Community all material information regarding the management and administration of the trust assets belonging to the Community and held in trust for its benefit by the defendants.

8. For an award of the Community's costs of suit, including, without limitation, attorneys' fees under the Equal Access to Justice Act and other statutes as well as general equitable principles, and the fees and costs of expert assistance.

9. For such other and further relief as the Court, as a Chancellor sitting in equity, may deem just and proper.





18

Respectfully submitted this 29th day of December, 2006.

KEITH HARPER
D.C. Bar No. 451956
G. WILLIAM AUSTIN
D.C. Bar No. 478417

KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Suite 900
Washington, D.C. 20005
Telephone: (202) 508-5800
Facsimile: (202) 508-5858

Attorneys for Plaintiff Salt River
Pima-Maricopa Indian Community

06-2241
JR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Salt River Pima-Maricopa Indian Community

88880

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Maricopa Cty, AZ
**(EXCEPT IN U.S. PLAINTIFF CASES)**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Keith M. Harper and G. William Austin, III
Kilpatrick Stockton LLP
607 14th Street N.W., Suite 900
Washington, D.C. 20005
(202) 508-5800

**DEFENDANTS**

Dirk Kempthorne, Secretary of the Interior; Ross O. Swimmer, Special Trustee and
Henry M. Paulson, Secretary of the Treasury

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)** Washington, D.C.

NOTE: ... USE THE LOCATION OF THE TRACT OF LAN...

ATT...

CASE NUMBER 1:06CV02241

JUDGE: James Robertson

DECK TYPE: General Civil

DATE STAMP: 12/29/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZEN...**
FOR PLAINTIFF ... DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⦿ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G. *Habeas Corpus/ 2255*** <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ **H. *Employment Discrimination*** <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ○ **I. *FOIA/PRIVACY ACT*** <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | ○ **J. *Student Loan*** <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K. *Labor/ERISA (non-employment)*** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ **L. *Other Civil Rights (non-employment)*** <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ **M. *Contract*** <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ **N. *Three-Judge Court*** <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action for violation of defendants' fiduciary duties to plaintiff. Title 25 of the U.S. Code and various other statutes and regulations 25 U.S.C. § 155

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** Equitable & declaratory relief Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 12/29/06 SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

C

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 91. United States Court of Federal Claims (Refs & Annos)

**→§ 1500. Pendency of claims in other courts**

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

CREDIT(S)

(June 25, 1948, c. 646, 62 Stat. 942; Apr. 2, 1982, Pub.L. 97-164, Title I, § 133(e) (1), 96 Stat. 40; Oct. 29, 1992, Pub.L. 102-572, Title IX, § 902(a)(1), 106 Stat. 4516.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1948 Acts. Based on Title 28, U.S.C., 1940 ed., § 260 (Mar. 3, 1911, c. 231, § 154, 36 Stat. 1138 [Derived from R.S. § 1067] ).

Words "or in the Supreme Court on appeal therefrom" were omitted as unnecessary.

Changes were made in phraseology.

1982 Acts. Senate Report No. 97-275, see 1982 U.S. Code Cong. and Adm. News, p. 11.

1992 Acts. House Report No. 102-1006 and Statement by President, see 1992 U.S. Code Cong. and Adm. News, p. 3921.

Amendments

1992 Amendments. Pub.L. 102-572, § 902(a)(1), substituted "United States Court of Federal Claims" for "United States Claims Court".

1982 Amendments. Pub.L. 97-164 substituted "United States Claims Court" for "Court of Claims".

Effective and Applicability Provisions

1992 Acts. Amendment by Title IX of Pub.L. 102-572 effective Oct. 29, 1992, see section 911 of Pub.L. 102-572 ,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

set out as a note under section 171 of this title.

1982 Acts. Amendment by Pub.L. 97-164 effective Oct. 1, 1982, see section 402 of Pub.L. 97-164, set out as a note under section 171 of this title.

LAW REVIEW COMMENTARIES

Section 1500 and the Jurisdictional Pitfalls of Federal Government Litigation. Paul Frederic Kirgis, 47 American U. L. R. 301 (1997).

LIBRARY REFERENCES

American Digest System

Federal Courts 🔑1145.

Key Number System Topic No. 170B.

Corpus Juris Secundum

CJS Federal Courts § 810, Claims Against United States.

RESEARCH REFERENCES

ALR Library

129 ALR, Fed. 1, Construction and Application of National Childhood Vaccine Injury Act (42 U.S.C.A. §§ 300aa et seq.).

106 ALR 1241, Right to Set-Off, Counterclaim, or Recoupment Against the United States or a Sovereign Foreign State.

Encyclopedias

58 Am. Jur. Proof of Facts 3d 81, Denial of Wetland Permit as Basis for Landowner's Regulatory Taking Claim.

Am. Jur. 2d Eminent Domain § 820, Concurrent Actions; Consolidation or Suspension of Proceedings.

Am. Jur. 2d Federal Courts § 2313, Effect of Pendency of Claims in Other Courts; Generally.

Am. Jur. 2d Federal Courts § 2314, Effect of Pendency of Claims in Other Courts; Generally -- Where Prior Claim Seeks Relief Other Than Relief Sought in Court of Federal Claims.

Am. Jur. 2d Federal Courts § 2315, Effect of Pendency of Claims in Other Courts; Generally -- When is a Claim "Pending".

Am. Jur. 2d Federal Courts § 2317, Transfer of Case; Court of Federal Claims to District Court -- District Court to Court of Federal Claims.

Am. Jur. 2d Federal Tax Enforcement § 938, Concurrent Jurisdiction.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Forms

Federal Procedural Forms § 18:58, Effect of Pendency of Claims in Other Courts.

8 West's Federal Forms § 13121, Introduction.

8 West's Federal Forms § 13141, Claims Over Which the Court of Federal Claims Lacks Jurisdiction.

Treatises and Practice Aids

Casey Federal Tax Practice § 11:74, Jurisdiction.

Emp. Discrim. Coord. Analysis of Federal Law § 107:12, Federal Employment Suits.

Federal Procedure, Lawyers Edition § 19:94, Where Prior Claim Sought Relief Not Available in Court of Federal Claims.

Federal Procedure, Lawyers Edition § 19:95, When is a Claim "Pending".

Federal Procedure, Lawyers Edition § 19:97, District Court to Court of Federal Claims.

Federal Procedure, Lawyers Edition § 14:218, Concurrent Actions; Consolidation or Suspension of Proceedings.

Federal Procedure, Lawyers Edition § 19:102, Statute of Limitations -- Tolling.

Federal Procedure, Lawyers Edition § 39:1139, Effect of Pending Action on Same Issues in Federal District Court.

Federal Procedure, Lawyers Edition § 48:1307, Concurrent Jurisdiction.

Mertens: Law of Federal Income Taxation § 58A:69, Jurisdiction of United States Claims Court.

Mertens: Law of Federal Income Taxation § 58A:71, Limitations on Jurisdiction of Claims Court.

West's Federal Administrative Practice § 678, Choice of Forum.

West's Federal Administrative Practice § 809, Dual Litigation: Same Claim Pending in Another Court.

West's Federal Administrative Practice § 819, Jurisdiction Concurrent With United States District Courts; Transfer of Jurisdiction.

14 Wright & Miller: Federal Prac. & Proc. § 3657, Statutory Exceptions to Sovereign Immunity-Actions Under the Tucker Act.

14 Wright & Miller: Federal Prac. & Proc. § 3658, Statutory Exceptions to Sovereign Immunity-Actions Under the Federal Tort Claims Act: General Procedural Requirements.

17 Wright & Miller: Federal Prac. & Proc. § 4101, The Claims Court.

17 Wright & Miller: Federal Prac. & Proc. § 4102, The Tax Court.

18 Wright & Miller: Federal Prac. & Proc. § 4403, Policies and Sources of Res Judicata.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

15A Wright & Miller: Federal Prac. & Proc. § 3914.7, Finality-Orders Prior to Trial-Partial Dismissal.

NOTES OF DECISIONS

**Condemnation and eminent domain claims, similarity of claims 11**
**Contract claims, similarity of claims 12**
**Counterclaims, similarity of claims 10**
**Courts within section 4**
**Declaratory relief, similarity of claims 13**
**Discretion of court 2**

**Dismissal of action, pending in other court 6**
**Dismissal of Court of Federal Claims action 22**
**Forfeiture claims, similarity of claims 14**
**Indemnification claims, similarity of claims 15**
**Indian claims, similarity of claims 16**
**Injunctive relief, similarity of claims 17**
**Miscellaneous claims, similarity of claims 20**
**Necessity of objections to jurisdiction 24**
**Pending in other court 5-8**
- **Pending in other court - Generally 5**
- **Pending in other court - Dismissal of action 6**
- **Pending in other court - Stay of action 7**
- **Pending in other court - Time of pendency 8**

**Persons acting under authority of United States 21**
**Purpose 1**
**Res judicata 25**
**Similarity of claims 9-20**
- **Similarity of claims - Generally 9**
- **Similarity of claims - Condemnation and eminent domain claims 11**
- **Similarity of claims - Contract claims 12**
- **Similarity of claims - Counterclaims 10**

- **Similarity of claims - Declaratory relief 13**
- **Similarity of claims - Forfeiture claims 14**
- **Similarity of claims - Indemnification claims 15**
- **Similarity of claims - Indian claims 16**
- **Similarity of claims - Injunctive relief 17**
- **Similarity of claims - Miscellaneous claims 20**
- **Similarity of claims - Tax claims 18**
- **Similarity of claims - Tort claims 19**

**Stay of action, pending in other court 7**
**Stay of Court of Federal Claims action 23**
**Suit or process within section 3**
**Tax claims, similarity of claims 18**
**Time of pendency, pending in other court 8**
**Tolling of limitations 26**
**Tort claims, similarity of claims 19**

1. Purpose

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Purpose of statute barring Court of Federal Claims from exercising jurisdiction when same claim is pending in district court was to force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court and to prevent the United States from having to litigate and defend against the same claim in both courts. Harbuck v. U.S., C.A.Fed.2004, 378 F.3d 1324, rehearing and rehearing en banc denied, certiorari denied 125 S.Ct. 1386, 543 U.S. 1153, 161 L.Ed.2d 118, rehearing denied, rehearing denied 125 S.Ct. 1831, 544 U.S. 993, 161 L.Ed.2d 758. Federal Courts 🔑 1145

