# EXHIBIT B

C

# Department of the Interior
# Departmental Manual

**Effective Date:** 9/5/03
**Series:** Departmental Management
**Part 303:** Indian Trust Responsibilities
**Chapter 6:** Indian Fiduciary Trust Records

**Originating Office:** Office of the Special Trustee for American Indians

**303 DM 6**

6.1 **Purpose.** This chapter provides records management guidance for all Interior organizations in order to properly identify, manage, protect, and control Indian fiduciary trust records.

6.2 **Scope.** Indian fiduciary trust records are created, managed, or used by several organizations across Interior (e.g., Bureau of Indian Affairs (BIA), the Office of the Special Trustee for American Indians (OST), the Bureau of Land Management (BLM), Minerals Management Service (MMS), Bureau of Reclamation (BOR), the Office of Surface Mining (OSM)), as well as some offices falling directly under the Secretary (e.g., Office of the Solicitor). The provisions of this chapter are applicable only to Interior organizations that create, manage, or use Indian fiduciary trust records in the conduct of their business operations. Policy and guidance for Indian fiduciary trust records under the custody and control of compacted and contracted tribes will be negotiated and issued separately.

6.3 **Authorities.**

A. American Indian Trust Management Reform Act of 1994 (P.L. 103-412).

B. 44 U.S.C. 3101 & 3102 Federal Records Act.

C. Privacy Act of 1974, as amended (5 U.S.C. 552a).

6.4 **Policy.** All Interior offices and bureaus will evaluate their records to determine if they create, maintain or use Indian fiduciary trust records and ensure that all fiduciary trust records under their control are properly identified, inventoried, scheduled, and maintained in accordance with bureau and Office of Trust Records (OTR) records management policies and procedures for Indian fiduciary trust records.

6.5 **Objectives.** The guidance in this chapter will ensure that Interior organizations maintain and protect all Indian fiduciary trust records by:

A. Properly identifying, inventorying and scheduling all bureau and office specific Indian fiduciary trust records by record series and periodically reviewing and updating this inventory.

B. Establishing and maintaining an effective records management system consisting of the creation, maintenance and use, and disposition of Indian fiduciary trust records in accordance with bureau/office records retention/disposition schedules.

C. Preserving Indian fiduciary trust records in accordance with approved Departmental records retention procedures outlined in the Federal Records Act, 44 U.S.C. Chapters 21, 29, 31 and 33, with the BIA/OST records management policies and procedures established in the 16 Bureau of Indian Affairs Manual (BIAM), and/or with applicable unique bureau records schedules for Indian fiduciary trust records.

D. Safeguarding Indian fiduciary trust records as required under the Federal Records Act and the Privacy Act that are subject to inspection by the Federal courts, the Secretary of the Interior, and the Archivist of the United States.

6.6 **Responsibilities.**

A. The Special Trustee in accordance with the Secretary's Trust Principles shall "Maintain a verifiable system of records that is capable, at a minimum, of identifying:

(1) the location, the beneficiary, any legal encumbrances (i.e., leases, permits, etc.), the user of the resource, the rents and monies paid, if any, and the value of trust or restricted lands and resources;

(2) dates of collections, deposits, transfers, disbursements, third-party obligations (i.e., court ordered child support, judgments, etc.), amount of earnings, investment instruments, and closing of all trust fund accounts;

(3) documents pertaining to actions taken to prevent or compensate for any diminishment of the Indian trust assets; and

(4) documents that evidence the Department's actions regarding the management and disposition of Indian trust assets."

B. The Director, OTR, is responsible for the protection, preservation, inventory and storage of all of the Department's fiduciary trust records. OTR will provide:

(1) adequate policy, guidance, procedures, and technical assistance and training to all Interior organizations that create, manage, or use Indian fiduciary trust records;

(2) oversee the coordination of all Interior organization's identification and scheduling of Indian fiduciary trust records and serve as a central point of contact within Interior

for all Indian fiduciary trust records management: and

(3) provide training and technical assistance to bureaus and offices.

C. Bureau/Office Heads that create, manage or use Indian fiduciary trust records will ensure that all Indian fiduciary trust records under their control are properly identified, inventoried, scheduled, and maintained in accordance with bureau, office, and OTR records management policies and procedures for Indian fiduciary trust records.

D. Bureau/Office Records Officers shall ensure that their organization's Indian fiduciary trust records are identified, inventoried and reflected in the organization's National Archives and Records Administration (NARA) approved records retention/disposition schedule. They must also ensure that the inventory of trust records is reviewed and updated regularly to reflect accurate records in the custody and control of their organization.

6.7 **Definitions.**

A. Current records (also referred to as active records). Records necessary to conduct the current business of an office and therefore generally maintained in office space and equipment.

B. Decision Tree. A flow diagram depicting a decision process for determining specific outcomes. Decision trees are to be used by Interior organizations in determining if a record is or is not a fiduciary trust record.

