# EXHIBIT J

Financial Management Service
**memorandum**

Date: July 2, 1999

To: All FMS Employees

From: Wallace K. Fung
Acting Director, Platform Services Directorate

Subject: Technical Directions for Retaining Electronic Documents in the Cobell Case

We are obligated to retain Cobell-related e-mails, attachments, and other electronic documents. Therefore, in support of retaining these documents in a centralized manner, a procedure has been established using the e-mail address: Archive Cobell@PSMD@INFORES-FMS. This procedure can be used no matter which e-mail system you currently use, Banyan/Happy Mail or Lotus Notes mail. Records should be e-mailed to the address of Archive Cobell@PSMD@INFORES-FMS to be maintained centrally in a secure manner by Information Resources. Please follow the guidelines listed below for archiving Cobell related e-mails, attachments, and other electronic documents:

The e-mail address, Archive Cobell@PSMD@INFORES-FMS, can be typed in as shown, or selected from the list of names in the FMS directory. To select from the list of names, type Cobell, as you would a user's last name.

If you are the originator of a document, you have the responsibility to retain that document by sending a cc: to Archive Cobell. To keep the duplication of the same e-mail to a manageable manner, recipients of internal FMS e-mail need not forward the same document for archiving.

*General* Global e-mails with an address such as "*@*@*" will be blocked from Archive Cobell. If an originator sends a *Cobell related* Global e-mail, the originator should send that e-mail to the global address *as well as* the "Archive Cobell@PSMD@INFORES-FMS." Again, this is the responsibility of the originator.

All external e-mail, including Internet mail, that originates from outside FMS, is blocked from going directly into Archive Cobell. A Cobell related e-mail message or forwarded outside e-mail message must come from an FMS e-mail address in order to be archived in Archive Cobell.

If you receive a Cobell-related e-mail from outside of FMS, you must forward that external e-mail to Archive Cobell by selecting the Forward option and typing in the name.

Cobell related e-mail which you currently retain should be forwarded to Archive Cobell. Electronic files should be sent as attachments. For Banyan/Happy Mail users, to include an attachment, type in the file name on the Attachment: line, or select it by browsing the appropriate drive. For Lotus Notes users, use the File-Attachment-Create option to attach an electronic document.

*FMS — Quality People — Quality Service*

Previous Page | Next Page

Cobell/Tribal Litigation Page | OCC Welcome Page

Content Owner: Margaret Marquette

2

Page 2 - Technical Directions for Retaining Electronic Documents in the Cobell Case

Please remember that once you have sent or forwarded an e-mail message to Archive Cobell and then have deleted the e-mail from your e-mail system, you will no longer be able to directly retrieve that e-mail message. Decisions concerning the Archive Cobell mailbox account will be made by the Commissioner, Deputy Commissioner, and the Chief Counsel. The Platform Services Directorate will administer the account on behalf of the Commissioner, Deputy Commissioner and the Chief Counsel. Access to this account is strictly limited under the direction of the Commissioner, Deputy Commissioner, and the Chief Counsel, and is not available for general use by other employees of FMS.

If additional assistance in archiving e-mail is required, please call the Help Desk at 202-874-HELP (4357). Please keep in mind that the retention of documents in the Cobell case is an ongoing effort which is the responsibility of all FMS employees.

PSD #99-10.wf

Previous Page | Next Page

Cobell/Tribal Litigation Page | OCC Welcome Page

Content Owner: Margaret Marquette

# EXHIBIT K

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
WASHINGTON, D.C. 20227

COMMISSIONER

AUG 30 1999

MEMORANDUM FOR FMS EMPLOYEES WITH CUSTODY OF IIM RECORDS

FROM: RICHARD L. GREGG *Richard L. Gregg*

SUBJECT: Retention of Documents and Data Identified in Attachment A Relating Individual Indian Money (IIM) Trust Monies

On February 1, 1999 and June 4, 1999, memoranda were issued to inform employees of their obligations regarding the retention of documents and data relating to IIM trust monies. Pursuant to an Order issued on August 12, 1999, by the Court in the pending class action lawsuit Cobell et. al., v. Babbitt et. al., Civ. No. 1-96CV01285 (D.D.C.), the Department is required to send this memorandum to clarify the scope of the record retention directives and to further advise Department personnel of the specific responsibilities to safeguard documents, records, and data necessary to complete an accounting to individual trust beneficiaries. A copy of this Order is attached.

