IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-943-LMB |
| UNITED STATES OF AMERICA, | ) | Judge Lawrence M. Baskir |
| | ) | **Electronically Filed: 8/23/2007** |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1500</u>**

RONALD J. TENPAS
ACTING ASSISTANT ATTORNEY GENERAL

Kevin J. Larsen
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney for Defendant

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Applicable Legal Standards. . . . . . . . . . . . . . . . . . . . . . 6

B. Plaintiff's Complaint Should be Dismissed Pursuant to 28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . 6

1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court . . . . . . . . . 8

2. Plaintiff's District Court and CFC Complaints Are Based on the Same Operative Facts . . . . . . . . . . 14

a. The District Court Complaint . . . . . . . . . . 14

b. The Court of Federal Claims Complaint . . . . . 16

3. The District Court and CFC Complaints Contain Substantially Overlapping Claims for Monetary Relief . . 18

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Breneman v. United States,* 57 Fed. Cl. 571 (1988) . . . . . . . . . . . . . . . . . . 8, 12

*British Am. Tobacco Co. v. United States,* 89 Ct. Cl. 438 (1939) . . . . . . . . . . 7, 20

*City of Santa Clara v. United States,* 215 Ct. Cl. 890 (1977) . . . . . . . . . . . . . . . 21

*Cooke v. United States,* 77 Fed. Cl. 173 (2007) . . . . . . . . . . . . . . . . . . . . . 9, 10

*Dico, Inc. v. United States,* 48 F.3d 1199 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . 11

*Eastport S.S. Corp. v. United States,* 372 F.2d 1002 (Ct. Cl. 1967) . . . . . . . . . . 20

*Firebaugh Canal Water Dist. V. United States,* 70 Fed. Cl. 593 (2006) . . . . . . . . 6

*Forsgren v. United States,* 73 Fed. Cl. 135 (2006) . . . . . . . . . . . . . . . . . . . . 19

*Harbuck v. United States,* 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . 7, 8, 10, 18

*Johns-Manville Corp. v. United States,* 855 F.2d 1556 (Fed. Cir. 1988) . . . . . 7, 20, 21

*Keene Corp. v. United States,* 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . 8, 14

*Los Angeles Shipbuilding & Drydock Corp. v. United States,*
152 F.Supp. 236 (Ct. Cl. 1957) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . 7, 14

*Maher v. United States,* 314 F.3d 600 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . 6

*Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746 (Fed. Cir. 1988) . . . . . 8, 14

*Scott Aviation v. United States,* 23 Ct. Cl. 573 (1991) . . . . . . . . . . . . . . . . . . . 20

*Snyder v. United States,* 63 Fed. Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . . 6

*Toxgon Corp. v. BNFL, Inc.,* 312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . 6

*United States v. County of Cook, Ill.,* 170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . 8

*United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131 (D.D.C. 2000) . . . . . . . . 19

*UNR Indus. v. United States,* 962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . 7, 10, 18

*Wilson v. United States,* 32 Fed. Cl. 794 (1995) . . . . . . . . . . . . . . . . . . . . . . . 6

**PENDING CASES**

*Ak-Chin Indian Community v. Kempthorne,* No. 06-cv-02245
(D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ak-Chin Indian Community v. United States,* No. 06-932L
(Ct. Cl. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Passamaquoddy Tribe of Maine v. Kempthorne,* No. 06-cv-02240
(D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Passamaquoddy Tribe of Maine v. United States,* No. 06-942L
(Ct. Cl. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Salt River Pima-Maricopa Indian Community v. Kempthorne,*
No. 06-cv-02241 (D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . 3, 10

*Tohono O'Odham v. United States,* No. 06-944L
(Ct. Cl. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**FEDERAL STATUTES AND RULES**

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

RCFC 34(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**OTHER AUTHORITIES**

*Black's Law Dictionary* (7th ed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Restatement (First) of Restitution,* § 4(f) (1937) . . . . . . . . . . . . . . . . . . . . . . 19

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to RCFC 12(b)(1), Defendant United States, moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1500. As set forth in the following memorandum, it is a well-established rule of law that the United States cannot be compelled to defend a suit brought in this Court when the same claim is pending in another court. At bottom, the Complaint filed in the United States District Court on December 29, 2006, demands the same monetary relief related to the Defendant's management and administration of Plaintiff's trust funds and assets that is requested by Plaintiff in its December 29, 2006, Complaint filed in this Court. The two Complaints seek overlapping relief based on substantially identical facts. Because Congress has expressly declined to provide this Court with jurisdiction over duplicate claims already pending before another federal court, 28 U.S.C. § 1500 requires this Court to dismiss this case.