This section declaring that Court of Claims [now United States Court of Federal Claims] shall not have jurisdiction of any claim to which plaintiff has pending in any other court any suit or process against United States was designed to require an election between two forums both of which could presumably grant same type of relief, but was not intended to compel claimants to elect, at their peril, between prosecuting their claim in Court of Claims and in another tribunal and, once claim has been rejected by another court for lack of jurisdiction, there is no basis for dismissal of claim in Court of Claims. Brown v. U.S., Ct.Cl.1966, 358 F.2d 1002, 175 Ct.Cl. 343. Federal Courts 🔑 1144

Purpose of statute which prohibits simultaneous dual litigation against United States in claims court and another court is to coerce selection of forum so that United States is not compelled to defend simultaneous actions in different courts. Richland-Lexington Airport Dist. v. Atlas Properties, Inc., D.S.C.1994, 854 F.Supp. 400. Federal Courts 🔑 1145

Purpose of this section, providing that Court of Claims [now United States Court of Federal Claims] shall not have jurisdiction of any claim for which plaintiff has pending in any other court any suit or process against United States or any person acting under authority of United States, was to require election between suit in Court of Claims against United States and one brought in another court against agent of the United States. National Cored Forgings Co. v. U.S., Ct.Cl.1955, 132 F.Supp. 454, 132 Ct.Cl. 11. Federal Courts 🔑 1145

Purpose of this section was to prohibit the filing and prosecution of the same claims against the United States in two courts at same time. Frantz Equipment Co. v. U.S., Ct.Cl.1951, 98 F.Supp. 579, 120 Ct.Cl. 312.

The purpose of statute depriving Court of Federal Claims of jurisdiction over any claim against the United States with respect to which the plaintiff has an action pending in any other court is to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time. Bailey v. U.S., Fed.Cl.2000, 46 Fed.Cl. 187. Federal Courts 🔑 1139

2. Discretion of court

Words "shall not" in 28 U.S.C.A. § 1500, which provides that United States Claims Court [now United States Court of Federal Claims] does not have jurisdiction of any claim in respect to which plaintiff has pending in any other court against any person who was acting under authority of United States, are an absolute bar depriving court of any discretion, whatsoever, when duplicative claims are filed. Hill v. U.S., Cl.Ct.1985, 8 Cl.Ct. 382. Federal Courts 🔑 1145

3. Suit or process within section

Petition for writ of certiorari was a "process" against the government within meaning of statute prohibiting dual litigation against United States in Claims Court [now United States Court of Federal Claims] and another court. UNR Industries, Inc. v. U.S., C.A.Fed.1992, 962 F.2d 1013, certiorari granted 113 S.Ct. 373, 506 U.S. 939, 121 L.Ed.2d 285, affirmed 113 S.Ct. 2035, 508 U.S. 200, 124 L.Ed.2d 118. Federal Courts 🔑 1146

Even though lessor had filed, in condemnation proceeding, answer attacking government's right to condemn for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

period covered by lease, pendency of condemnation proceeding did not deprive Court of Claims [now United States Court of Federal Claims] of jurisdiction of lessor's claim against government for alleged breach of lease. Meyer v. U.S., Ct.Cl.1957, 150 F.Supp. 314, 138 Ct.Cl. 86. Federal Courts 🔑 1145

Under this section, counterclaim by partnership for amount due on contract whereby partnership undertook to do reconstruction of heavy equipment for the United States which was filed in suit by United States against partnership for excess profits, was suit or process against United States which precluded maintenance of claim on such contract. Frantz Equipment Co. v. U.S., Ct.Cl.1951, 98 F.Supp. 579, 120 Ct.Cl. 312.

A proceeding pending in the Court of Appeals for the District of Columbia to review the determination of the Tax Court determining that it had no jurisdiction of plaintiff's suit to recover amount allegedly unlawfully withheld by the government as result of renegotiation of war contracts is a "suit against United States or person acting under its authority" within this section withholding in such case, jurisdiction of the Court of Claims [now United States Court of Federal Claims]. Maguire Industries v. U.S., Ct.Cl.1949, 86 F.Supp. 905, 114 Ct.Cl. 687, certiorari denied 71 S.Ct. 36, 340 U.S. 809, 95 L.Ed. 595. Federal Courts 🔑 1083; Federal Courts 🔑 1145

Property purchasers' participation in judicial sale proceedings did not make purchasers parties to that action, so as to deprive Claims Court [now United States Court of Federal Claims] of jurisdiction over purchasers' action seeking damages for alleged title problems and condition of property purchased at sale, pursuant to statute providing that Claims Court shall not have jurisdiction of any claim with respect to which plaintiff or his assignee has pending in any other court any suit or process against United States, where purchasers did not file independent suit in district court or seek to intervene in action pending there until United States filed motion to dismiss purchasers' Claims Court action, and purchasers never participated in any proceedings before district court leading to its determination awarding all proceeds of sale of properties to United States. Levy v. U.S., Cl.Ct.1986, 10 Cl.Ct. 602. Federal Courts 🔑 1145

4. Courts within section

Court of Federal Claims could not take jurisdiction over claim against United States, where plaintiff had same claim on same date in Eastern District of Virginia. Richmond, Fredericksburg & Potomac R. Co. v. U.S., C.A.Fed.1996, 75 F.3d 648. Federal Courts 🔑 1145

Public contractor's claim filed in Claims Court [now United States Court of Federal Claims] and assigned to same judge was pending in "any other" court when contractor appealed dismissal of claim as premature, for purposes of jurisdictional statute depriving Claims Court of jurisdiction of any claim for which plaintiff has pending in any other court any suit or process against the United States. Scott Aviation v. U.S., Cl.Ct.1991, 23 Cl.Ct. 573. Abatement And Revival 🔑 7

Where a plaintiff suing in the Court of Claims [now United States Court of Federal Claims] has pending in court of appeals a petition covering the same claim as that contained in the petition in the Court of Claims, Court of Claims is deprived of jurisdiction of the suit under this section. Hobbs v. U.S., Ct.Cl.1964, 168 Ct.Cl. 646, 143 U.S.P.Q. 425. Federal Courts 🔑 1145

5. Pending in other court--Generally

The "filing" of the same claim simultaneously in the district court and the Court of Federal Claims by operation of statute permitting court without jurisdiction to transfer civil action to a court in which the action could have been brought when it was filed deprives the latter court of jurisdiction pursuant to statute barring Court of Federal Claims from exercising jurisdiction when same claim is pending in district court. Harbuck v. U.S., C.A.Fed.2004, 378 F.3d 1324, rehearing and rehearing en banc denied, certiorari denied 125 S.Ct. 1386, 543 U.S. 1153, 161 L.Ed.2d 118, rehearing denied, rehearing denied 125 S.Ct. 1831, 544 U.S. 993, 161 L.Ed.2d 758. Federal Courts

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

28 U.S.C.A. § 1500

1145

Plaintiff's alleged failure to serve the United States with a summons or complaint in district court case did not nullify filing of district court complaint for purposes of statute precluding jurisdiction in the Court of Federal Claims if the same claim is pending in another court. Forsgren v. U.S., Fed.Cl.2006, 73 Fed.Cl. 135. Federal Courts 1145

When determining whether a claim is "pending" for purposes of statute divesting the Court of Federal Claims of jurisdiction over a claim against the United States which is pending in another court, the Court of Federal Claims follows the longstanding principle that the jurisdiction of the Court depends upon the state of things at the time of the action brought. Heritage Minerals, Inc. v. U.S., Fed.Cl.2006, 71 Fed.Cl. 710. Federal Courts 1145

Where a party appeals the decision of a district court before filing here, the claim before the appellate court is pending for purposes of statute divesting the Court of Federal Claims of jurisdiction over a claim against the United States which is pending in another court. Heritage Minerals, Inc. v. U.S., Fed.Cl.2006, 71 Fed.Cl. 710. Federal Courts 1145

Court of Federal Claims lacked jurisdiction over fraud claim against the United States, where at time suit was filed, plaintiff had fraud claim against the United States pending in federal district court which was based on the same operative facts, and which sought the same monetary relief as claim filed in the Court of Federal Claims. Whyte v. U.S., Fed.Cl.2004, 59 Fed.Cl. 493. Federal Courts 1145

Court of Federal Claims lacked jurisdiction over Indian tribe's claim that the government violated its rights by denying it federal benefits and services under 38 different statutes, where tribe had a prior claim pending in district court which was based on the same operative facts, and which sought the same monetary relief. Samish Indian Nation v. U.S., Fed.Cl.2003, 58 Fed.Cl. 114, affirmed in part, reversed in part and remanded 419 F.3d 1355. Federal Courts 1081

Pending wrongful foreclosure action against the Federal Deposit Insurance Corporation (FDIC) in federal district court barred mortgagor's subsequent action against the United States in the Court of Federal Claims, under jurisdictional statute; actions were based upon the same operative facts surrounding foreclosure and sought same monetary relief, and defendants were identical inasmuch as the FDIC was "acting or professing to act, directly or indirectly under the authority of the United States." Davis v. U.S., Fed.Cl.1993, 30 Fed.Cl. 201.