C. Disposition. The actions taken regarding records no longer needed for current business. These actions include transfer to agency storage facilities or Federal Records Center (FRC), transfer from one Federal agency to another, transfer of permanent records to National Archives, and disposal of temporary records. (Refer to 16 Bureau of Indian Affairs Manual and the General Records Schedule (GRS) for disposition instructions)

D. Federal Records Center (FRC). A records center operated by NARA.

E. Fiduciary. Of, pertaining to, or involving one who holds something (e.g., property, money) in trust for another.

F. General Records Schedule (GRS). A NARA-issued schedule governing the disposition of specified records common to several or all agencies.

G. Index. A manual or automated listing arranged differently from a related record series or system to speed retrieval of relevant files.

H. Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints on alienation imposed by Federal law. For

purposes of this definition. ITA includes such lands or other natural resources.

I. Inventory. A detailed listing of the records (in this case Indian fiduciary trust records) created, managed, or used by an organization. The inventory specifically identifies each record by name/record series, identification number, or other type of identifying information.

J. Management. Solely for the purposes of defining a fiduciary trust record, and determining the associated records-preservation obligations, management means actions that control, govern, administer, supervise, or regulate the use or disposition of ITA.

K. National Archives and Records Administration (NARA). The Federal agency that serves as a custodian of historical records for the Federal government. It also provides guidance to Federal agencies on records management activities and storage for Federal records at its FRCs.

L. Noncurrent records (also referred to as inactive records). Records no longer required to conduct business and therefore ready for final disposition.

M. Nonrecord materials. U.S. Government-owned informational materials excluded from the legal definition of records or not meeting the requirements of that definition. It also includes extra copies of documents kept only for convenience of reference, stocks of publications and of processed documents, and library or museum material intended solely for reference and exhibition.

N. Records. Records are defined in 44 U.S.C. 3301 as "includes all books, papers, maps, photographs, machine-readable materials, or other documentary materials, regardless of physical form or characteristics, used in connection with the transaction of business and preserved or appropriate for preservation by an agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities because of the financial, historical, informational, and legal value contained in these documents."

O. Recordkeeping. The act or process of creating and maintaining records.

P. Records Management. The planning, controlling, directing, organizing, training, promoting and other managerial activities related to the creation, maintenance and use, and disposition of records to achieve adequate and proper documentation of Federal policies and transactions and effective and economical management of agency operations.

Q. 16 Bureau of Indian Affairs Manual (16 BIAM). The most recent OST/BIA-issued schedule containing detailed procedures, guidelines, and instructions necessary to create, maintain and dispose of records systematically, as required by the Federal Records Act.

6.8 **Procedures for Determining a Fiduciary Trust Record.** Decision trees are provided in Appendices 1-6 to this chapter for use in determining if a record is an Indian fiduciary trust record. The Bureau of Indian Affairs-Appendix 1, the Office of the Special Trustee for American Indians-Appendix 2, the Bureau of Land Management-Appendix 3, the Minerals Management

Service-Appendix 4, and the Office of Surface Mining-Appendix 5, each has a specific decision tree. All other bureaus and offices are covered by a general decision tree-Appendix 6.

A. Using the appropriate decision tree, each bureau or office will assess all records to identify, by record series, any and all records that meet the terms of the decision tree and that are Indian fiduciary trust records. The bureau will also complete and maintain a written inventory of all Indian fiduciary trust records by records series.

B. Bureaus and offices are responsible for ensuring that their records retention/disposition schedule includes a separate chapter or section clearly identifying all Indian fiduciary trust records with corresponding retention/disposition instructions. The Indian fiduciary trust records portion of each bureau/office records schedule must be coordinated with the OST, Office of Trust Records, prior to completion and submission to NARA for approval.

C. Annually, at the end of each fiscal year, each bureau/office shall reassess its records and update its inventory and records schedule for Indian fiduciary records. An updated inventory/schedule must be provided to the OST, Office of Trust Records, annually.

9/5/03 #3598
New

# *BIA - Is it a Fiduciary Trust Record?*




Notes:

(1) Federal Record includes all documentary materials, regardless of physical form or characteristics, made or received under Federal law or in transacting Government business (Short Definition) 44 U.S.C. 3301

(2) Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints or alienation imposed by federal law. For purposes of this definition, ITA includes such lands or other natural resources.

(3) For the purpose of defining fiduciary trust records, management includes actions that influence, affect, govern or control ITA.

* When in doubt whether a record is a trust record, err on the side of caution and treat the record as a trust record.

9/5/03 #3598
New

# OST - Is it a Fiduciary Trust Record?




Notes:

(1) Federal Record includes all documentary materials, regardless of physical form or characteristics, made or received under Federal law or in transacting Government business (Short Definition) 44 U.S.C. 3301

(2) Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints or alienation imposed by federal law. For purposes of this definition, ITA includes such lands or other natural resources.