Attachment A to this memorandum is a list of the documents which are subject to this record retention directive and includes not only documents relating to the IIM deposit fund account, 14X6039, but also records evidencing Department of the Interior IIM activity posted to any other account to the extent that the Department of the Interior informs, or has informed, the Department of the Treasury ("IIM Records"). It is important that you review this list carefully and identify those document, which you may have. Preservation and safeguarding of these documents are to continue until new written instructions are issued by the Department.

Please be advised that the Department of the Treasury Employee Rules of Conduct ("Rules"), published in the Federal Register at 31 CFR Part 0, sets forth the Department's policies and procedures regarding the proper maintenance of records. The Rules require that records be protected against loss, unauthorized destruction or mutilation, and illegal removal. The Rules contain the following provision:

> § 0.205 Care of documents and data.
> (a) Employees shall not conceal, remove, alter, destroy, mutilate or access documents in the custody of the Federal Government without proper authority.
> (b) Employees are required to care for documents according to Federal law and regulation, and Department procedure (18 U.S.C. 2071, 5 U.S.C. 552, 552a.).
> (c) The term documents includes, but is not limited to, any writing, recording, computer tape or disk, blueprint, photograph, or other physical object on which information is, recorded.

Previous Page | Next Page

Cobell/Tribal Litigation Page | OCC Welcome Page

## Commissioner Gregg (August 30, 1999 memo) - Page 2



Moreover, preservation of records identified in Attachment A is a responsibility that can be enforced by the Court presiding over the Cobell litigation. As the Order of August 12, 1999, directs, the Special Master appointed by the Court, Alan Balaran, is authorized to oversee and independently verify our compliance with our document preservation duties. Mr. Balaran may exercise his responsibilities by visiting any location where IIM records are maintained and inspecting the IIM records at that location. These inspections may occur with no advance notic Please provide full cooperation should Mr. Balaran visit your office.

The Department's ability to move IIM records to different storage locations under proper authority (e.g., Federal Records Centers or the National Achieves) is not prohibited by the litigation or orders of the Court, nor is the authorized disposal of non-IIM records or non-reco affected.

Again, I appreciate your continued cooperation and assistance with this record retention initiative.

Attachments: List of Documents to be Preserved
Court Order

# Commissioner Gregg (August 30, 1999 memo) - Page 3

printer-

Previous Page | Next Page



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOISE PEPION COBELL, et al.,

Plaintiffs,

v.

BRUCE BABBITT, Secretary of the Interior, et al.,

Defendants

No. 1:96CV01285 RCL

FILED

AUG

ORDER REGARDING TREASURY DEPARTMENT
IIM RECORDS RETENTION

Motion having been made, and based upon the recommendation of the Special Master, and the entire record herein,

It is hereby ORDERED, that the Treasury Department shall distribute, in final form, the attached memoranda (Exhibit A) regarding retention of all documents and data relating to Individual Indian Money trust funds and Individual Indian trust assets as identified in Attachment A to the memoranda ("IIM Records") as follows:

(1) It shall distribute the appropriate memorandum to each employee with custody of IIM Records in each of the Department's offices, bureaus, services or similar sub-department organizations;

(2) It shall distribute this Order and a letter in substantially the same form as the appropriate memorandum to the representative of each contractor that (a) performs services for the Department and (b) has custody of IIM Records;

(3) It shall distribute this Order and a letter in substantially the same form as the

p1

# Commissioner Gregg (August 30, 1999 memo) - Page 4

printer-

Previous Page | Next Page

Home
Phonebook
News
AC Mgmt. Services
Training
Forms
User Manuals
Standards & Policy
Organization
App Launch
CITRIX Apps
Reports

appropriate memorandum to the appropriate officials at the National Archives and Records Administration, General Accounting Office, Federal Reserve Banks, banks which process Treasury's General Account, and appropriate lockbox financial institutions.

If the Department of the Treasury has sent a contractor or organization a letter in the form of Exhibit B, the obligation to send a memorandum or letter under paragraphs (2) and (3) above shall be deemed satisfied.