**MEMORANDUM OF LAW**

## I. FACTUAL BACKGROUND

On December 29, 2006, Plaintiff filed a complaint in the United States District Court for the District of Columbia (the "District Court Complaint") against the Secretaries of the Interior and the Treasury, as well as against the Special Trustee for American Indians (the "Government"). *See* District Court Complaint attached as Exhibit (Ex.) 1 hereto. The District Court Complaint seeks declaratory, injunctive and monetary relief based upon the Government's alleged breach of fiduciary duties with respect to its management of the Plaintiff's trust property (trust assets, funds and lands). *See* District Court Complaint ¶¶ 1, 4, 19-44. In Count One of the District Court Complaint, Plaintiff seeks a declaration that the Government is in breach of fiduciary duties owed to Plaintiff by "failing to provide the Community with a complete, accurate, and adequate

accounting of the Community's trust assets as required by law." *See* District Court Complaint ¶ 38; *also see* ¶¶ 34-37. In Count Two of the District Court Complaint, Plaintiff seeks injunctive and monetary relief. Specifically, Plaintiff demands an injunction ordering the Government to "provide a complete, accurate, and adequate accounting of the Community's trust assets. . ." *Id.* at ¶ 42. Moreover, Plaintiff demands equitable *monetary* relief in the form of a "restatement of [its] trust fund balances in conformity with the ultimate and complete accounting, and to any additional equitable relief that may be appropriate (e.g., disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties)." *Id.* at ¶ 43; *see also* Prayer for Relief ¶¶ 5-6.

On December 29, 2006, Plaintiff filed the complaint in this case with this Court (the "CFC Complaint") (Docket # 1). As with the District Court Complaint, the CFC Complaint alleges that the "United States, as trustee, has never provided the Community a complete and accurate accounting of the revenue the United States collected or was required to collect. . ." *See* CFC Complaint at ¶ 25; *also see* ¶ 30. Moreover, Plaintiff asserts that it is entitled to a monetary award against Defendant based on the purported breach of fiduciary duties related to its mismanagement of the Community's "tribal trust land," natural resources, and management of judgment and tribal funds. *See Id.* ¶¶ 1, 9-17, 20-42. Plaintiff specifically requests that this Court make a "determination that the Defendant is liable to the [Salt River] Community in damages for the injuries and losses caused as a result of Defendant's breaches of fiduciary duty." *See Id.* Prayer for Relief ¶ 1.

The District Court action was filed on December 29, 2006, as was the CFC action. In addition, as explained *infra*, it appears that the District Court action was filed earlier in the day than the Court of Federal Claims action. The District Court assigns case numbers to new actions in the

order in which those actions are filed. *See, e.g.*, Plaintiff's Responses And Objections To Defendant's First Set Of Interrogatories (hereinafter, "Plaintiff's Responses To Interrogatories"), Response to Interrogatory No. 11, at 17. (A copy of Plaintiff's Responses To Interrogatories is attached hereto as Ex. 2.) The District Court's docket for Friday, December 29, 2006, shows that *Passamaquoddy Tribe of Maine v. Kempthorne*, Civil Action No. 06-cv-02240, one of three lawsuits filed by Plaintiff's counsel in the District Court on December 29, was the first case filed in the District Court that day. *See* Court's Docket, Ex. 3. The second case filed in the District Court on December 29 was *Salt River Pima-Maricopa Indian Community v. Kempthorne*, Civil Action No. 06-cv-02241, also filed by Plaintiff's counsel. Ex. 3. The Ak-Chin case, *Ak-Chin Indian Community v. Kempthorne,* Case No. 06-cv-02245, was the sixth case filed in the District Court on December 29. Ex. 3. The same individual, paralegal Alexis Applegate, filed all of those Complaints. (Ex. 2, Plaintiff's Responses To Interrogatories, Response No. 11, at 13-14.) Twenty-six additional cases were filed in the District Court that day, after the Ak-Chin Complaint was filed. Ex. 3.

Documents produced by Plaintiff show that at 8:59 a.m. on December 29, 2006, counsel of record Keith Harper told his colleague Ms. Applegate, that changes needed to be made to all the Court of Federal Claims Complaints while she filed the District Court Complaints. *See* (SR000229, attached hereto as Ex. 4: "Alexis, REDACTED in all the CFC Complaints. So we will have to run those copies again while you file the DDC."[1/])

Counsel for Plaintiff (the Kilpatrick Stockton law firm) in this action also represents three other Tribal Plaintiffs in their respective cases brought in this Court against the United States (the

---

[1/] *See also* Ex. 2, at 15.