Court of Federal Claims lacked jurisdiction over former federal employee's action alleging violations of Back Pay Act, where employee had pending suit in federal district court alleging employment discrimination, both cases arose from same operative facts, and both cases sought lost employment pay and benefits during same time period. Agustin v. U.S., C.A.Fed.2004, 92 Fed.Appx. 786, 2004 WL 434156, Unreported, rehearing and rehearing en banc denied, certiorari denied 125 S.Ct. 52, 543 U.S. 815, 160 L.Ed.2d 21. Federal Courts 1145

6. ---- Dismissal of action, pending in other court

Where plaintiff's claim for just compensation for alleged taking of their property for public use was dismissed in federal district court on jurisdictional grounds, no appeal was taken and period for appeal had expired, Court of Claims [now United States Court of Federal Claims] in which claim identical in substance had been filed did not lack jurisdiction because of this section declaring that Court of Claims shall not have jurisdiction of any claim for or in respect to which plaintiff has pending in any other court any suit or process against United States. Brown v. U.S., Ct.Cl.1966, 358 F.2d 1002, 175 Ct.Cl. 343. Federal Courts 1144

Statute divesting the Court of Federal Claims of jurisdiction where an identical claim against the United States is pending in another court did not preclude the Court from exercising jurisdiction over claims against the United

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

States that had been dismissed by federal district court and not yet appealed, as those claims were no longer "pending" in the district court. Young v. U.S., Fed.Cl.2004, 60 Fed.Cl. 418. Federal Courts ⚷ 1145

When earlier filed district court case is finally dismissed before Claims Court [now United States Court of Federal Claims] entertains and acts on motion to dismiss brought pursuant to Tucker Act provision stating that Claims Court does not have jurisdiction of any claim pending in any other court, that section does not bar Claims Court jurisdiction, even though dismissal may have occurred after filing in Claims Court; provision, however, can be invoked if Government can show that earlier filed suit is still pending at time Claims Court entertains and acts on jurisdictional question. Glick v. U.S., Cl.Ct.1992, 25 Cl.Ct. 435. Federal Courts ⚷ 1145

There is no provision that a suit in the Court of Claims [now United States Court of Federal Claims] against the United States may be prosecuted if the suit in another court against an agent of the United States is dismissed by final adjudication upon the merits. British American Tobacco Co. v. U.S., Ct.Cl.1939, 89 Ct.Cl. 438, certiorari denied 60 S.Ct. 974, 310 U.S. 627, 84 L.Ed. 1398. Courts ⚷ 521

Motion in Court of Claims [now United States Court of Federal Claims] to dismiss petition on ground that suit brought in district court, though dismissed, was still a pending suit within the meaning of former § 260 of this title was denied. McKinney v. U.S., Ct.Cl.1926, 62 Ct.Cl. 180, certiorari denied 47 S.Ct. 108, 273 U.S. 716, 71 L.Ed. 855.

7. ---- Stay of action, pending in other court

Statute depriving Claims Court [now United States Court of Federal Claims] of jurisdiction over claim as to which the plaintiff has an action "pending" against the United States in another court includes cases which have been filed but stayed. Johns-Manville Corp. v. U.S., C.A.Fed.1988, 855 F.2d 1556, certiorari denied 109 S.Ct. 1342, 489 U.S. 1066, 103 L.Ed.2d 811. Federal Courts ⚷ 1145

In inverse condemnation case, Claims Court [now United States Court of Federal Claims] was not required to dismiss later added count based on resurvey/border dispute for lack of jurisdiction because that same issue was currently pending, although stayed, before other federal district courts, though stay of action on the additional count would be appropriate. Fadem v. U.S., Cl.Ct.1987, 13 Cl.Ct. 328. Action ⚷ 69(5); Eminent Domain ⚷ 290

8. ---- Time of pendency, pending in other court

Later-filed Federal Tort Claims Act (FTCA) action in district court did not divest Court of Federal Claims of its earlier-established jurisdiction over Contract Disputes Act (CDA) action allegedly involving same claims. Hardwick Bros. Co. II v. U.S., C.A.Fed.1995, 72 F.3d 883, on remand 36 Fed.Cl. 347. Federal Courts ⚷ 1145

Under statute prohibiting simultaneous dual litigation against United States in claims court and another court, if same claim is filed in another court after complaint is filed in Claims Court [now United States Court of Federal Claims] claims court is by that action divested of jurisdiction, regardless of when the court memorializes fact by order of dismissal. UNR Industries, Inc. v. U.S., C.A.Fed.1992, 962 F.2d 1013, certiorari granted 113 S.Ct. 373, 506 U.S. 939, 121 L.Ed.2d 285, affirmed 113 S.Ct. 2035, 508 U.S. 200, 124 L.Ed.2d 118. Federal Courts ⚷ 1146

Plaintiff's unsuccessful attempt to amend declaratory judgment complaint in district court to include claim for money damages did not cause that money damages claim to be pending at time plaintiff's previously filed Claims Court [now United States Court of Federal Claims] action for money damages based on same operative facts was filed as would require Claims Court to dismiss action; no money damages claim was pending in district court at time Claims Court action was filed. Boston Five Cents Sav. Bank, FSB v. U.S., C.A.Fed.1988, 864 F.2d 137,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

rehearing denied, rehearing in banc declined. Federal Courts 🔑 1145

Government was not required to file action under section 231 et seq. of Title 31 to recover amounts paid contractor under alleged fraudulent progress payment vouchers in Court of Claims [now United States Court of Federal Claims] which was hearing contractor's appeal from General Services Administration Board of Contract Appeals' decision affirming default termination of government contract and Government's bringing of false claims action in district court did not preclude Government from asserting in Court of Claims counterclaim against contractor for amounts paid pursuant to alleged fraudulent vouchers. Universal Fiberglass Corp. v. U.S., Ct.Cl.1976, 537 F.2d 393, 210 Ct.Cl. 206. United States 🔑 130(3)

Words "shall not have jurisdiction" in this section pertain solely to the acquiring or taking of jurisdiction by Court of Claims [now United States Court of Federal Claims] when same plaintiff already has pending in any other court another suit on same claim. Tecon Engineers, Inc. v. U.S., Ct.Cl.1965, 343 F.2d 943, 170 Ct.Cl. 389, certiorari denied 86 S.Ct. 545, 382 U.S. 976, 15 L.Ed.2d 468.

Where suit by plaintiff against the United States was pending in federal district court on claims identical with the claims in action by plaintiff against the United States in the Court of Claims [now United States Court of Federal Claims], petition would be dismissed by the Court of Claims under this section, though purpose of plaintiff in filing action in Court of Claims was to protect itself against running of statute of limitation should district court deny jurisdiction. Wessel, Duval & Co. v. U.S., Ct.Cl.1954, 124 F.Supp. 636, 129 Ct.Cl. 464. Federal Courts 🔑 1145

Question whether same claims were pending in United States District Court for purposes of statute divesting Court of Federal Claims of jurisdiction over a claim against the United States if the same claim is pending in any other court had to be determined at time at which suit was originally filed in the Court of Federal Claims, and not when amended complaint was filed, as amended complaint related back to date of original filing. Hall v. U.S., Fed.Cl.2006, 2006 WL 3093979. Federal Courts 🔑 1145

The question of whether another claim is "pending" for purposes of the statute precluding jurisdiction in the Court of Federal Claims if the same claim is pending in another court is determined at the time at which the suit in the Court of Federal Claims is filed. Forsgren v. U.S., Fed.Cl.2006, 73 Fed.Cl. 135. Federal Courts 🔑 1145

Pursuant to transfer statute, federal employee's Title VII claim filed in district court and her Equal Pay Act claim filed in district court at the same time and transferred to the Court of Federal Claims were pending at the same time for purposes of statute barring Court of Federal Claims from exercising jurisdiction when same claim is pending in another court, notwithstanding that district court failed to transfer Equal Pay Act claim for two years. De Leon v. U.S., Fed.Cl.2005, 69 Fed.Cl. 336. Federal Courts 🔑 1145

Statute divesting the Court of Federal Claims of jurisdiction of "any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States" was not applicable to same-day filings in the Court of Federal Claims and district court, where complaint was filed in the Court of Federal Claims several hours earlier than the complaint filed in district court, and thus there was no claim pending in district court at time of filing in the Court of Federal Claims. Breneman v. U.S., Fed.Cl.2003, 57 Fed.Cl. 571, affirmed 97 Fed.Appx. 329, 2004 WL 1153329, certiorari denied 125 S.Ct. 670, 543 U.S. 1021, 160 L.Ed.2d 497. Federal Courts 🔑 1145

Statute ousting the Court of Federal Claims from jurisdiction when the same matter is already pending in district court was applicable to preclude jurisdiction, even though district court transferred taking claim to the Court of Federal Claims, because on date of filing in the Court of Federal Claims there was still pending in the district court a tort claim with the same operative facts as the taking claim. Vaizburd v. U.S., Fed.Cl.2000, 46 Fed.Cl. 309. Federal Courts 🔑 1145

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

For purpose of statute precluding the Court of Federal Claims from exercising jurisdiction over a claim against the United States pending in any other court, the operative date of filing in the Court of Federal Claims, in case of action transferred by district court, was not the date of transfer, but the date the action was filed in the transferring court. Spodek v. U.S., Fed.Cl.1999, 44 Fed.Cl. 32. Federal Courts 🔑 1139

Statute which provides that Claims Court [now United States Court of Federal Claims] does not have jurisdiction of claim for or in respect to which plaintiff has pending in any other court any suit or process against United States does not apply when plaintiff first files claim in claims court and subsequently files same claim in another court. Clark v. U.S., Cl.Ct.1990, 19 Cl.Ct. 220. Federal Courts 🔑 1144

Court of Federal Claims did not have subject matter jurisdiction over claimant's complaint against United States, where claimant filed complaint containing same or similar claims in federal district court on same day she filed complaint in Court of Federal Claims. Frasier v. U.S., C.A.Fed.2003, 67 Fed.Appx. 594, 2003 WL 21058267, Unreported. Federal Courts 🔑 1141

9. Similarity of claims--Generally

For purpose of determining whether plaintiff who files action in the Court of Federal Claims has another suit pending in another court with respect to the same claim, thus depriving the Court of Federal Claims of jurisdiction, comparison of two cases turns on whether the other suit is based on essentially the same operative facts as the Court of Federal Claims action, at least if there is some overlap in the relief requested. Keene Corp. v. U.S., U.S.1993, 113 S.Ct. 2035, 508 U.S. 200, 124 L.Ed.2d 118. Federal Courts 🔑 1145

For purposes of statute under which Court of Federal Claims lacks jurisdiction "of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States," different relief sought means different claims, which in turn means that statute is inapplicable. Dico, Inc. v. U.S., C.A.Fed.1995, 48 F.3d 1199. Federal Courts 🔑 1145

Under statute declaring that Court of Federal Claims shall not have jurisdiction of any claim as to which plaintiff or assignee has pending in any other court any suit or process against the United States, definition of "claim" is that claim pending in another court must arise from the same operative facts and must seek the same relief. Loveladies Harbor, Inc. v. U.S., C.A.Fed.1994, 27 F.3d 1545. Federal Courts 🔑 1145

For purposes of this section depriving Claims Court [now United States Court of Federal Claims] of jurisdiction over any "claim" in respect to which the plaintiff has a pending action in another court against the United States "claim" is defined by the facts, not the legal theories. Johns-Manville Corp. v. U.S., C.A.Fed.1988, 855 F.2d 1556, certiorari denied 109 S.Ct. 1342, 489 U.S. 1066, 103 L.Ed.2d 811. Federal Courts 🔑 1145