(3) For the purpose of defining fiduciary trust records, management includes actions that influence, affect, govern or control ITA.

* When in doubt whether a record is a trust record, err on the side of caution and treat the record as a trust record.

# BLM - Is it a Fiduciary Trust Record?




Notes: (1) Federal Record includes all documentary materials, regardless of physical form or characteristics, made or received under Federal law or in transacting Government business (Short Definition) 44 U.S.C. 3301

(2) Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints or alienation imposed by federal law. For purposes of this definition, ITA includes such lands or other natural resources.

(3) For the purpose of defining fiduciary trust records, management includes actions that influence, affect, govern or control ITA.

* When in doubt whether a record is a trust record, err on the side of caution and treat the record as a trust record.

# *MMS - Is it a Fiduciary Trust Record?*




Notes: (1) Federal Record includes all documentary materials, regardless of physical form or characteristics, made or received under Federal law or in transacting Government business (Short Definition) 44 U.S.C. 3301

(2) Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints or alienation imposed by federal law. For purposes of this definition, ITA includes such lands or other natural resources.

(3) For the purpose of defining fiduciary trust records, management includes actions that influence, affect, govern or control ITA.

* When in doubt whether a record is a trust record, err on the side of caution and treat the record as a trust record.

9/5/03 #3598
New

# *OSM - Is it a Fiduciary Trust Record?*




Notes: (1) Federal Record includes all documentary materials, regardless of physical form or characteristics, made or received under Federal law or in transacting Government business (Short Definition) 44 U.S.C. 3301

(2) Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints or alienation imposed by federal law. For purposes of this definition, ITA includes such lands or other natural resources.

(3) For the purpose of defining fiduciary trust records, management includes actions that influence, affect, govern or control ITA.

* When in doubt whether a record is a trust record, err on the side of caution and treat the record as a trust record.

## *Other DOI Bureaus/Services - Is it a Fiduciary Trust Record?*




Notes: (1) Federal Record includes all documentary materials, regardless of physical form or characteristics, made or received under Federal law or in transacting Government business (Short Definition) 44 U.S.C. 3301

(2) Indian Trust Assets (ITA). ITA refers to particular lands, natural resources, monies or other assets held in trust at a particular time by the Federal Government for an Indian tribe, Alaska natives, or Indian individuals. Some lands or other natural resources may be owned by a tribe or Indian individual, subject to restraints or alienation imposed by federal law. For purposes of this definition, ITA includes such lands or other natural resources.

(3) For the purpose of defining fiduciary trust records, management includes actions that influence, affect, govern or control ITA.

* When in doubt whether a record is a trust record, err on the side of caution and treat the record as a trust record.

9/5/03 #3598
New

# EXHIBIT C

A

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

MAR 20 2002

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary of the Interior

Subject: Preservation of Tribal Trust Documents

Preserving Indian trust documents continues to be essential to the Department of the Interior. This Memorandum instructs all Interior employees to immediately preserve all documents, e-mail, and other records relating to Indian Tribal trust funds and Tribal trust assets, even if record retention schedules or other rules, manuals, or handbooks would allow their destruction. A number of Indian Tribes have filed lawsuits against the Federal Government and the Department of the Interior ("Interior") alleging a failure to properly account for Tribal trust funds and assets.

Pursuant to previous guidance related to the individual Indian trusts, all employees were directed to retain all documents relating to the following three areas: 1) American Indian trust reform, including the High Level Implementation Plan or any of its subprojects; 2) the Cobell v. Norton litigation pending in the U.S. District Court for the District of Columbia; and 3) administration of Individual Indian Money (IIM) accounts. Given the importance of preserving these documents and given the Tribal lawsuits, it is appropriate to issue this Memorandum to remind Interior employees about our document retention requirements.

This Memorandum does not change the prior guidance. All Interior offices, bureaus, and employees must continue to preserve all documents and e-mail relating to the three areas mentioned above. *All Interior offices, bureaus, and employees must also immediately preserve documents, e-mail, data, and records relating to Tribal trust assets and Tribal trust funds, even if record retention schedules or other rules, manuals, or handbooks would allow their destruction.*

What Tribal documents must be preserved? All documents related to: 1) the management and administration of Tribal trust fund accounts and funds and/or 2) Tribal trust assets. Such documents are referred to in this Memorandum as Tribal Trust Documents and include:

> All documents, data, and records upon which the Government must rely to fulfill its trust duties to recognized Indian Tribes pursuant to the American Indian Trust Fund Management Reform Act of 1994 (P.L. No. 103-412), and other applicable statutes; for example, those which evidence the existence of Tribal trust assets (e.g., ownership data, trust patents, plot descriptions, surveys, jacket files,

statement of accounts, etc.), the collection of income from Tribal trust assets (e.g., deposit tickets, journal vouchers, schedule of collections, etc.), the use of Tribal trust assets (e.g., leases, sales, rights-of way, investment reports, production reports, sales contracts, etc.), the management of Tribal trust assets (e.g., daily ledgers, investment reports, production verification reports, trespass enforcement, timber stumpage reports, royalty production reports, etc.), or the disbursement of Tribal trust assets (e.g., transaction ledgers, check registers, transaction registers, or lists of canceled or undelivered checks, etc.). Tribal trust assets are lands, natural resources, money, or other assets that are or were held by the Federal government in trust, or that are or were restricted against alienation, for Indian Tribes.