It is FURTHER ORDERED, that Alan L. Balaran, Special Master ("Special Master"), is hereby authorized to oversee the Treasury Department's retention and protection from destruction of IIM Records through, among other things, on-site visits to any location where IIM Records are maintained. In the event that the Special Master determines that IIM Records are not being protected from destruction or threatened destruction, he may recommend to the Department that it take reasonable steps to protect IIM Records found to be in jeopardy of destruction. He may also recommend to the Court such remedial action as he deems appropriat pursuant to Rule 53, Federal Rules of Civil Procedure

It is FURTHER ORDERED, that nothing in the foregoing is intended to prevent the Department of the Treasury from disposing of a record or group of records if such disposal is ir accordance with the stipulation filed with the Court on July 6, 1999, or after approval of the Special Master.

It is FURTHER ORDERED, that nothing in the foregoing is intended to prevent the disposal of non-IIM Records authorized by a final records schedule approved by the Archivist the United States or materials which are not "records" as defined in 44 U.S.C. § 3301. In

-2-

# Commissioner Gregg (August 30, 1999 memo) - Page 5

printer-





addition, this Order shall not be interpreted to prevent the movement of IIM Records to different storage facilities, including Federal Records Centers and the National Archives.

Dated: 8-11-99

Royce C. Lamberth
UNITED STATES DISTRICT JUDGE

-3-

# Commissioner Gregg (August 30, 1999 memo) - Page 6



ATTACHMENT A

Documents Relating to the Cobell Litigation that Every FMS Employee Must Preserve

A. Documents required to be preserved by a stipulation filed on behalf of the Government o July 6, 1999

Original checks, and digitized and microfilm copies of negotiated checks; check information from these same checks in electronic form (i.e., check serial number, date and amount); and monthly reports of canceled checks (either in electronic form or hard copy as retained in the normal course of business).

B. Documents required to be produced by the November 27, 1996 order from U.S. District Court Judge Royce Lamberth

All documents, records, and tangible things which embody, refer to, or relate to IIM accounts of the five named plaintiffs or their predecessors in interest. The five named plaintiffs are: (1) Elouise Pepion Cobell, (2) Earl Oldperson, (3) Mildred Cleghorn, (4) Thomas Maulson, and (5) James Louis LaRose. Exhibit 1 to this attachment contains the final list of the predecessors in interest.

C. Documents required to be preserved by Commissioner Gregg's February 1, 1999 Memorandum

The documents delineated in this memorandum are:

1. All payment records and information, including but not limited to: all microfilm copies of checks, all cancellation information (i.e., Available Check Cancellation, Unavailable Check Cancellation, Limited-Payability Cancellation); all claims related information; and, all payment reconciliation related information. Althougl the Department of the Interior ("DOI") is a Non-Treasury Disbursing Office with respect to IIM payments, payment records and information includes any document, record or information which potentially could be in the possession of Regional Operations (including all RFCs).

2. All accounting records and information, including but not limited to: SF 6652s, SF6653s SF 1219s/1220s, SF 224s, and 1081s. (Clarification: The documents in this section should be preserved for all Interior agency location codes and for all accounts to which activity is posted under an Interior agency location code).

## Commissioner Gregg (August 30, 1999 memo) - Page 7

printer-

Previous Page | Next Page

Home
Phonebook
News
AC Mgmt. Services
Training
Forms
User Manuals
Standards & Policy
Organization
App Launch
CITRIX Apps
Reports

3. All deposit and collection information for all active and inactive DOI agency location codes, including but not limited to: CASH-LINK data and SF-215s; and all records or data held by lockbox depositories, TGAs or Federal Reserve Banks.

4. All correspondence, internal or external, which refers or relates to Individual Indian Money. This includes all electronic communications, such as e-mails or Internet messages.

5. All documents, records and information listed in paragraphs 1-4 which are stored at Federal Records Centers and National Archives.

D. IIM Deposit Fund Investment Records

IIM deposit fund investment records (in hard copy as retained in the normal course of business), specifically requests for investment/redemption, transaction confirmations, and monthly account statements, including records stored at Federal Records Centers.

E. Other Account Information

Records evidencing Department of the Interior IIM activity posted to any account in addition to the IIM deposit fund account, to the extent that the Department of the Interior informs, or has informed, the Department of the Treasury that it has deposited IIM monies into another account or accounts and has identified that account or accounts.

F. Electronic Communications

Electronic communications, such as e-mails or Internet messages, relating to documents described in Paragraphs A-E in either electronic form, such as a dedicated mailbox, or hard copy form. However, FMS may follow its regular practice for purging e-mails and reusing backup tapes.