Ak-Chin Indian Community; the Tohono O' Odham Nation; and the Passamaquoddy Tribe of Indians). *See* Ex. 2, Plaintiff's Responses To Interrogatories, Response No. 11, at 13-14. Counsel filed Complaints in the Court of Federal Claims on behalf of each of these Tribes on December 29, 2006. *See Ak-Chin Indian Community v. The United States*, 06-932L (ECH); *Passamaquoddy Tribe v. United States*, No. 06-942L and *Tohono O' Odham Nation v. United States*, 06-944L; *also see* Affidavits of Alexis E. Applegate, May 1, 2007, and August 2, 2007 bearing document production numbers SR000235-236 and SR000237-241, attached hereto as Ex. 5. The United States propounded discovery requests upon the Ak-Chin Indian Community limited to issues connected to its motion to dismiss the complaint in that action pursuant to 28 U.S.C. § 1500 (Dkt. No. 23). The Ak-Chin's documents and answers to interrogatories show that at 11:41 a.m. on December 29, Justin Guilder, a lawyer at the Kilpatrick Stockton firm, sent Edward Roybal, a lawyer with a Tucson, Arizona, firm representing Ak-Chin, an e-mail "requesting information to be included in the Complaint filed in this [Court of Federal Claims] action." (*See* Plaintiff's [Ak-Chin's] Responses To Interrogatories, Response No. 8, at 10 (Ex. 6); and e-mails bearing document production numbers AKCHIN00114 and AKCHIN00130, which is attached hereto as Ex.7. As the Ak-Chin admit, that email "evidences that the instant [Ak-Chin Court of Federal Claims] action had not been filed as of 11:41 a.m." on December 29, 2006. (*See* Ex. 6, Plaintiff's [Ak-Chin's Responses To Interrogatories, Response No. 8, at 10.) There is no evidence, nor does it make logical sense, that the Complaints filed by the Kilpatrick Stockton law firm in this Court on December 29, 2006 were made other than simultaneously.[2/] Thus, by implication, because the *Ak-*

---

[2/] *See* Ex. 5 (Affidavits of Alexis Applegate dated May 1, 2007 and August 2, 2007). Neither of Ms. Applegate's recent affidavits refute the logical presumption that the Court of Federal Claims filings on December 29, 2006 were made simultaneously, especially given counsel's apparent concern (continued...)

*Chin* Complaint (06-932L) had not been filed with this Court as of 11:41 a.m., the Plaintiff's Complaint in this case had yet to be filed as of 11:41 a.m. *See* Ex. 4.

Taxi cab receipts for the trip Ms. Applegate took to and from the District Court on December 29, 2006, to file Plaintiff's District Court Complaints, bear the handwritten notation "a.m." right under the date, showing that Ms. Applegate made those trips in the morning.[3/] (A Photocopy of the taxi cab receipts, bearing document production number SR00020, is attached hereto as Ex. 8.) At 12:41 p.m., in response to an e-mail query from William Austin, Esquire, Ms. Applegate sent Mr. Austin an e-mail stating that the complaints had been filed and that she was awaiting the summonses. (A photocopy of the e-mail, bearing document production number SR000197, is attached hereto as Ex.9.)

By 3:14 p.m. on December 29, 2006, the same date that the Salt River Complaint was filed in the District Court and the summonses issued, a summons, and a copy of the District Court Complaint and related papers had been served on the Secretary of the Interior, at 1849 C Street, N.W. and on Ross O. Swimmer. (Photocopies of the affidavits of service, bearing document production numbers SR00023 and SR00029, respectively, are attached hereto collectively as Ex. 10.)

## II. ARGUMENT

### A. APPLICABLE LEGAL STANDARDS

The determination of whether this Court has subject matter jurisdiction to hear Plaintiff's

---

[2/](...continued)
regarding potentially abbreviated holiday hours at each Court. *See* Ex. 2 at 15-16; Ex. 5 at SR00239-240.

[3/]There is an additional set of taxi cab receipts for December 29, 2006, bearing the handwritten notation, "2d trip." SR00021, Ex. 8.

claims is a question of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"); *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002) (noting that the Federal Circuit reviews *de novo* whether the Court of Federal Claims possessed jurisdiction because this is a question of law). Dismissal is appropriate under RCFC 12(b)(1) where the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500. *See, e.g., Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500 and pursuant to RCFC 17(a)); *Wilson v. United States*, 32 Fed. Cl. 794 (1995) (granting government's motion to dismiss pursuant to 12(b)(1) or 12(b)(4) for lack of jurisdiction under 28 U.S.C. § 1500); *Firebaugh Canal Water Dist. v. United States*, 70 Fed. Cl. 593 (2006) (granting government's motion to dismiss pursuant to 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500).

**B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500**

When this case was filed in this Court on December 29, 2006, Plaintiff already had a pending case in the District Court. *See* Exhibit 3. The claims against Defendant in this case and the District Court case arise out of the same operative facts and, in both cases, Plaintiff is seeking monetary relief from the Defendant. Plaintiff's earlier filing of its district court case operates to divest this Court of jurisdiction under 28 U.S.C. § 1500, and, as a result, this case must be dismissed for lack of jurisdiction.

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The purpose of the statute is to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States,* 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992).

Section 1500 forbids a plaintiff from filing in this Court a claim against the United States that is already pending in another court. The Federal Circuit has held that a claim is pending in another court if it was filed earlier, or simultaneously with, the claim asserted in the Court of Federal Claims. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Analyzing whether claims are the same or distinctively different "requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Id.* at 1329 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994)). Such a comparison involves evaluating the Complaints filed in each Court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints). Thus "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." *Loveladies*, 27 F.3d at 1551-52 (emphases omitted).

This Court has consistently defined the term "claim" for purposes of a Section 1500 analysis to turn on operative facts, rather than legal theories. *See British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438, 440 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F.Supp. 236, 238 (Ct. Cl. 1957); *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988). Further, the operative facts pleaded need not be identical. 855 F.2d at 1562-63. It is sufficient that they are substantially the same. *See Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993).

Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. *Harbuck*, 378 F.3d at 1329. It is enough that there is some overlap in the relief requested. *Id.*

The Court should dismiss this case because the three essential elements for Section 1500 dismissal are present: (1) the District Court case was pending when the Complaint was filed in this Court; (2) the two Complaints involve similar operative facts; and (3) Plaintiff is seeking overlapping monetary relief in both courts.

**1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court**

Plaintiff bears the burden of establishing jurisdiction, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), which burden includes, in the context of 28 U.S.C. § 1500, establishing that the District Court case was not pending at the time Plaintiff filed its Complaint in this Court. For the purpose of a Section 1500 analysis, Plaintiffs' District Court Complaint was pending when the CFC Complaint was filed.

First, although Defendant recognizes that this Court ruled otherwise in *Breneman v. United States,* 57 Fed. Cl. 571 (Fed. Cl. 2003), an action in another court should be deemed "pending" if it was filed on the same day as a complaint in this court. This is precisely the approach the Federal Circuit has adopted when applying section 1500 to cases which were transferred to this Court pursuant to 28 U.S.C. § 1631. See, e.g., *Harbuck v. United States*, 378 F.3d at 1328 (Fed. Cir. 2004). "[T]he 'filing' of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." *Harbuck*, 378 F.3d at 1328 (quoting *United States v. County of Cook, Ill.*, 170 F.3d 1084, 1087-89 (Fed. Cir. 1999).

In a recent decision in this Court, *Cooke v. United States*, 77 Fed. Cl. 173 (2007), the Court applied the Federal Circuit's approach to determine that a same day filing scenario in the District Court

and the Court of Federal Claims was sufficient to implicate § 1500's jurisdictional bar.[4/] In *Cooke* the plaintiff filed her District Court Complaint alleging unequal pay under the Equal Pay Act (EPA) and retaliatory action under the Fair Labor Standards Act (FLSA) on April 28, 2006. *See* 77 Fed. Cl. at 175-76. Ms. Cooke amended her District Court Complaint on October 9, 2006 to withdraw her FLSA count. *Id.* Ms. Cooke moved to transfer her EPA claim to the Court of Federal Claims, her request was granted on October 26, 2006. *Id.* On November 11, 2006, Ms. Cooke filed an Amended Complaint in the District Court alleging violation of the FLSA. *Id.* at 176. Section 1631 provides that, if the conditions set forth in that statute are met,

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "Under the transfer statute, an 'action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.'" *Cooke* 77 Fed. Cl. at 176. The Court held for purposes of section 1500 that:

> [w]hen Ms. Cooke filed her FLSA and EPA claims in the District Court on April 28, 2006, then later transferred her EPA claim to this Court, section 1631 mandated that her EPA claim be deemed filed in this Court on the same day it was filed in the District Court. Thus, Ms. Cooke's EPA claims must be treated as filed in this Court on April 28, 2006, the same day as her FLSA was filed in the District Court.

*Id.* (citation omitted). Although the *Cooke* Court ultimately declined to apply section 1500's jurisdictional bar on other grounds, it is clear that the Court deemed the amended District Court action to be "pending" for purposes of section 1500 when the two actions were filed on the same day. *See*

[4/] The Court in *Cooke* ultimately declined to apply § 1500 as a jurisdictional bar because the claims in the District Court and in the Court of Federal Claims were not the "same" for purposes of § 1500. *See Cooke*, 77 Fed. Cl. at 175.

*Cooke,* at 175-176.

Considered in view of the purpose of § 1500 – to avoid forcing the United States to defend two cases concerning the same operative facts in two different fora – there is no reason to treat a same-day filing accomplished by delivery to the Clerk of a new Complaint differently from a transfer of an action pursuant to 28 U.S.C. § 1631. A same-day filing in a federal district court, like a transferred action or appeal, should be considered already "pending" for the purpose of 28 U.S.C. § 1500, and should operate to divest this Court of jurisdiction to entertain any CFC action filed the same day.

In summary, filings are "simultaneous" if they are filed the same day, regardless at what time each was filed; and therefore a same-day District Court action is deemed to have been "pending" at the time the Court of Federal Claims action was filed. This "same day filing" rule makes sense because the purpose of § 1500 is to make a plaintiff elect in which forum to proceed so the United States does not have to defend the same claim in two courts at the same time. *See, e.g., UNR Indus. v. United States,* 962 F.2d at 1018 and 1021; *Harbuck v. United States*, 378 F.3d at 1328. Consistent with that statutory purpose, the focus of the § 1500 inquiry in this case, where both actions were filed on the same day, should be on whether the claims and operative facts are the same, not on the precise time of day of the respective filings.