A "claim" for purposes of the statute precluding exercise of jurisdiction by the Court of Federal Claims when the same claim against the United States is pending in another court is defined by whether the same underlying facts apply to each suit. Chapman Law Firm Co. v. U.S., Fed.Cl.2006, 72 Fed.Cl. 14. Federal Courts 🔑 1145

For a claim to be precluded the Court of Federal Claims under statute divesting the Court of jurisdiction over a claim against the United States which is pending in another court, the claim pending in another court must arise from the same operative facts, and must seek the same relief. Heritage Minerals, Inc. v. U.S., Fed.Cl.2006, 71 Fed.Cl. 710. Federal Courts 🔑 1145

Identity of claims for purposes of statute prohibiting simultaneous identical litigation against the United States in the Court of Federal Claims and another court is construed broadly, such that a core of operative facts in common, even when different legal theories underlie the two actions, triggers the statute, and deprives the Court of Federal Claims of jurisdiction. Lan-Dale Co. v. U.S., Fed.Cl.2004, 60 Fed.Cl. 299. Federal Courts 🔑 1145

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

For the Court of Federal Claims to be precluded from hearing a claim under statute precluding the Court from exercising jurisdiction over a claim against the United States pending in any other court, the claim pending in the other court must arise from the same operative facts, and must seek the same relief. Spodek v. U.S., Fed.Cl.1999, 44 Fed.Cl. 32. Federal Courts 🔑 1139

For purpose of statute precluding United States Claims Court [now United States Court of Federal Claims] jurisdiction of claims pending in any other court against United States, suit in tort and contract can be same claim or cause of action, irrespective of theory of relief urged, if it arises with respect to same operative facts, even if contract claim, because of value, could not have been maintained in district court. Dwyer v. U.S., Cl.Ct.1985, 7 Cl.Ct. 565. Federal Courts 🔑 1145

10. ---- Counterclaims, similarity of claims

Civil action by United States in district court was not transferred to Court of Claims [now United States Court of Federal Claims] by filing by government of counterclaim, which was based upon same claim, in action by corporation for money allegedly due under contracts. Frantz Equipment Co. v. U.S., Ct.Cl.1952, 105 F.Supp. 490, 122 Ct.Cl. 622. Federal Courts 🔑 1158

Claims Court [now United States Court of Federal Claims] lacked jurisdiction over contract claim, where claim was virtually identical to plaintiff's counterclaim filed previously in bankruptcy court and both sought essentially the same relief. Boston Shipyard Corp. v. U.S., Cl.Ct.1986, 9 Cl.Ct. 450. Federal Courts 🔑 1145

11. ---- Condemnation and eminent domain claims, similarity of claims

District court action in which railroad sought declaration that it had right to develop property free of any restrictive covenant did not preclude Court of Federal Claims from taking jurisdiction in railroad's action seeking money damages for breach of contract and taking under Fifth Amendment, since suits did not seek same relief. Richmond, Fredericksburg & Potomac R. Co. v. U.S., C.A.Fed.1996, 75 F.3d 648. Federal Courts 🔑 1145

Statute divesting the Court of Federal Claims of jurisdiction over a claim against the United States which is pending in another court was not applicable to divest the Court of jurisdiction over taking claim based on installation and maintenance of ground-water monitoring wells on portion of property contaminated by releases of liquid waste from adjacent naval airfield, on ground that district court case pending on appeal asserted same claim; district court suit was based on the contamination of the property, not the subsequent installation of the wells, and it did not seek the same relief. Heritage Minerals, Inc. v. U.S., Fed.Cl.2006, 71 Fed.Cl. 710. Federal Courts🔑 1145

Statute barring jurisdiction by Court of Federal Claims over claims "for or in respect to" which plaintiff has pending in another court suit against United States did not divest court of jurisdiction in action seeking request for compensation due to alleged improper taking under Fifth Amendment, despite pendency in district court of request for declaratory and injunctive relief based on same operative facts, notwithstanding catchall phrases requesting costs and any other appropriate relief or any other relief which may have been just and necessary; type of relief sought in the two complaints was distinguishable. Marks v. U.S., Fed.Cl.1995, 34 Fed.Cl. 387, affirmed 116 F.3d 1496, rehearing denied, in banc suggestion declined, certiorari denied 118 S.Ct. 852, 522 U.S. 1075, 139 L.Ed.2d 753. Federal Courts 🔑 1145

Court of Federal Claims would not set aside judgment in owners' takings claim arising out of Surface Mining Control and Reclamation Act, notwithstanding federal government's contention that Court of Federal Claims lacked jurisdiction as owners' citizens' action to compel exchange of coal tracts was pending in another court; Court of Appeals for Federal Circuit found in previous appeal in case that Court of Federal Claims jurisdiction, owners'

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

claims for just compensation and for exchange of coal tracts did not arise out of same set of operative facts, and, at time judgment was entered, case calling jurisdiction into question had not yet been decided. Whitney Benefits, Inc. v. U.S., Fed.Cl.1994, 31 Fed.Cl. 116. Eminent Domain 🔑 262(2); Federal Courts 🔑 1121

Plaintiff's quiet title action pending in federal court when plaintiff filed action in court of federal claims for inverse condemnation divested federal court of claims of jurisdiction under statute providing that Court of Federal Claims shall not have jurisdiction of any claim in respect to which plaintiff has pending in any other court any suit against United States; the two actions were based on same underlying facts. Donnelly v. U.S., Fed.Cl.1993, 28 Fed.Cl. 62 . Federal Courts 🔑 1145

Taking claim in Court of Federal Claims and later mandamus action in district court, seeking to require Secretary of Agriculture to complete road access permitting process in timely manner, arose out of the same occurrence, the regulatory prohibition of motorized access to plaintiff's property; thus, Court of Federal Claims lacked subject matter jurisdiction after mandamus action was filed despite contention that the facts of the two cases were "mutually exclusive" in that determination of taking or no taking by one court would leave no issues for the other. Cascade Development Co., Inc. v. U.S., Fed.Cl.1993, 27 Fed.Cl. 595, vacated 47 F.3d 1184. Federal Courts🔑 1146

Statute divesting Claims Court [now United States Court of Federal Claims] of jurisdiction over claims against the United States where plaintiff has prior pending suit in another court did not preclude Claims Court from retaining jurisdiction of a just compensation claim while relief was sought in district court as to equitable claims arising from the same subject matter. Froudi v. U.S., Cl.Ct.1991, 22 Cl.Ct. 290, reconsideration denied 22 Cl.Ct. 647. Federal Courts 🔑 1145

Claims Court [now United States Court of Federal Claims] would retain jurisdiction over eminent domain claim that was also the subject of mandatory counterclaim pending in federal district court; though the same operative facts were involved, district court would not necessarily be able to award full monetary relief. Webb & Associates, Inc. v. U.S., Cl.Ct.1990, 19 Cl.Ct. 650. Federal Courts 🔑 1145

An inverse condemnation action had to be dismissed by the Claims Court [now United States Court of Federal Claims] for lack of jurisdiction due to the plaintiff's contemporaneous filing of a complaint under the Federal Tort Claims Act in district court arising from the same set of operative facts and seeking the same type of relief, even though the result of the dismissal was to deny the plaintiff the opportunity to fully recover damages they may have suffered as result of government action. National Union Fire Ins. Co. v. U.S., Cl.Ct.1989, 19 Cl.Ct. 188. Federal Courts 🔑 1145

In an action for just compensation for the taking of gold mines where the Supreme Court subsequently decided the claim adversely to plaintiff and plaintiff seeks to amend its petition to claim a refund of interest which it had to pay on its loan from the Reconstruction Finance Corporation during the period of the shutdown of its mines, and where a similar claim against the Reconstruction Finance Corporation is pending in another court, this court is deprived of jurisdiction under this section. Brinker-Johnson Co. v. U.S., Ct.Cl.1959, 144 Ct.Cl. 489. Federal Courts 🔑 1145

12. ---- Contract claims, similarity of claims

Statute divesting the Court of Federal Claims of jurisdiction to hear claims when a plaintiff has a pending similar lawsuit against the United States in any other court was not applicable to divest the Court of jurisdiction to hear pre-bid protest filed by contractor, on ground that contractor had filed similar suit in district court; suits were not based on the same operative facts since district court suit was based on rulemaking by contracting agency, and suits did not seek the same relief. Fire-Trol Holdings, LLC v. U.S., Fed.Cl.2005, 65 Fed.Cl. 32. Federal Courts🔑 1145

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Under statute precluding concurrent jurisdiction, Court of Federal Claims lacked jurisdiction over contractor's complaint that government "reverse engineered" part it supplied in violation of contracts and non-disclosure agreements, and wrongfully disclosed technical data to other contractors, where complaint alleged substantially the same operative facts as those alleged in contractor's prior complaint pending in the United States District Court for the Central District of California. HiRel Connectors, Inc. v. U.S., Fed.Cl.2006, 70 Fed.Cl. 239. Federal Courts 1145

Statute prohibiting simultaneous identical litigation against United States in the Court of Federal Claims and another court was applicable to deprive Court of jurisdiction over suit by contractor against the United States seeking specific performance of settlement agreement, and damages for breach thereof, where contractor filed similar, related action on the same day in district court which arose from the same operative facts and which sought the same relief of specific performance and damages, albeit contractor did not demand a sum certain as it did in suit filed in the Court of Federal Claims. Lan-Dale Co. v. U.S., Fed.Cl.2004, 60 Fed.Cl. 299. Federal Courts 1145

Issue preclusion did not bar second action on government logging contract, disputing contracting officer's unilateral decision to delete area where northern spotted owl nest was discovered from contract, in that dismissal of first suit was affirmed based solely on statute precluding jurisdiction of any claim another suit by logging company was pending in district court; determination on contract dispute was not "necessary and essential" to previous judgment. Janicki Logging Co., Inc. v. U.S., Fed.Cl.1996, 36 Fed.Cl. 338, affirmed 124 F.3d 226. Judgment 724

Court of Federal Claims was not precluded from hearing action seeking monetary damages for Federal Deposit Insurance Corporation's (FDIC) breach of contract by virtue of claim in another court arising from same operative facts, where other suit sought equitable forms of relief such as declaratory judgment and accounting. Slattery v. U.S., Fed.Cl.1996, 35 Fed.Cl. 180. Federal Courts 1145