You must preserve Tribal Trust Documents involving all Tribes. Preserving Tribal Trust Documents is essential to enable Interior to fulfill its obligations.

If you are a supervisor, you are responsible for assuring that subordinate employees who are in possession, custody, or control of Tribal Trust Documents understand the importance of preserving Tribal Trust Documents. Supervisors, as well as employees, are held accountable for compliance. Supervisors must ensure that their employees comply with this Memorandum. If you are a Contracting Officer or a Contracting Officer's Technical Representative, you must notify contractors who are in possession, custody, or control of Tribal Trust Documents that they must preserve Tribal Trust Documents.

If you have any questions, please contact Sabrina McCarthy, Solicitor's Office, (202) 219-2139, or Debbie Meisner, Office of Trust Records, Office of the Special Trustee for American Indians, (505) 816-1600.

Report Fraud, Waste & Abuse: Toll-Free (800) 424-5081; Local (202) 208-5300; Toll-Free TDD (800) 354-0966; or Local TDD (703) 235-9221.

# EXHIBIT D

B

United States Department of the Interior

THE DEPUTY SECRETARY
Washington, D.C. 20240

APR 16 2002

MEMORANDUM

To: Tom Slonaker
Special Trustee for American Indians

Neal McCaleb
Assistant Secretary, Indian Affairs

From: J. Steven Griles
Deputy Secretary

Subject: Indian Trust Records Management

As you know, we have records retention requirements associated with our ongoing trust obligations and our commitments to the Court in the Cobell v. Norton litigation. It is imperative that we identify, manage, protect and preserve both individual Indian and Tribal records. I have been informed that the Special Master has expressed grave concerns about our Indian trust records management program. Separately, the Associate Deputy Secretary has identified issues (e.g., insufficient planning for future records requirements, chain of custody accountability, inventory sufficiency, etc.) that warrant further senior management attention.

I want to evaluate closely the issues and concerns that have been expressed by the Special Master and the Associate Deputy Secretary. Indian trust records are one cornerstone of our trust management program, hence we must exercise due diligence and great care to address any threats or opportunities involving these trust assets.

The movement of these records has been raised as one significant concern. To address this issue, OST and BIA are directed to maintain records, both Tribal and individual, in their current geographic locations, pending future direction from the Office of the Secretary on the disposition of inactive records. Of course, routine use and intra-office movement of active records is permitted. In addition, any relocation of "Paragraph 19" documents continues to require the approval of the Cobell document production coordinator.

In particular, OST had announced an intent to relocate approximately 32,000 cubic feet of records from Albuquerque, New Mexico, to Lee's Summit, Missouri. These records are to remain in their current location until we have adequately addressed the concerns raised by the Associate Deputy Secretary and the Special Master. Since these records are to remain in place for the foreseeable future, the underlying premise of the notification letter from Dean Brinker, OST Personnel Management Specialist, to Mr.

Ziemer, Indian Educators Federal, AFT, AFL-CIO, has clearly changed. Therefore, until relevant aspects of the Indian trust records management program are evaluated and further direction is provided by the Office of the Secretary, the Division of Research, Litigation and Settlement and the Branch of Records Service Centers will need to continue operations.

The movement of records between BIA locations, OST locations and Lee's Summit is to be suspended immediately. If, as of the date of this memorandum, records are currently in transit, please complete the delivery to the intended location and provide me with immediate notification regarding the transit schedule and inventory of records being moved.

In addition, it appears that records placed in storage may be subject to a routine destruction schedule. It is unclear whether the records have been sufficiently separated, indexed and labeled to ensure no relevant Indian trust documents are destroyed inadvertently. While we review the records management program more closely, please ensure that document destruction schedules are suspended.

The Office of the Secretary, in consultation with the Special Master, will independently re-examine the records program to clarify our programmatic needs. To begin that process, please assemble comprehensive documentation regarding:

- the types and volumes of Indian trust records located at each BIA, OST or other Federal records repository. Further guidance, clarifying desired information, will be issued in the near future.

- any plan to relocate Indian trust records between geographic locations. In addition, provide documentation regarding the relocation of records since January 1, 1999, to present; include source location, destination, record volumes and types and chain of custody information.

- how Indian trust records will be made accessible, from these locations, for various anticipated purposes such as historical accounting, land management, ownership & title deliberations, and research requests from agency or area offices.