If you have any questions about this memorandum, please contact Debra N. Diener at 874-6680.

Exhibit 1

# Commissioner Gregg (August 30, 1999 memo) - Page 8

printer-

Previous Page | Next Page



EXHIBIT 1 TO ATTACHMENT A

PREDECESSORS IN INTEREST

For Mildred Cleghorn

1. Amy Imach (Enohn)
2. Richard Imach

For Elouise Pepion Cobell

1. Shorty Whitegrass
2. Kate Pearl Woman Clearsup Wolftail
3. Annie Stephenson Pepion
4. Frank Pepion
5. Polite Lawrence Pepion
6. Alex DuBray
7. Catherine DuBray Pepion

For James LaRose

1. Nettie Harmes
2. Charley Mack
3. Stella Chapoose LaRose
4. Milton LaRose, Jr.
5. Milton LaRose, Sr.
6. Fred LaRose
7. Albert Chapoose
8. Mary Mack
9. Jane Towats
10. Anna Bess Mallory

For Thomas Maulson

1. Hannah Alice Bigjohn Maulson
2. Mary Ackley Bigjohn Potts
3. Maggie Ackley Kenosha
4. Ogimakwe
5. John Big John
6. Ogimasinokwe
7. Big John/Nawaquabitunk

For Earl Oldperson

1. Mollie (Molly) Bearmedicine Oldperson
2. Juniper Oldperson
3. Ragged Woman Bearmedicine
4. Bearmedicine
5. Rollingupacalf Middlecalf

# EXHIBIT L

FMS Insider



## Deputy CIO (May 30, 2000 memo)

| | |
|---|---|
| To: | **All FMS Employees** |
| Fr: | **Wally Fung** |
| Cc: | **Cobell Archive** |
| Subject: | **Important Reminder about Cobell Litigation** |

This is an update to my July 2, 1999 e-mail to you about retention of e-mail related to the Cobell litigation.

FMS remains under a continuing court order in the Cobell litigation to preserve certain documents indefinitely. All FMS employee have previously received memoranda describing the documents that need to be retained. These memoranda can be read on FMS' intranet (select "News" and then "Cobell Litigation").

All FMS employees, supervisory and non-supervisory, must continue to abide by the court's order. This means that the earlier instructions you received regarding the use of FMS' Cobell Archive for preserving e-mail and other electronic messages remain in effect.

For e-mail messages that relate in any way to the Cobell litigation or to Individual Indian Monies, you must continue to ensure that a copy (including attachments) is sent to the Cobell e-mail archive. This includes messages you originate, as well as messages you receive from non-FMS organizations. If the message you receive has already been sent (i.e., "cc'ed") to the FMS Archive, then there is no need for you to also send a copy.

Converting to Lotus Notes has not changed your responsibility for archiving Cobell related e-mail. As with Happy Mail, the Archive can be quickly addressed in Lotus Notes by simply typing "cob." (On the "New Memo" window, click the "Address. . . " button, select "Official FMS Email Addresses," and then type "cob.")

For additional information, please consult FMS' intranet. Commissioner Gregg's August 30, 1999 memorandum, which includes the August 12, 1999 document retention order and a list of the types of documents that must be preserved, has been posted on FMS' intranet, under "News." There you will also find my memorandum, dated July 2, 1999. It contains guidelines for archiving Cobell-related e-mail and other electronic documents to FMS' Cobell archive mailbox. In addition, I am posting this update to the intranet site.

FMS employees must continue to comply with these directives until further notice. All questions about this litigation should be directed to Debra Diener, Chief Counsel, at 874-6824, or Beth Kramer at 874-7036.

**Attachment G**

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C.

GENERAL COUNSEL

[illegible] 22 [illegible]

IMMEDIATE ACTION

**MEMORANDUM TO ALL DEPARTMENTAL OFFICES EMPLOYEES**

**FROM:** ARNOLD I. HAVENS
GENERAL COUNSEL

**SUBJECT:** Document Retention Obligations in Cobell v. Norton (Individual Indian Money or "IIM" Litigation)

Previously, this Office has instructed Departmental Offices employees to preserve documents in the Cobell v. Norton litigation. This directive serves as a reminder to employees as to their obligations.