The "same day filing" rule makes sense also because, as the PACER docket sheets for this matter show, federal courts record the filing of pleadings and other documents by date only. *See* Ex. 11 (PACER Docket Sheet for *Salt River Pima-Maricopa Indian Community v. Kempthorne,* Case No. 06-cv-02241 (D.D.C.)) *and* Ex. 12 (PACER Docket Sheet for this action.). The date-stamp used by the Clerk's Office in the District of Columbia notes only the date, but not the time of filing. *See* Ex. 1. The Court of Federal Claims does not "time-stamp" documents filed in the Clerk's Office, as the record here reflects. (A photocopy of the first page of the Complaint in this case, bearing the Court's

date-stamp, is attached hereto as Exhibit 13.)

The application of § 1500 should be consistent with the record-keeping practices of the federal courts. Otherwise, federal courts would be required to change their record-keeping structure or evidentiary hearings would be required on all § 1500 questions to ascertain, by written or oral testimony and the presentation of other evidence, the precise timing of same day filings. Either way, an approach whereby the precise time of day two filings were made determines whether or not § 1500 bars one of them, would unnecessarily complicate what should be a relatively straightforward comparison of the two complaints in question. *See Dico, Inc. v. United States*, 48 F.3d 1199, 1203 (Fed. Cir. 1995) (noting that the application of § 1500 is based on the well-pled allegations in the complaints). Moreover, adopting an approach that allows litigants to readily avoid the clearly stated purposes of § 1500 by orchestrating the timing of their complaints so that the district court action is not deemed "pending" although it was filed the same day as the action in this court, would undermine the statute's purpose.[5/]

Although the United States maintains that the question of which of two filings was filed first on the same day does not matter for the purpose of § 1500, the evidence shows that Plaintiff has not met its burden to establish that it filed the Court of Federal Claims action on December 29 before it filed the District Court action that same day. Accordingly, even under the rule this Court enunciated in *Breneman v. United States* (with which Defendant disagrees), Plaintiff's District Court action was

[5/] On this last point, it should be noted that a plaintiff already can easily avoid § 1500 by simply filing its Court of Federal Claims complaint on one day, and then filing its federal district court complaint on a later day. Although a plaintiff who elects this course still must face the possibility that claims filed in the federal district court may be transferred to this court, or the possibility that the United States may seek a stay of the claims filed in this court pending final resolution of the district court case, it is not difficult for a plaintiff to avoid the dismissal mandated by § 1500. The fact that § 1500 can easily be avoided by plaintiffs constitutes yet another reason why the court should reject Plaintiff's arguments in this case.

pending when it filed its claim in this Court.

As the United States noted above, the District Court's docket indicates that the Salt River Pima-Maricopa Complaint was just the second Complaint filed in that Court on Friday, December 29, out of a total of thirty-six Complaints filed throughout the day. The docket also shows that a Complaint filed by Plaintiff's counsel for another litigant, the Passamaquoddy Tribe of Maine, was the very first case filed that day. Furthermore, the sixth Complaint filed in the District Court on December 29 was also filed by the Kilpatrick Stockton law firm (for the Ak-Chin Indian Community). As discussed above, Plaintiff's discovery responses show, and more importantly, Plaintiff has failed to rebut the logical presumption that paralegal Alexis Applegate filed all of those Complaints in one singular trip to the Court of Federal Claims. (*See* Ex.2, Plaintiff's Responses To Interrogatories, No. 11, at 13-14.); *also see* Ex. 5. In addition, taxi cab receipts produced by Plaintiff show that Ms. Applegate traveled to the District Court (and back to the Kilpatrick Stockton law firm) in the morning of December 29. *See* Ex. 8 That is consistent with the e-mails produced by Plaintiff's counsel, which show that counsel of record told Ms. Applegate he had to make changes to the CFC Complaints while she filed the District Court Complaints (*see* Ex. 4); and that attorney Justin Guilder was still gathering information needed for the Ak-Chin Court of Federal Claims Complaint at 11:41 a.m. *See* Exs. 6 and 7. That evidence indicates that the District Court Complaint was filed in the morning, while the CFC Complaint was not completed until some time after 11:41 a.m. – *i.e.*, after the morning was over.

In its discovery responses, Plaintiff claims that its counsel orally countermanded his 8:59 a.m. instruction (contained in an e-mail message), that the District Court complaints were to be filed while he made changes to the Court of Federal Claims Complaint.[6/] *See* Ex. 2, Plaintiff's Responses to

[6/] In response to Defendant's discovery requests, Plaintiff did not produce any electronic evidence (continued...)

Interrogatories, No. 11 at 14-15. Plaintiff also claims that Ms. Applegate is "certain" she filed the Court of Federal Claims Complaint in this case (and in the *Passamaquoddy*, *Ak-Chin*, and *Tohono O'odham* cases) before filing the *Salt River Pima-Maricopa* District Court Complaint. But these generalized and self-serving, retrospective assertions based on no verifiable evidence make the evidence ambivalent. At the very most – they are inadequate to carry Plaintiff's burden to show the District Court action filed by Plaintiff on December 29 was not pending at the time the Court of Federal Claims action was filed, in light of the contrary evidence summarized above. In fact, the only evidence the Plaintiff has offered with respect to the timing of the filing of the Complaint in this action is that it was filed sometime "between 9:26 a.m. and 12:41 p.m." *See* Ex. 2, Plaintiff's Responses to Interrogatories, No. 8 at 11-12. This is all the more true when the District Court's docket shows the Complaint at issue was the very second Complaint to be filed (and to be issued a case number) in the District Court on December 29.