Surety's maintenance of appeal in Court of Appeals did not act as jurisdictional bar to claimant's suit against United States in Court of Federal Claims arising out of same operative facts since contractor was not "plaintiff" in surety's suit and, in fact, was named defendant; statutory jurisdictional bar was inapplicable even if federal court rendered favorable judgment for surety from which contractor would clearly benefit; moreover, some operative facts and requests for relief differed so as to preclude contractor's and surety's claims from being deemed similar. Marshall Associated Contractors, Inc. v. U.S., Fed.Cl.1994, 31 Fed.Cl. 809. Federal Courts 1145

Surety's maintenance of appeal in Court of Appeals did not act as jurisdictional bar to claimant's suit against United States in Court of Federal Claims arising out of same operative facts since contractor was not "plaintiff" in surety's suit and, in fact, was named defendant; statutory jurisdictional bar was inapplicable even if federal court rendered favorable judgment for surety from which contractor would clearly benefit; moreover, some operative facts and requests for relief differed so as to preclude contractor's and surety's claims from being deemed similar. Marshall Associated Contractors, Inc. v. U.S., Fed.Cl.1994, 31 Fed.Cl. 809. Federal Courts 1145

Pending suit in district court raising constitutional claims and challenges to federal statutes was not "same claim" for purposes of statutory bar to jurisdiction by Court of Federal Claims in Navy shipbuilding contract dispute consisting only of contractual claim. McDermott Inc. v. U.S., Fed.Cl.1994, 30 Fed.Cl. 332.

Court of Federal Claims lacked subject matter jurisdiction over claims by borrower and guarantor against FDIC for breach of covenants of good faith and fair dealing and breach of financing agreement where claims were same as those asserted as defenses and counterclaims in suit brought by FDIC in the district court; fact that compulsory counterclaim rule required that claims to be asserted in district court did not allow Court of Federal Claims to extend its jurisdiction after borrower appealed district court's dismissal. Hulsey v. U.S., Fed.Cl.1993, 28 Fed.Cl. 75 . Federal Courts 1145

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Claims Court [now United States Court of Federal Claims] would not dismiss action brought by winners of competition to design war memorial alleging breach of contract on ground that designers had filed case in federal district court against agency sponsoring competition and architectural/engineering firm which was to build memorial given that law on statute limiting Claims Court's jurisdiction when there are pending federal cases was unsettled and district court had rejected designers' argument which was raised in Claims Court. Lucas v. U.S., Cl.Ct.1992, 25 Cl.Ct. 298. Federal Courts 🔑 1139

Claims Court [now United States Court of Federal Claims] would not retain jurisdiction over breach of contract and Wherry Military Housing Act claims, as Tort Claims Act counterclaim pending in federal district court involved the same set of operative facts and the same relief was available. Webb & Associates, Inc. v. U.S., Cl.Ct.1990, 19 Cl.Ct. 650. Federal Courts 🔑 1145

United States Claims Court [now United States Court of Federal Claims] had jurisdiction to review Armed Services Board of Contract Appeals decisions which deferred any hearing on merits of plaintiff's claim against United States, notwithstanding pendency of Italian civil court action for monetary damages arising from same underlying facts. Cantieri Rovina v. U.S., Cl.Ct.1986, 10 Cl.Ct. 634. United States 🔑 73(15)

For purposes of 28 U.S.C.A. § 1500, which provides that Claims Court [now United States Court of Federal Claims] lacks jurisdiction when duplicative claims are filed, claim involved in pending sex discrimination action in district court by discharged female army reservist was the same as that pending before the claims court, notwithstanding that relief sought in district court requested declaration that defendants unlawfully discriminated against reservist because of her sex, where the reservist was basically alleging gender based discrimination in employment of breach of contract in both actions, and each action requested essentially the same type of relief. Hill v. U.S., Cl.Ct.1985, 8 Cl.Ct. 382. Federal Courts 🔑 1145

Claims Court [now United States Court of Federal Claims] lacked jurisdiction over claims against Farmers Home Administration for breach of contract arising out of its failure to discover defects in home constructed with rural housing loan where the claims had first been filed in federal district court and, to avoid statute of limitations problems, case would be transferred back to district court. Martin v. U.S., Cl.Ct.1985, 7 Cl.Ct. 287. Federal Courts 🔑 1145; Federal Courts 🔑 1158

13. ---- Declaratory relief, similarity of claims

Pendency of action by former classified civil service employee in a United States district court for reinstatement and a declaratory judgment that his discharge was wrongful did not affect jurisdiction of Court of Claims [now United States Court of Federal Claims] over suit to recover back salary from date of allegedly wrongful removal. Camero v. U. S., Ct.Cl.1965, 345 F.2d 798, 170 Ct.Cl. 490, supplemented 375 F.2d 777, 179 Ct.Cl. 520. Federal Courts 🔑 1145

Action by trustee for landlord brought in federal district court against mortgagee for a declaration of her rights pursuant to mortgage indenture between the parties and asking court to determine that continued occupancy of building by government, which had leased building, without payment of rent, rendered it and its agents trespassers and justified termination of lease by trustee and recovery of possession of the premises, did not under this section bar subsequent suit brought by trustee in Court of Claims [now United States Court of Federal Claims] against government, as lessee of building, for damages for alleged breach of lease. Meyer v. U.S., Ct.Cl.1958, 159 F.Supp. 333, 141 Ct.Cl. 537. Abatement And Revival 🔑 4

14. ---- Forfeiture claims, similarity of claims

Statute depriving Court of Federal Claims of jurisdiction over any claim against the United States with respect to which the plaintiff has an action pending in any other court was not applicable to bar suit brought by criminal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

defense attorney for breach of contract to transfer to him shares of stock owned by client which were forfeited in criminal proceeding; operative facts in breach of contract claim were not the same as those in criminal case and associated forfeiture and accounting for expenses reviews. Bailey v. U.S., Fed.Cl.2000, 46 Fed.Cl. 187. Federal Courts 🔑 1141

Automobile leasing company's action in federal district court challenging administrative forfeiture of one of its automobiles by agents of United States Drug Enforcement Administration precluded company from seeking monetary relief under Tucker Act in connection with same forfeiture in Claims Court [now United States Court of Federal Claims]; operative facts and money damages sought were identical, and only difference between two claims was absence in Claims Court action of alternative relief of automobile's return. Marshall Leasing, Inc. v. U.S., Cl.Ct.1987, 13 Cl.Ct. 368. Federal Courts 🔑 1145

15. ---- Indemnification claims, similarity of claims

Claims Court [now United States Court of Federal Claims] lacked jurisdiction over asbestos manufacturer's suit seeking indemnification from United States for amounts that it had paid or may have been liable to pay to individuals in settlement claims for injuries allegedly caused by exposure to asbestos-containing products, in view of earlier-filed action and third-party actions pending in district courts and involving same operative facts. Keene Corp. v. U.S., Cl.Ct.1987, 12 Cl.Ct. 197, affirmed 855 F.2d 1556, certiorari denied 109 S.Ct. 1342, 489 U.S. 1066, 103 L.Ed.2d 811. Federal Courts 🔑 1145

16. ---- Indian claims, similarity of claims

Where claims before Indian Claims Commission and claims before Court of Claims [now United States Court of Federal Claims], and issues involved in the claims, were similar if not identical, Court of Claims would, in view of its appellate jurisdiction over final determinations of the Commission, suspend further proceedings in Court of Claims, thus leaving Commission free to determine in first instance the questions raised, including scope of Commission's own jurisdiction. Gila River Pima-Maricopa Indian Community v. U.S., Ct.Cl.1956, 140 F.Supp. 776, 135 Ct.Cl. 180. Federal Courts 🔑 1102

Cherokee Nation's district court action arising out of construction of river navigation system did not involve same "claim" as action challenging Government's alleged breach of fiduciary duty by failure to survey tribal lands, failure to evict trespassers, and general mismanagement and, therefore, Claims Court [now United States Court of Federal Claims] had jurisdiction over breach of fiduciary duty claims. Cherokee Nation of Oklahoma v. U.S., Cl.Ct.1990, 21 Cl.Ct. 565. Abatement And Revival 🔑 8(2)

Indian students' tort claim against United States to recover for sexual molestation and assault by white teacher at school owned and operated by United States was pending suit that precluded Claims Court [now United States Court of Federal Claims] from exercising jurisdiction over students' subsequently filed claim for violating treaty provision that required United States to cause offender to be arrested and punished and to reimburse injured persons, if bad person among whites, subject to authority of United States, commits wrong against Indian; treaty claim arose from same set of facts surrounding firing and supervising of teacher. Benally v. U.S., Cl.Ct.1987, 14 Cl.Ct. 8. Federal Courts 🔑 1145

17. ---- Injunctive relief, similarity of claims

Suit in district court challenging denial of wetlands fill permit by the Army Corps of Engineers did not present same "claim" as that presented in Court of Federal Claims arising from the same denial, and thus latter court was not deprived of jurisdiction, even granting that the two suits arose from the same operative facts, and though both referred to a "taking" and sought relief "declaring" that action of the government was improper, as the suits prayed for distinctly different relief in that full relief could have been granted in district court by mandatory injunction and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

in Court of Federal Claims by money damages, without either "declaring" anything; prayers for relief conveyed requests different from formal declaration under Declaratory Judgment Act and "taking" reference in district court suit was ruled to be without significance. Loveladies Harbor, Inc. v. U.S., C.A.Fed.1994, 27 F.3d 1545. Federal Courts 🔑 1145

Though Claims Court [now United States Court of Federal Claims] had jurisdiction concurrent with that of the district courts over section 1491 of this title government contract claim for injunctive relief prior to awarding of such contract, once suit was filed in federal district court, Claims Court was precluded from exercising jurisdiction; hence, Claims Court could not accommodate district court order, made without dismissing the district court action, the plaintiffs file duplicate action in Claims Court seeking the same relief as that sought in district court, and Claims Court complaint would accordingly be dismissed. National Steel and Shipbuilding Co. v. U.S., Cl.Ct.1985, 8 Cl.Ct. 274. Federal Courts 🔑 1145