- records management policies and procedures, records-related agreements between BIA & OST and any plans demonstrating goals, objectives, tasks and subtasks associated with records management. In addition, please provide documentation regarding the organizations and personnel having records management responsibilities at each location where relevant Indian trust records are held.

- the suitability of records storage facilities at each location and the security measures employed to ensure that no documents are lost, stolen or

destroyed.

Given the historical concerns about records retention and protection, I believe that it is imperative that we be extremely careful to ensure trust records are protected and preserved. I want to make sure that the Special Master is properly and timely informed and that he has every opportunity to resolve concerns prior to the Department taking irreversible actions.

Thank you for your time and effort to respond to these concerns. Please let me know if you have any questions or concerns about these records management issues.

# EXHIBIT E

D

# United States Department of the Interior

THE DEPUTY SECRETARY
Washington, D.C. 20240

APR - 6 2004

Memorandum

To: Secretary
Acting Solicitor
Assistant Secretary – Fish and Wildlife and Parks
Assistant Secretary – Indian Affairs
Assistant Secretary – Land and Minerals Management
Assistant Secretary – Policy, Management and Budget
Assistant Secretary – Water and Science
Inspector General
Deputy Assistant Secretary – Policy
Director, U.S. Geological Survey
Director, Bureau of Land Management
Director, Minerals Management Service
Commissioner, Bureau of Reclamation
Acting Director, Bureau of Indian Affairs
Special Trustee for American Indians
Director, Office of Trust Records
Director, Office of Historical Trust Accounting
Director, Office of Trust Fund Management
Associate Director, Minerals Revenue Management, MMS
Manager, Indian Oil and Gas Compliance and Asset Management, MMS
Regional Director, Southwest Region, BIA
Superintendent, Jicarilla Agency, BIA
Superintendent, Laguna Agency, BIA
Superintendent, Southern Pueblos Agency, BIA

**Return Receipt Requested**

From: J. Steven Griles

Subject: **Court Orders regarding the Pueblo of Laguna and the Jicarilla Apache Nation**

To all Department of the Interior employees,

On March 19, 2004, the United States Court of Federal Claims, issued TWO orders regarding *The Pueblo of Laguna v. United States*, Docket No. 02-24 L (Court of Federal Claims) and *Jicarilla Apache Nation, formerly Jicarilla Apache Tribe v. The United States of America*, Docket No. 02-25 L (Court of Federal Claims).

In general, the orders require every office and employee of DOI to take reasonable steps to preserve every document, data, or tangible thing in its possession, custody or control, containing information that is relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation. The subject matter of the pending litigation is the management and accounting of the tribal resources and funds of the Pueblo of Laguna and the Jicarilla Apache Nation from August 13, 1946, to January 8, 2002.

Every employee and office within DOI is already under an obligation to preserve all such documents in accordance with my memorandum of March 20, 2002, regarding the preservation of tribal trust documents generally. Please note, however, that the attached orders impose additional requirements.

**Under the orders, DOI employees are now required to preserve a broad range of "Documents, data, and tangible things" that are relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation. "Documents, data, and tangible things" is defined in the order to include voicemail messages, message and activity logs and information that "serves to identify, locate, or link such" relevant material.**

The precise manner in which you preserve relevant voicemails will vary depending on your circumstances. We appreciate that DOI's phone systems are limited in their ability to preserve voice messages. If the system cannot preserve a voicemail, you must record the message in a way that can preserve the message or transcribe the message on to paper. If you chose this method, please make a record of the date and time of the message – the so-called "envelope."

Larry Jensen, Counselor to the Solicitor, has earlier forwarded a similar communication concerning the matter. This memorandum merely reinforces that earlier memorandum.

The Department of Justice requests that this memorandum and its attachments be disseminated to each of the units and/or individuals that are responsible for the handling and preservation of the relevant records at the subagencies. It also requests that we draw your attention to paragraph 7 of the orders which indicate that a "failure to comply may lead to the imposition of sanctions." Any questions about this memorandum should be directed to Cristobal Alvarez at (202) 208-6966.

Please indicate your receipt of this memorandum by returning a signed copy of this memorandum, without attachments, to my office.

Attachments

RECEIVED:______________________ DATE:______________________

# EXHIBIT F

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

JUL 9 2004

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary

Subject: Responsibility for Maintaining Electronic-Mail (E-mail) Records

This memorandum is to remind all employees and Federal contractors of their responsibility for preserving, protecting and maintaining official records created or received using electronic mail (e-mail). IRM Bulletin 96-06, 7/25/96, Policy and Guidance for Managing the Creation, Retention, and Disposition of Electronic Documents provides Department-wide policy and guidance for managing electronic records (including e-mail records). This policy is accessible at www.doi.gov/ocio/records/policy/policies.htm.

Current policy based on National Archives and Records Administration regulations (36 CFR Part 1234.24, Standards for Managing Electronic Mail Records) requires that **all official electronic records should be printed out in hard copy and filed in the official paper recordkeeping system.** Only after this is done can you delete the electronic version, if you no longer need the electronic version.