To ensure compliance with court orders in Cobell, Departmental Offices employees must preserve all documents and records, whether in paper, electronic, or other form, that are relevant to any aspect of the government's responsibilities with respect to the individual Indian money trust, regardless of NARA-approved record disposition schedules. Such responsibilities include, but are not limited to, management, administration, collection, disbursement, investment, and accounting of trust funds.

For purposes of preserving e-mails, I am requesting that you do the following:

1. Send a "cc" (not a "bcc") of all e-mails (including attachments) that you initiate, that relate in any way to the Cobell litigation, Individual Monies or Department of Interior investments on behalf of individual Indians, to the dedicated mailbox for Cobell-related e-mails and/or e-mails relating to Individual Indian Money accounts. The dedicated mailbox address is Cobell@do.treas.gov or just Cobell.

2. Forward any e-mail that you receive (including attachments and retaining forwarding history) that relate in any way to the Cobell litigation, Individual Monies or Department of Interior investments on behalf of individual Indians, to the dedicated mailbox for Cobell-related e-mails and/or e-mails relating to Individual Indian Money accounts, unless you can tell from the message that the e-mail has already been sent to the dedicated mailbox. The dedicated mailbox address is Cobell@do.treas.gov or just Cobell.

Please note that the Cobell mailbox has been copied on the e-mail message conveying this directive.

If you have any questions about this process or the retention of documents, please call Brian Ferrell, Chief Counsel, Bureau of the Public Debt, at 691-3715.

If you have any questions about the Cobell mailbox, please contact the HelpDesk at 622-1111.

# EXHIBIT M

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C.

ASSISTANT SECRETARY

IMPORTANT: FOR IMMEDIATE ATTENTION

April 1, 2002

MEMORANDUM FOR: RICHARD L. GREGG
COMMISSIONER, FINANCIAL MANAGEMENT SERVICE

VAN ZECK
COMMISSIONER, BUREAU OF THE PUBLIC DEBT

ROBERT N. REID
DEPUTY ASSISTANT SECRETARY FOR
ACCOUNTING OPERATIONS

DAVID LEBRYK
DEPUTY ASSISTANT SECRETARY FOR
FISCAL OPERATIONS AND POLICY

DAVID J. MONROE
DIRECTOR, OFFICE OF CASH AND DEBT MANAGEMENT

FROM: DONALD V. HAMMOND
FISCAL ASSISTANT SECRETARY

SUBJECT: Preservation/Retention and Identification of Documents Related to Tribal Trust Funds

Attached is a memorandum, dated March 29 from General Counsel Aufhauser, regarding the retention and identification of documents relating to Tribal trust monies. Recently, litigation has been initiated against the government including the Treasury Department with respect to the accounting for certain Tribal trust funds. It is imperative that we immediately take steps to preserve any potentially relevant documents and to perform an initial identification of what we documents we have. Please instruct your respective organizations to preserve these records and

review the records that you have. The results of your initial review must be completed by April 11. In conducting your review, please keep in mind that prior to 1973 Treasury maintained accounts at the individual tribe level so the nature of the records in your possession could be significantly different for different time periods. I will schedule a briefing on this request in the very near future.

As noted in the memorandum, if you have any questions about this request, please call Brian Ferrell, Senior Counsel for Litigation on 622-8236.

Attachment

**Attachment 2**

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C.

GENERAL COUNSEL

March 29, 2002

**MEMORANDUM FOR** THE CHIEF OF STAFF
THE EXECUTIVE SECRETARY
UNDER SECRETARY FISHER
ASSISTANT SECRETARY CLARIDA
ASSISTANT SECRETARY DUNCAN
ASSISTANT SECRETARY HAMMOND
ASSISTANT SECRETARY WEINBERGER
ASSISTANT GENERAL COUNSELS
COUNSELOR TO THE GENERAL COUNSEL

**FROM:** David D. Aufhauser
General Counsel

**SUBJECT:** *Identification and Retention of Tribal Trust Fund Records*

Numerous Indian tribes have filed lawsuits against the Government relating to its administration and management of tribal trust funds and property. To date, 18 lawsuits have been filed, 17 since the beginning of January 2002. The number could, however, reach as many as 274.