Moreover, Defendant notes that the difficulty of establishing which Complaint was filed first, when both are filed on the same day, underscores the awkwardness and artificiality of a regime that makes the § 1500 inquiry turn on the time of day a case was filed, particularly when neither this court's nor other federal courts' filing systems routinely record or document that information.

For all of these reasons, this Court should conclude that the District Court action was already

[6](...continued)
such as metadata evidencing the last time on December 29, 2006 that the Complaint filed in this Court was electronically edited or changed. Clearly, this type of evidence would have narrowed the time frame by which one could determine when the Complaint in this Court was filed. Moreover, such evidence is contemplated as discoverable pursuant to RCFC 34(a), and could have been produced given counsel's assertion that he "orally countermanded" his instructions regarding filing the District Court Complaints *while changes were being made* to the Court of Federal Claims Complaints. *See* Ex. 2, Plaintiff's Responses to Interrogatories, No. 11 at 14-15 (emphasis added).

pending when the above-captioned action was filed in this Court. Moreover, there can be no question that Plaintiff failed to carry its burden to show otherwise, as it must do to establish jurisdiction over its claims in this Court. *See, e.g., Reynolds,*, 846 F.2d at 748.

### 2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts

A comparative reading of the District Court and CFC Complaints confirms that they are based on substantially the same facts. *See Loveladies*, 27 F.3d at 1551-52; *see also Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993). Both complaints use essentially identical factual allegations, namely, that the United States, as trustee, breached fiduciary duties owed to Plaintiff by allegedly failing to properly manage Tribal trust funds and assets. *Compare* District Court Complaint ¶¶ 1-4, 12-44 *with* CFC Complaint ¶¶ 1, 9-42. Moreover, Plaintiff cites to identical provisions of law in support of its contention that the United States breached fiduciary duties owed to the Plaintiff. *Compare* District Court Complaint ¶ 16, *with* CFC Complaint ¶ 16. Consequently, the facts underlying these allegations are substantially the same in both cases.

#### a. <u>The District Court Complaint</u>

In particular, in seeking an accounting in District Court, Plaintiff requests judicial review of the Government's past actions related to its management of (1) Plaintiff's tribal trust lands, associated resources and income derived therefrom; and (2) other assets held in trust by the Government for the Plaintiff's benefit in the form of monies derived from judgments entered by federal courts on various claims brought by Plaintiff against the Government. *See* District Court Complaint ¶¶ 2-3, 13, 14. Moreover, Plaintiff seeks review of the Government's contemporaneous record-keeping, or accounting of those actions. *See* District Court Complaint ¶¶ 4(b), (e); 20(a), (b); 34-39. In the District Court Complaint, Plaintiff alleges that:

> Tribal lands, associated resources, and the income derived therefrom constitute a substantial portion of the assets held by the United States in trust for the Community's benefit. Title to the land constituting the Community's reservation is held in trust by the United States, with the Community as the beneficial owner of the land and associated natural resources. Income is derived from, *inter alia,* the sale of these natural resources and the conveyance of certain interests in the Community's tribal trust land, including leases, easements, and rights of way. These assets and the income they produce form the core of the Community's tribal trust assets.

*Id.,* ¶ 13.

Among others, the breaches alleged by Plaintiff relating to the Government's management of tribal lands, associated resources and judgment monies include: (1) failure to provide and unconscionably delaying the performance of a complete, accurate and adequate accounting of trust property; (2) the failure to maintain adequate books and records with respect to the trust property, including but not limited to, records of leases and other contractual arrangements giving rise to income from the trust property and records of investments of tribal trust assets; (3) the failure to take reasonable steps to preserve and protect trust property; (4) the failure to use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property within the constraints of law and prudence; and (5) the failure to ensure that trust assets are used for their highest and best use. District Court Complaint ¶ 20.

Plaintiff contends that these breaches of fiduciary duties have limited its ability to know, or ascertain (1) the true state of its trust assets, including funds and related accounts holding such funds; (2) what amounts should have been credited to it and deposited into its accounts; (3) what amounts it should have been paid; (4) how much of its property has been diverted or converted to other uses; (5) to what extent the United States failed to maximize profits; or (6) whether the United States has attained fair market value for leases and sale of trust assets. District Court Complaint ¶ 21. Plaintiff alleges that the accounting that it receives in the District Court will illuminate the true state of its tribal

trust assets and verify the accuracy of balances in its tribal trust fund accounts. *See* District Court Complaint, ¶¶ 1, 4, 19-21, 34, 42-43.

b. The Court of Federal Claims Complaint

Much like in the District Court action, in the Court of Federal Claims Complaint in this case, Plaintiff demands judicial review of the Government's past action related to its management of (1) Plaintiff's tribal trust lands, associated resources and income derived therefrom; and (2) other assets held in trust by the United States for Plaintiff's benefit in the form of monies derived from judgments entered by federal courts on various claims brought by Plaintiff against the United States. *See* CFC Complaint ¶¶ 1, 11-15, 23-42.