Where bidder on government contract which had been "set aside" for small business had previously filed action in district court challenging Small Business Administration determination that it was not qualified bidder, such action was pending when bidder filed complaint in Claims Court [now United States Court of Federal Claims], and same injunctive and declaratory relief was sought in each case, Claims Court had no jurisdiction to proceed in matter. A.C. Seeman, Inc. v. U.S., Cl.Ct.1984, 5 Cl.Ct. 386. Federal Courts 🔑 1145

A suit for restoration of position is an entirely different cause of action than a suit for back pay and plaintiff is not barred by this section, from asserting a claim for salary in the Court of Claims [now United States Court of Federal Claims] while a suit for injunctive relief is pending in the district court or court of appeals. Casman v. U.S., Ct.Cl.1956, 135 Ct.Cl. 647. Federal Courts 🔑 1135

18. ---- Tax claims, similarity of claims

Pursuant to jurisdictional statute barring parallel proceedings against the United States, Court of Federal Claims lacked subject matter jurisdiction over income tax refund claims involving 1987 and 1988 tax years, where taxpayers appealed Bankruptcy Court's determination of their income tax liabilities for those years, and appeal was pending when taxpayers filed their complaint in the Court of Federal Claims. Snyder v. U.S., Fed.Cl.2005, 63 Fed.Cl. 762. Federal Courts 🔑 1145

Pendency of tax claims in other courts as of date of filing complaint in Court of Federal Claims prevented Court of Federal Claims from exercising jurisdiction over case, where, in all three cases, taxpayer alleged that Internal Revenue Service (IRS) agents' actions in administering income tax lien and seizing her property violated her due process rights and taxpayer sought same relief in form of money damages against government. Sanders v. U.S., Fed.Cl.1995, 34 Fed.Cl. 38, appeal dismissed 77 F.3d 502. Federal Courts 🔑 1145

Secured party's claim against United States based on conduct of Internal Revenue Service (IRS) with respect to levies on collateral in form of accounts receivable was based on same operative facts and was same as pending district court claim to recover levied funds from United States Postal Service (USPS); thus, Court of Federal Claims lacked subject matter jurisdiction. Allstate Financial Corp. v. U.S., Fed.Cl.1993, 29 Fed.Cl. 366. Federal Courts 🔑 1145

Claims Court [now United States Court of Federal Claims] lacked jurisdiction over tax refund suit over which district court retained jurisdiction. Johnson City Medical Center Hosp. v. U.S., Cl.Ct.1990, 20 Cl.Ct. 515. Federal Courts 🔑 1145

19. ---- Tort claims, similarity of claims

Claims court [now United States Court of Federal Claims] did not have jurisdiction over claims of asbestos

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

products suppliers and manufacturers against United States, seeking indemnification against liabilities incurred in personal injury suits brought against them by shipyard workers exposed to asbestos, where claims involving same underlying facts were pending in other courts at time indemnity claims were filed in claims court. UNR Industries, Inc. v. U.S., C.A.Fed.1992, 962 F.2d 1013, certiorari granted 113 S.Ct. 373, 506 U.S. 939, 121 L.Ed.2d 285, affirmed 113 S.Ct. 2035, 508 U.S. 200, 124 L.Ed.2d 118. Federal Courts 🔑 1146

When a plaintiff has a tort claim pending in a district court, the jurisdiction of the court of claims [now United States Court of Federal Claims] over an inverse condemnation claim arising out of the same facts is not affected since the latter claim is not the same as the former. Sanborn v. U.S., E.D.Cal.1977, 453 F.Supp. 651.

Lessor's claim in Court of Federal Claims, alleging that General Services Administration (GSA) and Immigration and Naturalization Service (INS) breached lease for office space to operate new and legal amnesty program and lessor's claim in federal district court, seeking damages caused by alleged tortious conduct of GSA, INS and its invitees, constituted the "same claim" for purposes of statute depriving Court of Federal Claims of jurisdiction over claim of plaintiff who has action pending in any other court for or in respect to the same claim; all of lessor's claims were inextricably linked to the same grievance, the presence and activity of INS invitees on the premises resulted in economic loss to lessor, and although lessor's alternative efforts to recover for that loss may have relied on different legal theories, they amounted to the "same claim." One Day Paint & Body Centers, Inc. v. U.S., Fed.Cl.1993, 29 Fed.Cl. 153. Federal Courts 🔑 1145

For purposes of statute divesting Claims Court [now United States Court of Federal Claims] of jurisdiction over claims against United States which plaintiff has pending in another court, construction company's contract claim against Corps of Army Engineers concerning construction of earthen levee was same claim company had brought in a district court as a tort action where basic operative facts underlying each action were substantially the same. Hardwick Bros. Co., II v. U.S., Cl.Ct.1992, 26 Cl.Ct. 884, reversed 72 F.3d 883, on remand 36 Fed.Cl. 347. Federal Courts 🔑 1146

Ranch owners' claims asserted in district court and Claims Court [now United States Court of Federal Claims] both arose out of same underlying facts, that Navy's low-level supersonic overflights and weapons use destroyed home and business, and Claims Court was accordingly deprived of jurisdiction over ranch owners' action, pursuant to statute depriving Claims Court of jurisdiction of claim for which suit is pending in another court, although suit was in tort in one court and under Constitution in the other; monetary remedy requested in the two actions was duplicative in that the property claims significantly overlapped, and the claims solicited the same money damages, instead of asking for two different types of relief. Nonella v. U.S., Cl.Ct.1989, 16 Cl.Ct. 290. Federal Courts🔑 1145

Prior tort suit against the United States initiated by plaintiffs in district court prior to breach of contract action against the United States brought by plaintiffs in the Claims Court [now United States Court of Federal Claims] precluded subject matter jurisdiction of Claims Court, where both complaints sought the same damages for precisely the same set of operative facts. Chavez v. U.S., Cl.Ct.1988, 14 Cl.Ct. 212. Federal Courts 🔑 1144

United States Claims Court [now United States Court of Federal Claims] did not have jurisdiction over contract claims relating to Farmers Home Administration foreclosure on plaintiffs' ranch where plaintiffs had previously filed district court action which alleged identical facts and sought same relief, notwithstanding that district court action sounded in negligence and promissory or equitable estoppel. Dwyer v. U.S., Cl.Ct.1985, 7 Cl.Ct. 565. Federal Courts 🔑 1145

Where the only distinction between two suits, one instituted in the United States district court against an agent of the United States and the other instituted in the Court of Claims [now United States Court of Federal Claims] against the United States, is that the action in the district court was made to sound in tort and the action in the Court of Claims was alleged on contract, the facts existing and operating in both cases being the same, the Court of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Claims is without jurisdiction, the case in the district court having been prosecuted to a conclusion. British American Tobacco Co. v. U.S., Ct.Cl.1939, 89 Ct.Cl. 438, certiorari denied 60 S.Ct. 974, 310 U.S. 627, 84 L.Ed. 1398. Courts 🔑 521

20. ---- Miscellaneous claims, similarity of claims

Federal employee's Equal Pay Act claim in the Court of Federal Claims was the same claim as her Title VII claim that was pending in district court for purposes of statute barring Court of Federal Claims from exercising jurisdiction when same claim is pending in another court; Equal Pay Act claim and Title VII claim both arose out of the Air Force's alleged sexual discrimination by payment of lesser compensation to women than to men for the same or substantially equal work, and both claims sought money damages. Harbuck v. U.S., C.A.Fed.2004, 378 F.3d 1324, rehearing and rehearing en banc denied, certiorari denied 125 S.Ct. 1386, 543 U.S. 1153, 161 L.Ed.2d 118, rehearing denied, rehearing denied 125 S.Ct. 1831, 544 U.S. 993, 161 L.Ed.2d 758. Federal Courts 🔑 1145

Statute divesting Court of Federal Claims of jurisdiction over a claim against the United States if the same claim is pending in any other court was applicable to bar claims that government breached settlement agreement, where claims arose from the same set of operative facts and sought the same relief as United States District Court action, and District Court had jurisdiction over virtually identical claims at time suit was filed in the Court of Federal Claims. Hall v. U.S., Fed.Cl.2006, 2006 WL 3093979. Federal Courts 🔑 1145

For purposes of statute barring jurisdiction in the Court of Federal Claims if the same claim against the United States is pending in another court, temporary taking claim asserted in the Court of Federal Claims was the same claim as previously asserted in federal district court on different legal theories, as both claims arose from the same operative facts arising from the government's reconstruction of ponds on public land adjacent to plaintiff's property, and both claims sought the same relief in the form of money damages. Forsgren v. U.S., Fed.Cl.2006, 73 Fed.Cl. 135. Federal Courts 🔑 1145

Statute precluding jurisdiction in the Court of Federal Claims when same claim against the United States is pending in another court barred complaint of bidder seeking declaratory and injunctive relief from decision of the Small Business Administration (SBA) finding that competing bidder was an eligible small business, as same claim was pending in an appeal by bidder to the Federal Circuit; in both actions, bidder sought ruling that it was the only eligible small business to receive and perform the subject contract, and both actions involved same underlying facts. Chapman Law Firm Co. v. U.S., Fed.Cl.2006, 72 Fed.Cl. 14. Federal Courts 🔑 1145

Statute divesting the Court of Federal Claims of jurisdiction over a claim against the United States which is pending in another court was not applicable to divest the Court of jurisdiction over taking claim based on installation and maintenance of ground-water monitoring wells on portion of property contaminated by releases of liquid waste from adjacent naval airfield, on ground that district court case pending on appeal asserted same claim; district court suit was based on the contamination of the property, not the subsequent installation of the wells, and it did not seek the same relief. Heritage Minerals, Inc. v. U.S., Fed.Cl.2006, 71 Fed.Cl. 710. Federal Courts🔑 1145

Federal employee's Equal Pay Act claim in the Court of Federal Claims was the same claim as her Title VII claim that was pending in district court for purposes of statute barring Court of Federal Claims from exercising jurisdiction when same claim is pending in another court; Equal Pay Act claim and Title VII claim both arose out of the same operative facts involved in employee's allegation that the Navy failed to pay her at the same GS-grade as her male predecessor, and both claims sought money damages. De Leon v. U.S., Fed.Cl.2005, 69 Fed.Cl. 336. Federal Courts 🔑 1145