**Official Records:** E-mail documents ARE official records when they:

- Are created or received in the transaction of agency business and
- Are appropriate for preservation as evidence of the government's function and activities; or
- Are valuable because of the information they contain

**Not Official Records:** E-mail documents ARE NOT official records when they:

- Provide no evidence of agency functions and activities
- Lack information of value
- Duplicate information already documented in existing records

If an e-mail message meets the above criteria as an official record, the message **(including all attachments and transmission information)** must be printed to paper and filed according to the agency's recordkeeping system.

<u>Special Instructions – Cobell</u>: Because of the <u>Cobell v. Norton</u> litigation, special instructions apply for printing and deleting e-mail messages related to this case. Included in electronic records that must be printed and filed are all e-mail messages (with all attachments) that relate to:

- <u>Cobell v. Norton</u> litigation
- American Indian trust reform activities
- Administration of Individual Indian Money (IIM) accounts

**E-mail messages relating to one of these three areas may be electronically deleted only after you have been notified by either your e-mail system administrator or your CIO that your regular system backup or another approved method has captured the electronic copy.**

Supervisors and managers must ensure that all employees and others who may handle Federal records (including contractors, interns, students, and volunteers) receive this memorandum and are complying with this policy. If you have additional questions about this guidance, please contact your bureau/office Records Officer first, and, if questions remain, contact the Departmental Records Officer, Mr. Ed McCeney, at (202) 208-3321.

# EXHIBIT G

Ted Richardson 07/13/2004 07:06

To: OHA-All
cc:

Subject: ALL EMPLOYEE MESSAGE Nationwide - Responsibility for Maintaining Electronic-Mail (E-mail) Records

(Supervisors, please ensure that employees without access to e-mail receive a paper copy of this message.)

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary /s/

Subject: Responsibility for Maintaining Electronic-Mail (E-mail) Records

This memorandum is to remind all employees and Federal contractors of their responsibility for preserving, protecting and maintaining official records created or received using electronic mail (e-mail). IRM Bulletin 96-06, 7/25/96, Policy and Guidance for Managing the Creation, Retention, and Disposition of Electronic Documents provides Department-wide policy and guidance for managing electronic records (including e-mail records). This policy is accessible at www.doi.gov/ocio/records/policy/policies.htm.

Current policy based on National Archives and Records Administration regulations (36 CFR Part 1234.24, Standards for Managing Electronic Mail Records) requires that all official electronic records should be printed out in hard copy and filed in the official paper recordkeeping system. Only after this is done can you delete the electronic version, if you no longer need the electronic version.

Official Records: E-mail documents ARE official records when they:

- Are created or received in the transaction of agency business and
- Are appropriate for preservation as evidence of the government's function and activities; or
- Are valuable because of the information they contain

Not Official Records: E-mail documents ARE NOT official records when they:

- Provide no evidence of agency functions and activities
- Lack information of value
- Duplicate information already documented in existing records

If an e-mail message meets the above criteria as an official record, the message (including all attachments and transmission information) must be

printed to paper and filed according to the agency's recordkeeping system.

Special Instructions – Cobell: Because of the Cobell v. Norton litigation, special instructions apply for printing and deleting e-mail messages related to this case. Included in electronic records that must be printed and filed are all e-mail messages (with all attachments) that relate to:

- Cobell v. Norton litigation
- American Indian trust reform activities
- Administration of Individual Indian Money (IIM) accounts

E-mail messages relating to one of these three areas may be electronically deleted only after you have been notified by either your e-mail system administrator or your CIO that your regular system backup or another approved method has captured the electronic copy.

Supervisors and managers must ensure that all employees and others who may handle Federal records (including contractors, interns, students, and volunteers) receive this memorandum and are complying with this policy. If you have additional questions about this guidance, please contact your bureau/office Records Officer first, and, if questions remain, contact the Departmental Records Officer, Mr. Ed McCeney, at (202) 208-3321.

# EXHIBIT H

TAKE PRIDE IN AMERICA

LAN TEAM/NBC/OS/DOI
10/26/2006 01:03 PM

To
cc
bcc DOI_Nationwide
Subject DOI Nationwide - Reminder Regarding Cobell Court Orders

(Note to Supervisors: Please ensure employees without email access receive a paper copy of this message.)

To: All Department of the Interior Employees

From: Associate Deputy Secretary //James E. Cason//

Subject: Reminder Regarding *Cobell* Court Orders

There have been many articles in the press about this litigation, specifically regarding settlement efforts and appellate activity. This is a reminder that the case is ongoing, and that court orders entered in this case that have not been overturned on appeal are still valid and binding.