The cases assert that the government has failed to provide the "Tribe with an accounting of the Tribe's trust funds." The complaints assert that "the Secretary of the Treasury of the United States is custodian of tribal trust funds, and has responsibility with regard to the administration of such funds and the preparation and maintenance of records in connection with those funds." The allegation is similar to what was alleged in Cobell.[1]

---

[1]The wave of tribal trust fund cases that have recently been filed are outside the scope of the claims brought by the individual Indian trust beneficiaries in Cobell v. Norton, which is currently being litigated in the Federal District Court here in Washington, D.C.. District and Appellate court decisions in Cobell confirm the Government's fiduciary obligations to Indian trust beneficiaries, and in particular, the duty to account. See, Cobell v. Babbitt, 91 F.Supp.2d 1 (D.D.C. 1999), aff'd sub nom Cobell v. Norton, 240 F.3d 1081 (D.C. Cir. 2001).

Prior to 1973, Treasury maintained in the central accounting system separate accounts for the tribal activity. In 1973, with the concurrence of GAO[2], these separate accounts (totaling approximately 1,500 at that time) were consolidated. We request your assistance in identifying what, if any, records[3] and groups of records may exist concerning the separate accounts held by Treasury prior to 1973, as well as the accounts that exist post 1973. Please provide your preliminary findings, including the location of these records, by April 12, 2002.[4]

Also, I ask that you take steps to retain and maintain those records associated with the tribal trust fund accounts, regardless of NARA approved disposition schedules. Please distribute this memorandum to the offices for which you are responsible. Please also take steps to ensure these records are retained and maintained. If you have any questions, please do not hesitate to contact Brian Ferrell of my office at (202) 622-8236.

---

[2]Treasury sought GAO concurrence with the consolidation based upon concerns with the historical commingling of tribal funds with "Indian Money, Proceeds of Labor" allowed for by a 1930's statute. GAO provided such concurrence on October 18, 1973. On November 26, 1973, Treasury adopted the consolidation of accounts effective July 1, 1973 by Treasury Directive No. 12499.

[3]The term "record" includes any handwritten, typed, or printed documents (such as memoranda, correspondence, telephone logs, calendars, notes, books, brochures, studies, writings, drafts, transcripts, and minutes). The term "record" also includes documentary material in other forms (such as electronic documents or presentations, electronic mail, magnetic tapes, computer disks, audio or video recordings, slides, microfilm, and motion pictures.

[4]The first of the government's responsive pleadings in these matters is due on April 26, 2002.

## ATTACHMENT 3: TRIBES CURRENTLY IN LITIGATION

The following tribes have filed suit:

- Assiniboine And Sioux Tribes of Fort Peck Indian Reservation
- Chippewa Cree Tribe of the Rocky Boy's Reservation
- The Crow Tribe of Indians
- Three Affiliated Tribes of the Fort Berthold Reservation
- Shoshone-Bannock Tribes of the Fort Hall Reservation
- Standing Rock Sioux Tribe
- Rosebud Sioux Tribe
- Confederated Tribes of the Warm Springs Reservation of Oregon
- Confederated Tribes and Bands of the Yakima Nation
- The Quapaw Tribe of Oklahoma
- The Blackfeet Tribe of the Blackfeet Indian Reservation
- The Delaware Tribe of Indians and the Delaware Trust Board
- Jicarilla Apache Nation
- Pueblo of Laguna
- Osage Nation and/or Tribe of Indians of Oklahoma
- Seminole Nation of Oklahoma
- Shoshone Tribe of the Wind River Reservation
- Arapaho Indian Tribe of the Wind River Reservation

**MEMORANDUM FOR DAVID D. AUFHAUSER**

**SUBJECT:** **Certification of Search for Tribal Trust Fund Records**

In accordance with the instructions provided in the April __, 2003 memorandum from the General Counsel, the undersigned, representing the Office of the

- ☐ Chief of Staff
- ☐ Executive Secretary
- ☐ Under Secretary for Domestic Finance
- ☐ Fiscal Assistant Secretary
- ☐ Assistant Secretary for Economic Policy
- ☐ Assistant Secretary for Legislative Affairs
- ☐ Assistant Secretary for Public Affairs
- ☐ Assistant Secretary for Management
- ☐ General Counsel

certifies (1) that a copy of the General Counsl's April__, 2003 memorandum was distributed to each supervisor in the office and (2) that this office has conducted a search for records responsive to the request. That search produced

- ☐ no responsive records
- ☐ responsive records that are attached to this memorandum.

This office searched (describe the scope of the search and the locations searched)

____________________________
Name (please print)

____________________ ____________________________
Date Signature