As with the District Court Complaint, Plaintiff asserts that the assets and income produced from tribal lands and associated natural resources "form a significant portion of the Community's trust assets." *Compare* CFC Complaint ¶¶ 13 *with* District Court Complaint ¶ 13 ("[t]hese assets and the income they produce form the core of the Community's tribal trust assets."). Plaintiff specifically challenges the adequacy of the compensation that it received from leases and permits for interests in natural resources, asserting that the Defendant failed to achieve "fair market value" for the use of the Community's natural resources. *Compare* CFC Complaint ¶ 26, *with* District Court Complaint ¶¶ 20(f), (g), 21. Plaintiff makes similar assertions with respect to the Defendant's management of non-mineral leases and agreements for interests in land such as easements, rights of way, and land and building leases. *Compare* CFC Complaint ¶ 31, *with* District Court Complaint ¶ 20(f), g, 21. With respect to Defendant's management of other assets such as judgment and tribal fund monies, Plaintiff asserts that Defendant failed timely to invest said monies and failed to obtain the maximum investment returns possible. *Compare* CFC Complaint ¶¶ 34-36 and 40-41 *with* District Court Complaint ¶¶ 4 (c) and (d), 14, 19(f), 20(f)(g), 21.

While the District Court Complaint anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breach of fiduciary duties committed by the Federal Defendants, the CFC Complaint anticipates achieving the same result by way of an evidentiary hearing, in connection with Plaintiff's claims for money damages. *See* CFC Complaint ¶¶ 27, 32, 37 and 42 (alleging Plaintiff's entitlement to damages "in an amount to be proven at trial"). Nevertheless, with respect to Plaintiff's natural resource trust asset claims and its non-natural-resource trust asset claims alike, the same operative facts underlie both the District Court and CFC Complaints. Examples of those common operative facts include what funds were collected and deposited and when, and whether those collections and deposits of funds or proceeds were in an appropriate amount. Plaintiff's District Court Complaint contains allegations that uncollected or undercollected receipts ("what amounts <u>should have been</u> credited to the Community and deposited in these accounts" (District Court Complaint ¶ 21) (emphasis added)) are among the facts that must be addressed in the "full and complete accounting" that Plaintiff seeks in the District Court. Meanwhile, in the instant CFC action, the same operative facts are at issue. For example, in ¶ 30 of the CFC Complaint, Plaintiff alleges that "[t]he United States, as trustee, has never provided the Community a complete and accurate accounting of the revenue the United States collected or was required to collect, in granting easements and rights of way, and leasing tribal properties . . . which it is required to maintain as a trustee" and they claim they are entitled to damages for such alleged mismanagement. Court of Federal Claims Complaint ¶ 32. The operative facts underlying both Plaintiff's accounting and damages claims are the same – namely, what funds were collected and deposited and when. Similarly, with respect to Plaintiff's judgment and trust funds claims, the same operative facts – how the trust funds were appropriated, how and when they were invested, and the resources from which the Tribe received consideration – underlie both the District Court and CFC

cases. Thus, for the purpose of an analysis under 28 U.S.C. § 1500, both the District Court and CFC Complaints arise from the same operative facts. *Compare UNR Industries,* 962 F.2d at 1023-24.

**3. The District Court and CFC Complaints Contain Substantially Overlapping Claims for Monetary Relief**

The Complaints in the District Court and in the CFC cases each seek an initial judicial determination as to the nature and scope of the Defendant's fiduciary duties pertaining to the management and administration of its trust assets. *Compare* District Court Complaint ¶¶ 1, 4, 19-31, 38-39, Prayer for Relief ¶¶ 1, 4, 6, *with* CFC Complaint ¶¶ 1, 20-42, Prayer for Relief ¶ 1. Also, the Complaints seek *monetary* relief against the Defendant arising from the same breach that Plaintiff hopes the courts will find. Under such circumstances, Section 1500 automatically divests this Court of jurisdiction where a Plaintiff has overlapping claims of this nature in more than one forum. *See Harbuck*, 378 F.3d at 1329.

Despite its assertions to the contrary, in the District Court action, Plaintiff requests more than an order for a simple equitable accounting. There, Plaintiff contends that the true balances of its trust accounts are inaccurate and, in addition to seeking a restatement of account balances, Plaintiff wants the Court to find other alleged breaches of trust, and to order payment of money in the form of "disgorgement" and "equitable restitution." *See, e.g.*, District Court Complaint ¶¶ 1, 4(f), 19-21, 43, and 44; Prayer for Relief, ¶¶ 4-6. Tellingly, some of the specific breaches alleged by Plaintiff include the failure to "maximize the productivity of trust property" and to "ensure that trust assets are used for their highest and best use." *See* District Court Complaint ¶¶ 4(c), 19(f), (g), 20 (f) and (g). Plaintiff asks the District Court to first define the scope of the Defendants' fiduciary duties related to the management and administration of its trust assets and subsequently to declare or "decree" Defendants to be in breach of said duties. *See Id.* ¶¶ 1,4, 19-44, Prayer for Relief ¶¶ 1, 2, 4. Once