Action challenging the Federal Deposit Insurance Corporation's (FDIC) assessment against a sister bank under the cost guarantee provision of the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) did not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

arise out of same core of operative facts, and was not one over which the Court of Federal Claims had to decline jurisdiction based on other pending action challenging alleged fraudulent transfers between banks; other action did not address FDIC's assessment and was not based on the "same claim." Branch v. U.S., Fed.Cl.1993, 29 Fed.Cl. 606. Federal Courts 🔑 1145

21. Persons acting under authority of United States

Where plaintiff purchased from German corporation Army surplus property and the American Army refused to allow the plaintiff to remove it and plaintiff sued in German courts because Army refused to turn over property to plaintiff, Court of Claims [now United States Court of Federal Claims] was not without jurisdiction under this section of plaintiff's suit against the government for compensation for the taking, on the ground that defendant in plaintiff's German suit was the "person acting under authority of the United States", where German corporation was an agency of the German government, but neither that corporation nor its government was an agency of the United States. Oakland Truck Sales, Inc. v. U.S., Ct.Cl.1957, 149 F.Supp. 902, 138 Ct.Cl. 63. Federal Courts 🔑 1073.1

When Reconstruction Finance Corporation acts within its statutory authority, it contracts both in its corporate capacity and as agent of United States, and aggrieved contractor with Reconstruction Finance Corporation may bring his cause of action either in district court against corporation or in Court of Claims [now United States Court of Federal Claims] against United States, but contractor is prohibited from bringing suit on same cause of action or claim in both courts because of the prohibition of this section. National Cored Forgings Co. v. U.S., Ct.Cl.1955, 132 F.Supp. 454, 132 Ct.Cl. 11. Federal Courts 🔑 1139

Where plaintiffs had pending in the district court a suit against the United States Shipping Board Fleet Corporation, and the petition in the district court did not allege that the cause of action arose against a person acting or professing to act under the authority of the United States, and it did not appear that such defendant could act only under the authority of the United States, the Court of Claims [now United States Court of Federal Claims] had jurisdiction under former § 260 of this title. First Nat. S.S. Co. v. U.S., Ct.Cl.1940, 90 Ct.Cl. 632. Courts 🔑 449(1)

22. Dismissal of Court of Federal Claims action

Plaintiffs' motion for reconsideration seeking to modify dismissal with prejudice to one without prejudice would be granted, notwithstanding that case was dismissed by the Court of Federal Claims pursuant to statute precluding concurrent jurisdiction over case pending in district court, and statute of limitations would bar plaintiffs from refiling complaint in the Court, where plaintiffs could seek to reinstate their district court complaint and subsequently seek transfer of case to the Court of Federal Claims. Forsgren v. U.S., Fed.Cl.2006, 2006 WL 3333780. Federal Courts 🔑 1121

Court of Federal Claims lacked jurisdiction to entertain claims challenging denial of a motion for default judgment by a federal district court. Whyte v. U.S., Fed.Cl.2004, 59 Fed.Cl. 493. Federal Courts 🔑 1151

Although Claims Court [now United States Court of Federal Claims] was required to dismiss claim which was virtually identical in both factual allegations and relief sought to suit pending in district court, dismissal was without prejudice and was with litigant's unfettered right to return the claim to the docket of the court nunc pro tunc with no additional filing fee, should district court determine that it lacked jurisdiction over claim. Connecticut Dept. of Children and Youth Services v. U.S., Cl.Ct.1989, 16 Cl.Ct. 102. Federal Courts 🔑 1101

Upon determination that earlier-filed claims pending in district court precluded exercise of jurisdiction over Claims Court [now United States Court of Federal Claims] actions, plaintiff was entitled to 60 days to start the process or obtain dismissal of earlier-filed claims before Claims Court complaints were dismissed. Keene Corp. v. U.S.,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cl.Ct.1987, 12 Cl.Ct. 197, affirmed 855 F.2d 1556, certiorari denied 109 S.Ct. 1342, 489 U.S. 1066, 103 L.Ed.2d 811. Federal Courts 🔑 1101

23. Stay of Court of Federal Claims action

Court of Federal Claims was bound by decision of Federal Circuit determining that Court of Federal Claims had no jurisdiction over claim and, thus, Court of Federal Claims could not stay or suspend its decision pending review of Federal Circuit decision by Supreme Court but rather had to dismiss as soon as it became aware of jurisdictional deficiency. Dico, Inc. v. U.S., Fed.Cl.1993, 33 Fed.Cl. 1, affirmed 48 F.3d 1199. Courts 🔑 96(7); Federal Courts 🔑 1101

Discharged federal employee's action in Claims Court [now United States Court of Federal Claims] seeking monetary relief for alleged wrongful and unwarranted removal would be stayed pending determination of employee's action in federal district court seeking reinstatement and other nonmonetary relief where it was conceivable that inconsistent judgments could be entered if both courts proceeded simultaneously. Armstrong v. U.S., Cl.Ct.1984, 4 Cl.Ct. 269. Federal Courts 🔑 1148

24. Necessity of objections to jurisdiction

Under statute prohibiting simultaneous dual litigation against United States in Claims Court [now United States Court of Federal Claims] and another court, if same claim is pending in another court at time complaint is filed in claims court, claims court has no jurisdiction, regardless of when objection is raised or acted on; overruling *Tecon Engineers, Inc. v. U.S.*, 343 F.2d 943. UNR Industries, Inc. v. U.S., C.A.Fed.1992, 962 F.2d 1013, certiorari granted 113 S.Ct. 373, 506 U.S. 939, 121 L.Ed.2d 285, affirmed 113 S.Ct. 2035, 508 U.S. 200, 124 L.Ed.2d 118. Federal Courts 🔑 1146

25. Res judicata

Under statute prohibiting simultaneous dual litigation against United States in Claims Court [now United States Court of Federal Claims] and another court, if same claim has been finally disposed of by another court before complaint is filed by claims court, ordinary rules of res judicata and available defenses apply. UNR Industries, Inc. v. U.S., C.A.Fed.1992, 962 F.2d 1013, certiorari granted 113 S.Ct. 373, 506 U.S. 939, 121 L.Ed.2d 285, affirmed 113 S.Ct. 2035, 508 U.S. 200, 124 L.Ed.2d 118. Federal Courts 🔑 1146; Judgment 🔑 644

26. Tolling of limitations

Six-year statute of limitations on suits against the United States in the Court of Federal Claims was not tolled during four and one-half years plaintiff pursued claim in federal district court before bringing same claim in the Court of Federal Claims, by operation of statute precluding jurisdiction in the Court of Federal Claims if the same claim is pending or is filed simultaneously in federal District Court at the time the complaint is filed in the Court of Federal Claims, as statute is not a tolling provision. Bianchi v. U.S., Fed.Cl.2005, 68 Fed.Cl. 442, appeal filed. Federal Courts 🔑 1106

28 U.S.C.A. § 1500, **28 USCA** § **1500**

Current through P.L. 110-25 approved 05-08-07

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Copr. © 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Salt River Pima-Maricopa Indian Comm., et al. v. U.S.
Ct.Cl., 1982

United States Court of Claims
salt river pima-maricopa indian community, et al.
v.
the united states
**No. 291**

July 2, 1982

On July 2, 1982, the court entered final judgment for plaintiff, based on a stipulation of the parties, in the amount of $13,000,000.

Ct.Cl., 1982
Salt River Pima-Maricopa Indian Community v. U.S.
231 Ct.Cl. 1057, 1982 WL 31857 (Ct.Cl.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

26 Cl.Ct. 201
**(Cite as: 26 Cl.Ct. 201)**

C
Salt River Pima-Maricopa Indian Community v. U.S.
Cl.Ct.,1992.

United States Claims Court.
SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, Plaintiff,
v.
The UNITED STATES, Defendant.
**No. 229-89L.**

May 11, 1992.

Tribe brought suit under Salt River Pima-Maricopa Indian Community Water Rights Settlement Act for damages arising out of alleged mismanagement of Community's water resources. On order to show cause why case should not be dismissed, the Claims Court, Bruggink, J., held that: (1) United States had no statutory or fiduciary duty to deliver water, and (2) Act did not create substantive right to money damages.

Dismissed.
West Headnotes
**[1] United States 393 105**

393 United States
393VIII Claims Against United States
393k105 k. Claims Under Indian Treaties or Statutes for Relief of Indians. Most Cited Cases
United States had no fiduciary obligation or trust relationship with respect to delivery of water to Indian tribe lands under Salt River Pima-Maricopa Indian Community Water Rights Settlement Act and water management statutes and regulations since United States did not have extensive custody over Indian lands. Salt River Pima-Maricopa Indian Community Water Rights Settlement Act of 1988, § § 1 et seq., 10(a)(1, 4), (b)(2), 102 Stat. 2549; 28 U.S.C.A. § 2501.

**[2] United States 393 105**

393 United States
393VIII Claims Against United States
393k105 k. Claims Under Indian Treaties or Statutes for Relief of Indians. Most Cited Cases
Salt River Pima-Maricopa Indian Community Water Rights Settlement Act did not provide Tribe with substitute right to money damages for alleged mismanagement of Community's water resources since Act merely extended statute of limitations; there was no promise to pay Tribe. 28 U.S.C.A. §§ 1346, 1491; Salt River Pima-Maricopa Indian Community Water Rights Settlement Act of 1988, § 10(b)(2), 102 Stat. 2549.

***201** Philip J. Shea, Phoenix, Ariz., for plaintiff.
R. Anthony Rogers, with whom was Acting Asst. Atty. Gen. Barry M. Hartman, Washington, D.C., for defendant. William Swan, Office of Field Sol., Phoenix, Ariz., of counsel.

OPINION
BRUGGINK, Judge.
On January 23, 1992, the court ordered plaintiff to show cause as to why this case should not be dismissed on the basis of the decision in *Grey v. United States*, 21 Cl.Ct. 285 (1990), *aff'd*, 935 F.2d 281 (Fed.Cir.1991), *and cert. denied*, 502 U.S. 1057, 112 S.Ct. 934, 117 L.Ed.2d 105 (1992). The *Grey* plaintiffs were individual members of the Salt River Pima-Maricopa Indian Community (the "Tribe"). The plaintiff in this case is the Tribe itself. This case arises out of the same facts as *Grey*. After reviewing the papers submitted by the parties, we find that the reasoning from *Grey* is applicable here. Thus, the complaint in the instant case is dismissed for failure to state a claim.