You must continue to abide by ongoing court orders and by the previous written guidance issued by the Department explaining and interpreting those orders. For example, these orders include:

1. The anti-retaliation order of May 21, 1999, which prohibits the Department from "taking any retaliatory action, or making threats of such action" against witnesses or persons named as potential witnesses who provide information or testimony in the Cobell litigation.

2. The document retention order of August 12, 1999, which requires the retention of "all documents and data relating to Individual Indian Money trust funds and Individual Indian trust assets." The Department issued specific guidance regarding the printing and filing of electronic mail, which is still in effect.

3. The communication order of December 23, 2002, which prohibits communication "through the United States mail or any other mode of communication, with any class member in this litigation regarding this litigation or the claims involved therein, except as specifically permitted by order of [the] Court . . . [but the order] does not prohibit defendants from communicating with class members in the ordinary course of business on routine matters unrelated to the [Cobell] litigation."

Regarding recent appellate activity, the Court of Appeals vacated the injunction entered by the district court on October 20, 2005. That injunction had required the Department of the Interior to disconnect all Information Technology systems that house or provide access to Individual Indian Trust Data, from the Internet, from all intranet connections, and from all other Information Technology systems. You should not assume, however, that the order vacating that injunction removed the prohibitions on connectivity that have been in effect since 2001.

In addition, the Government moved for reassignment of this case to a different district court judge on August 15, 2005. The United States Court of Appeals granted the motion on July 11, 2006. The plaintiffs have begun the procedural process to ask the Supreme Court to review the reassignment decision. Accordingly, the order granting reassignment is not final at this time and the case has not yet been reassigned.

If you have questions regarding compliance with ongoing court orders, please contact your supervisor or the Office of the Solicitor.

# EXHIBIT I

# United States Department of the Interior

OFFICE OF THE SOLICITOR

MAR 12 2007

MEMORANDUM

To: Office of the Secretary
Office of the Solicitor
Office of the Special Trustee
Office of Historical Trust Accounting
Office of the Inspector General
Office of Assistant Secretary - Indian Affairs
Bureau of Indian Affairs
Office of Assistant Secretary - Policy, Management, and Budget
Office of Hearings and Appeals
Office of Assistant Secretary - Land and Minerals
Minerals Management Service
Office of Surface Mining
Bureau of Land Management
Office of Assistant Secretary - Fish, Wildlife, and Parks
Fish and Wildlife Service
Office of Assistant Secretary - Water and Science
Bureau of Reclamation
U.S. Geological Survey

From: Lawrence J. Jensen
Deputy Solicitor

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

As you may know, eighty Tribal plaintiffs, including some Indian groups that are not federally recognized, recently filed actions against the Department of the Interior ("Department") asserting claims of breach of trust and/or asset mismanagement (collectively, "Tribal Trust cases"). This gives rise to an extremely important obligation under Federal law to preserve material that is or may be relevant to the Tribal Trust cases.

The purpose of this Litigation Hold is to inform you of the scope of this obligation and what actions are required to comply with it. The preservation of information will primarily be carried out by individual employees and contractors (any reference herein to "employees" includes contractor employees). **Therefore, it is imperative that a copy of this Litigation Hold reaches every employee who may possess relevant information in your bureau or office.**

**Information To Be Preserved:**

The information that must be preserved consists of all "documents, data, and tangible things" in the possession, custody, or control of your bureau or office that are or may be relevant to the subject matter of the Tribal Trust cases. "Documents, data, and tangible things" encompass paper documents, electronically stored information (discussed below), and other materials, such as maps, videos, calendars, charts, and similar items.

Attached is a list identifying the individual Tribal plaintiffs whose information must be preserved. Additionally, the Native American Rights Fund has filed an action purporting to be on behalf of all other Tribes that received materials as part of the Tribal Reconciliation Project. Therefore, this Litigation Hold covers information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust.

The Tribal Trust cases concern the management and accounting of tribal resources and funds held in trust by the Department. Accordingly, information that is or may be relevant to these cases includes, without limitation, anything reflecting, referring or relating to:

1. any asset, such as funds, land, minerals, forestry, sand and gravel, or other resources, that is, or at any time has been, held in trust by the United States or its agents for Tribes or Indian groups ("trust asset");
2. policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets;
3. proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets;
4. reports, appraisals, reconciliations, or evaluations of any trust assets; and
5. information that serves to identify, locate, or link any relevant information, such as file inventories, file folders, and indices.

The timeframe of information that must be preserved is from a yet-to-be-determined beginning date through the present, which means that information created in the future must also be preserved.

**General Preservation Requirements:**

Employees are required to take "reasonable steps" to preserve the information described above. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed. This obligation also extends to records maintained in off-site storage facilities, which may include, in some instances, Federal Records Centers. At the present time, this obligation is only to identify and preserve the information. You will be notified if anything additional is required as the Tribal Trust cases proceed.