armed with the District Court's declaration, the accounting will commence, and, Plaintiff hopes, ultimately culminate with an order from the District Court restating Plaintiff's trust fund account balances and/or awarding equitable restitution or disgorgement against the Government. *See Id.* ¶¶ 33-43, Prayer for Relief ¶¶ 5-6. Restitution is a remedy that may come in the form of "a judgment at law or decree in equity for the payment of money, directly or by way of set-off or counterclaim" among other things. *See Restatement (First) of Restitution*, § 4(f) (1937). Disgorgement is defined as the "act of giving up something (such as profits illegally obtained) on demand or by legal compulsion." *Black's Law Dictionary* (7th ed. 1999); *see also United States v. Phillip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).[7]

The request for monetary relief Plaintiff asserts in this forum to redress what it contends are breaches of trust related to the management and administration of Plaintiff's trust property is already pending against the United States in the District Court. *Compare* CFC Complaint, ¶¶ 1, 27, 32, 37 and 42; Prayer for Relief, ¶ 2 *with* District Court Complaint, ¶ 43; Prayer for Relief, ¶ 6. The District Court claims for a restatement of trust fund account balances by way of restitution and/or disgorgement, in essence, seek a return to Plaintiff of the money that it contends is improperly possessed by the Government – the same result Plaintiff seeks in this Court. *See Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007 (Ct. Cl. 1967) (stating that non-contractual claims acceptable for consideration by this Court "can be divided into two somewhat overlapping classes-those in which

---

[7] Defendant does not agree that the District Court has jurisdiction to award the monetary relief that Plaintiff seeks in that Court. But the validity of Plaintiff's claim in the District Court should not be relevant to the Court's determination under Section 1500, which requires only that the same claim be pending in another court at the time the CFC action is filed. It should be for the District Court to consider Defendant's assertions that it does not have jurisdiction to award the monetary relief that Plaintiff seeks. *Compare Forsgren v. United States*, 73 Fed. Cl. 135, 142 (2006) ("This court will not step into the shoes of a district court judge and create the fiction that the district court complaint is 'deemed' dismissed.").

the plaintiff has paid money over to the Government, directly or in effect, and seeks a return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury.") If this Court determines that Defendant in fact breached fiduciary duties owed to Plaintiff based on Defendant's management and administration of Plaintiff's trust funds and assets, by failing, for example, to achieve fair market value for leases, easements and rights-of-way (*see* CFC Complaint ¶¶ 26, 31), or failing to collect receipts. (*see* CFC Complaint, ¶ 31), then Defendant could be ordered to disgorge money or pay restitution to Plaintiff to compensate for monies that Plaintiff contends it should have always had. *See* District Court Complaint ¶¶ 4, 21, and Prayer for Relief, ¶ 6. The same holds true for Plaintiff's claims related to judgment and trust fund monies. *See* CFC Complaint ¶¶ 34-37, 42 Plaintiff's pleadings in both courts thus assert overlapping claims for monetary relief based on the same set of operative facts. *See British American*, 89 Ct. Cl. at 440. Congress explicitly deprived this Court of jurisdiction over these types of cases when it enacted 28 U.S.C. § 1500. *See Johns-Manville*, 855 F.2d at 1565. Moreover, "[t]he purpose of the statute includes avoiding '[t]he possibility of inconsistent judicial resolution of similar legal issues[,] . . . unfair burden to the defendant, and unnecessary crowding of this court's docket and general administrative chaos.'" *Scott Aviation v. United States*, 23 Cl. Ct. 573, 575 (1991) (citing *Johns-Manville,* 855 F.2d at 1562, quoting *City of Santa Clara v. United States*, 215 Ct. Cl. 890, 893 (1977)).

## III. <u>CONCLUSION</u>

In sum, the Plaintiff's Complaint in this Court overlaps with the District Court Complaint in its entirety. There the Plaintiff seeks a *restatement* of its trust fund account balances to compensate for purported mismanagement by the Government regarding its trust property (mineral and non-mineral assets) and trust funds. Plaintiff seeks the same relief here. The Plaintiff intends to use its

District Court case to precisely-identify and define the Government's mismanagement of its trust property and trust funds, followed by an accounting and award of monetary *restatement* of its trust fund account balances. Plaintiff seeks the same result here. Prosecution of Plaintiff's claims to their conclusion in both Courts requires analysis of the *same* operative facts. Because Plaintiff ultimately seeks monetary relief from the Government in these cases, section 1500 applies and as such this Court should dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 23rd day of August, 2007,

RONALD J. TENPAS
ACTING ASSISTANT ATTORNEY GENERAL

*s/ Kevin J. Larsen*

Kevin J. Larsen
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL

JOHN H. MARTIN
United States Department of Justice
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
TEL: (303) 844-1383
FAX: (303) 844-1350

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL E. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227