BACKGROUND

In February 1988, the Tribe entered into the Salt River Pima-Maricopa Indian Community Water Rights Settlement Agreement***202** (the "Settlement

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Agreement") with a number of other parties. That agreement was an attempt to settle a lawsuit filed by the Tribe alleging, inter alia, mismanagement by the Department of the Interior of the Tribe's water resources. One of the terms of the agreement was the appropriation of $10 million to the Tribe. It was understood that the agreement would require legislation to be effective. *See* S.Rep. No. 495, 100th Cong., 2d Sess. 4-5 (1988).

In October 1988, Congress enacted the Salt River Pima-Maricopa Indian Community Water Rights Settlement Act, Pub.L. No. 100-512, 102 Stat. 2549 (1988) (the "Settlement Act" or "the Act"), to confirm the agreement. The Act extinguished the existing claims of the allottees and granted them consent to sue the United States in the Claims Court on those extinguished claims. Settlement Act §§ 10(a)(1), 10(a)(4). The Act did not mention any existing claims by the Tribe,[FN1] but provided that if the Tribe were to file suit in the Claims Court within two years of the Act's enactment, the United States could only assert an eight year statute of limitations rather than the six year statute provided for in 28 U.S.C. § 2501. Settlement Act § 10(b)(2). Plaintiff's sole assertion here is that the Settlement Act itself created substantive rights to relief.

FN1. Defendant notes that the Tribe had settled its claims in 1982.

DISCUSSION

In *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) ("*Mitchell I* "), and *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("*Mitchell II* "), the Supreme Court established the analysis to be applied to determine whether a complaint states a claim for breach of statutory duty. In *Mitchell II*, the Court found that the collective effect of the various timber statutes and regulations at issue there was to create a special trust relationship between the United States and certain Indian tribes as to the management of the Indians' timber resources. *Mitchell II*, 463 U.S. at 222, 103 S.Ct. at 2970. Breach of that trust by the Government would trigger the right to compensation.

[1] The *Grey* plaintiffs argued that legislation dealing with irrigation of Indian lands gave rise to such a special trust relationship obligating the Government to deliver adequate amounts of water to the allottees. After a careful examination of the legislative and regulatory regime with regard to the supply of water to the Indians, we held in *Grey* that those enactments and regulations did not establish a fiduciary obligation by the Government to the allottees. *See Grey*, 21 Cl.Ct. at 293-96. Thus, the complaint did not allege a breach of a statutory duty. We also held that although the Settlement Act provided a forum for the resolution of the allottees' claims, it did not create any substantive right enforceable against the United States for money damages. In this way, the Settlement Act is similar to the Tucker Act; [FN2] it operates as a waiver of sovereign immunity, but only if the plaintiff can show a breach of a statutory duty. In an unpublished opinion, the Federal Circuit affirmed *Grey* and essentially adopted the reasoning therein. The Supreme Court denied certiorari.

FN2. 28 U.S.C. § 1491 (1988).

The complaint in this case is nearly identical to the *Grey* complaint. Both allege the existence of a duty of the Government to deliver water to Indian lands. In its response to the court's show-cause order, the Tribe cites no statute or case law to support its contention that the Tribe's case should be analyzed differently than the allottees' cases.[FN3] Nor does it attempt to distinguish the cases factually. Instead, the Tribe relies exclusively on the legislative history of the Settlement Act as support***203** for an argument that the Act creates a right to money damages in the Tribe.

FN3. As this court noted in *Grey:* "Claims brought by the tribes must be examined under the same analytical framework applied to allottee claims in this case. Absent some other statute providing a jurisdictional basis, it is highly unlikely that this court would find the Settlement

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Act established a substantive right in the tribe to recover." *Grey*, 21 Cl.Ct. at 298 n. 12.

[2] It is true that original language of the bill that later became the Settlement Act provided that the Government would pay the Tribe $10 million "in full and complete satisfaction of all claims of the [Tribe] against the United States...." S. 2153, 100th Cong., 2d Sess. § 10(b)(2) (1988). It was not passed in that form, however. The Department of Justice opposed that provision because it did not consider the Tribe's claims meritorious. Representatives of the administration indicated that the President would veto the legislation if the $10 million appropriation was not deleted. *Settlement of the Water Claims of the Salt River Pima-Maricopa Indian Community in Maricopa County, Arizona: Joint Hearing on S. 2153 and H.R. 4102 Before the Select Committee on Indian Affairs (Senate) and the Committee on Interior and Insular Affairs (House)*, 100th Cong., 2d Sess. 60-61 (1988) [hereinafter *Joint Hearing* ] (statement of James W. Ziglar, Assistant Secretary for Water and Science, Department of the Interior).

The Tribe, however, points to the negotiations that lead to the deletion. During the Joint Hearing, Senator DeConcini advised the Tribe's representative of the administration's concerns. The Senator then asked the Tribe if it would be willing to drop its request for $10 million in exchange for the right to pursue its claims in the Claims Court. Counsel for the Tribe replied that the Tribe was "completely prepared to work out an accommodation on this issue." *Joint Hearing, supra*, at 73. The Tribe contends that it accepted the Senator's offer and thus "struck a bargain" that it would be able to litigate its claims here. In the version of the Act signed by the President, the provision extending the statute of limitations from six to eight years was inserted in place of the provision appropriating $10 million.

There are three difficulties with plaintiff's analysis. The first has to do with the enforceability of an alleged agreement. Legislation is inherently the product of compromise. But courts are compelled to look only to those compromises that appear in writing, are adopted by both houses, and signed by the President. The Treasury cannot be vulnerable to promises that appear exclusively during negotiations to grease the passage of legislation, even if they are reflected in the legislative history.

The second problem with the plaintiff's argument is that there was no promise, implied or explicit, to pay the Tribe. Congressman Udall captured the essence of the compromise that was struck. In addressing counsel for the Tribe, he said:
Make no mistake about what Senator DeConcini talked about here. This $10 million is viewed with grave concern by the administration. It is the stuff veto messages are made of, and if we can handle it so your rights can be litigated in the Court of Claims, we would be in my judgment smart to go down that road.

*Joint Hearing, supra*, at 73 (statement of Congressman Udall). The administration was prepared to veto the bill on the basis of the $10 million appropriation because it did not feel that the Tribe's claims had any merit. *Id.* at 60-61. Rather than just extinguishing the Tribe's claims, Congress compromised and provided the Tribe with a forum to test those claims. The legislation did no more than put off the Tribe's claim. It certainly did not recognize rights where none existed, with the possible exception of the implied waiver of a defense of res judicata. Neither Senator DeConcini nor Congressman Udall offered an opinion as to whether the Tribe's claims arose out of a breach of a statutory duty. They simply proposed that the claims be kept alive for later determination by the Claims Court.

Finally, the Senator's "promises" were fulfilled. The Tribe was allowed to bring this suit, even though these claims were arguably settled in 1982. The Settlement Act clearly [FN4] and solely provided a forum in ***204** which the Tribe could present its claims. It did not create or acknowledge a substantive right to relief, as required by *Mitchell II.* Whatever substantive rights the Tribe had, therefore, pre-existed the Settlement Act. But as we held in *Grey*, there is no substantive basis for the Tribe's claims. The water management statutes and regulations at issue in this case do not grant the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

26 Cl.Ct. 201
**(Cite as: 26 Cl.Ct. 201)**

Government the same extensive custody over the Indian lands that the timber statutes granted to the Government in the *Mitchell* cases. Due to the much higher level of control the Indians in this case exercise over their lands, no fiduciary obligation or trust relationship attaches with respect to the delivery of water to those lands.

FN4. As the Seventh Circuit held in *Trustees of Iron Workers Local 473, Pension Trust v. Allied Products Corp.,* 872 F.2d 208, 213 (7th Cir.1989):
[T]he clear language should be the guide to congressional intent. Discarding the plain language of a statute in favor of committee reports or other legislative history ignores the realities of the legislative process. The crafting of specific language often reflects legislative compromise reached after hard fought battles over the means to reach even common goals. Courts should only reluctantly turn to legislative history for fear of upsetting the delicate balance reflected in a finally worded piece of legislation. In this case "the plain language" of the statute "is the best evidence of its meaning."
(citations omitted).

The language of the Settlement Act provides that the Tribe may file suit against the United States in the Claims Court. It has done so and failed *on the merits.* The Act does not create a new substantive right to money damages.

Plaintiff argues that a dismissal on jurisdictional grounds-i.e., "the court cannot hear such claims" -would be inconsistent with the assumptions behind the Act. The court agrees. The term "jurisdiction" is often applied too loosely when dealing with money claims against the Government. It is arguably incorrectly applied in cases where there is merely no showing of a substantive right to relief.
From the standpoint of subject matter jurisdiction, sovereign immunity has been waived when Congress creates a forum to hear certain types of claims, as it did in the Tucker Act. What is lacking in the perfection of the waiver of sovereign immunity is not jurisdiction in this court, but substance in the plaintiff's claim. In this case, the court has subject matter jurisdiction under the Tucker Act to hear non-frivolous claims based on a statute. The Tribe asserts such a claim. It has simply failed to show that it is *substantively* entitled to relief.[FN5]

FN5. In *Mitkof Lumber Co. v. United States*, 23 Cl.Ct. 383 (1991), we noted that the *Mitchell* cases and the cases cited therein "suggest a two-step analysis. If the claim that the statute can be fairly construed to mandate the payment of money is not frivolous, jurisdiction attaches. If there is jurisdiction, the inquiry then becomes whether the circumstances and the entity involved are within the coverage of the statute." *Mitkof,* 23 Cl.Ct. at 389. In this case, the Tribe's claim that the water management legislation creates a duty is not frivolous. *See Ralston Steel Corp. v. United States,* 340 F.2d 663, 667, 169 Ct.Cl. 119, 125, *cert. denied,* 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965) ("If the plaintiff asserts that his claim 'arises under' or is ' founded' on federal legislation or regulation 'to determine whether that claim is well founded,' the court 'must take jurisdiction, whether its ultimate resolution is to be in the affirmative or the negative.' " [citations omitted] ).

Because the Tribe's claim does not derive from a substantive right to money damages, it must be dismissed pursuant to RUSCC 12(b)(4) for failure to state claim upon which relief can be granted.
The Clerk is directed to dismiss the complaint. No costs.

Cl.Ct.,1992.
Salt River Pima-Maricopa Indian Community v. U.S.
26 Cl.Ct. 201

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.