**Preservation of Electronically Stored Information ("ESI"):**

Under new amendments to the Federal Rules of Civil Procedure, the preservation requirement explicitly relates to electronically stored information. ESI can include, but is not limited to:

- E-mail (including attachments);
- Instant messages;
- Electronic calendars, task lists, and other organizational aids;
- Word processing documents;
- Spreadsheets;
- Databases;
- Audio and video recordings; and
- Voicemail.

ESI may be located on network systems and servers, local hard drives, laptops, storage media, (including flash drives, diskettes, and CD-ROMs), as well as on PDAs (such as Blackberries) and cell phones. Note that home computers, cell phones, and other devices used for work may also contain relevant or potentially relevant information that must be identified and preserved. Further, the hard drive and network files of departing employees must be identified and preserved.

Your IT personnel will be responsible for taking steps to preserve ESI from a technical standpoint. Employees should seek assistance from the IT personnel as necessary to preserve their ESI, and in no case should they delete any relevant information.

**Conclusion:**

Immediate compliance with this Litigation Hold is essential to protect the Department from lengthy—and avoidable—discovery disputes that consume bureau time and resources and other negative consequences, such as monetary sanctions and evidentiary inferences that would limit the Department's ability to defend against the claims in the cases. This Litigation Hold also protects individual managers and employees by providing them basic guidance on how to comply with their legal requirements.

Thank you for your prompt attention to this matter. Please direct any questions about this memorandum to Paul Smyth, Counselor to the Solicitor, (202-208-4307).

Attachment

**Tribes and Indian Groups with Pending Tribal Trust Cases (As of 3/06/2007)**

Ak-Chin Indian Community

Alabama Quassarte Tribal Town

Assiniboine & Sioux

Gros Ventre Tribe and Assiniboine Tribe

Blackfeet Tribe of the Blackfeet Indian Reservation

Cheyenne River Sioux Tribe

The Chickasaw Nation and Choctaw Nation

Chippewa Cree ("Pembina")

Chippewa Cree Tribe of the Rocky Boy's Reservation

Coeur d'Alene Tribe

Colorado River Indian Tribes

The Confederated Tribes of the Colville Reservation

Confederated Tribes of the Goshute Reservation

Confederated Tribes of the Warm Springs Reservation of Oregon

Crow Creek Sioux Tribe

Delaware Tribe of Indians and The Delaware Trust Board

Delawares of Idaho, Inc.

Eastern Shawnee Tribe of Oklahoma

Gila River Indian Community

Haudenosaunee, Onondaga Nation

Hoopa Valley Tribe

Hopi Tribe

Iowa Tribe of Kansas and Nebraska

Jicarilla Apache Nation

Kaw Nation of Oklahoma

Makah Indian Tribe of the Makah Indian Reservation

Miami Tribe of Oklahoma

Muscogee (Creek) Nation of Oklahoma

Navajo Nation

Nez Perce, et al (Class Action)
- Mescalero Apache Tribe
- Tule River Indian Tribe
- Hualapai Tribe
- Yakama Nation
- Klamath Tribes
- Yurok Tribes
- Cheyenne-Arapaho Tribe
- Sac and Fox Nation
- Santee Sioux Tribe of Nebraska

Nez Perce Tribe

Northern Cheyenne Tribe of Indians

Northwestern Band of Shoshone Indians

Oglala Sioux Tribe

Omaha Tribe of Nebraska

Osage Nation and/or Tribe of Indians of Oklahoma

Otoe-Missouria Tribe of Indians of Oklahoma

Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California

Passamaquoddy Tribe of Maine

Pawnee Nation of Oklahoma

Pechanga Band of Luiseno Mission Indians of California

Ponca Tribe of Indians of Oklahoma

Prairie Band of Potawatomi Nation

Pueblo of Laguna

Pueblo of Santa Ana

Quechan Tribe of the Fort Yuma Indian Reservation

Red Cliff Band of Lake Superior Chippewa Indians

Rosebud Sioux Tribe

Round Valley Indian Tribes

Salt River Pima-Maricopa Indian Community

San Manuel Band of Serrano Missions Indians

Seminole Nation of Oklahoma

Shoshone-Bannock Tribes of the Fort Hall Reservation

The Shoshone Indian Tribe and Northern Arapaho Tribe of the Wind River Reservation, Wyoming

Eastern Shoshone Tribe and Northern Arapaho Tribe

Soboba Band of Luiseno Indians

Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians)

Standing Rock Sioux

Stillaguamish Tribe of Indians

Swinomish Indian Tribal Community

Te-Moak Tribe of Western Shoshone Indians (Class Action)

Three Affiliated Tribes of the Fort Berthold Reservation

Tohono O'odham Nation

Tonkawa Tribe of Indians of Oklahoma

United Keetoowah Band of Cherokee Indians in Oklahoma.

Ute Indian Tribe of the Uintah and Ouray Reservation

Winnebago Tribe of Nebraska

Wyandot Nation of Kansas

Yankton Sioux

Yomba Shoshone Tribe