# PLAINTIFF'S APPENDIX TO BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

| | |
|---|---|
| Second Affidavit of Alexis Applegate | Exhibit 1 |
| Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories | Exhibit 2 |
| SR00334 | Exhibit 3 |
| SR00019-21 | Exhibit 4 |
| SR000228 | Exhibit 5 |
| SR00069 | Exhibit 6 |

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-943L<br>Judge Lawrence M. Baskir |

**SECOND AFFIDAVIT OF ALEXIS APPLEGATE**

The undersigned, Alexis Applegate, deposes and states as an affidavit the following:

1.

I am over eighteen years of age and am competent to testify to the facts stated herein. I have personal knowledge of and state that the facts set forth herein are true and correct.

2.

I am a paralegal at Kilpatrick Stockton LLP and have been working at Kilpatrick Stockton LLP since 2000. In my capacity as a paralegal at Kilpatrick Stockton LLP, I am responsible for filing pleadings in various courts, including the United States Court of Federal Claims and the United States District Court for the District of Columbia.

3.

On December 29, 2006, I filed Complaints initiating the following actions in the United States Court of Federal Claims: *Ak-Chin Indian Community v. United States*, 06-932L; *Passamaquoddy Tribe v. United States*, No. 06-942L; *Salt River Pima-Maricopa Indian Community v. United States*, No. 06-943L; and *Tohono O'odham Nation v. United States*, 06-944L (collectively, "Court of Federal Claims Actions").

4.

That same day, I filed a Complaint in the United States District Court for the District of Columbia initiating the action styled *Salt River Pima-Maricopa Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02241-JR ("Salt River District Court Action").

5.

Keith M. Harper is Counsel of Record in the Court of Federal Claims Actions and Lead Counsel in the Salt River District Court Action. Mr. Harper is a partner at Kilpatrick Stockton LLP and my supervisor.

6.

On the morning of December 29, 2006, Mr. Harper orally instructed me to file the Complaints initiating the Court of Federal Claims Actions at

the earliest possible time on December 29, 2006. Mr. Harper explained that because I had successfully filed the Complaint in the action styled, *Tohono O'odham Nation v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02236-JR in the District Court on December 28, 2006, Mr. Harper was comfortable that he and I understood the necessary procedures to perfect the filing of a Complaint in the District Court.

7.

Mr. Harper further explained to me that because Mr. Harper and I had not yet filed any Complaints initiating actions in the Court of Federal Claims, he was not comfortable with the filing procedures in that Court. In addition, the person I spoke with at the Court of Federal Claims was unable to confirm that the Court of Federal Claims would not close early that day due to the upcoming holidays, which I conveyed to Mr. Harper. Mr. Harper instructed that I should file the Complaints initiating the Court of Federal Claims Actions as early as possible, which I understood to mean before filing the Complaints I was planning to file in the District Court that day, including the Complaint initiating the Salt River District Court Action, so that Mr. Harper and I would have sufficient time to cure any potential problems

occurring in connection with filing the Complaints in the Court of Federal Claims Actions.

8.

To the best of my recollection, I followed Mr. Harper's instructions and I filed the Complaint in the Court of Federal Claims Action prior to filing the Complaint in the Salt River District Court Action.

9.

It is my practice to follow instructions from my supervisors regarding filings. If it is necessary for me to depart from such instructions, it is my practice to report back to my supervisor and explain the reasons for the departure. I do not recall departing from Mr. Harper's direction regarding the filing of the Complaints in the Court of Federal Claims Actions and the Salt River District Court Action or any conversation with Mr. Harper in which I explained that the filing of the Complaints in the Court of Federal Claims Actions and the Salt River District Court Action did not occur as he had instructed.

FURTHER AFFIANT SAYETH NOT.

Alexis Applegate
Alexis Applegate

Sworn to and subscribed before me this 13th day of September, 2007, to certify which, witness my hand and official seal.

Sandra L. Roy
Notary Public

My commission expires:
12/14/08

# EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-943L<br>Judge Lawrence M. Baskir |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to RCFC 26 and 33, Plaintiff the Salt River Pima-Maricopa Indian Community ("Salt River"), by its attorneys, hereby responds to Defendant's First Set of Interrogatories as follows:

## I. GENERAL OBJECTIONS

A. Salt River objects to General Instruction No. VI to the extent it seeks to require Salt River to supplement responses to Interrogatories which have not been propounded by Defendant, such as "the identity of and location of persons having knowledge of these matters" and "the identity, subject matter and testimony of experts who may be called as witnesses at trial or otherwise relied upon by plaintiff."

B. Salt River objects to the Interrogatories to the extent they purport to seek information protected by privilege or the attorney work product doctrine.

C. Salt River objects to Interrogatories No. 2 and 6 on the ground that they seek information outside the scope of this Court's June 26, 2007 Order directing Defendant to serve written requests for discovery "of information relevant to the factual dispute concerning the impact of 28 U.S.C. § 1500 on plaintiff's case." June 26, 2007 Order. To determine whether Section 1500 applies to this action, this Court must examine whether Salt River, when it "filed in this court, had 'pending in any other court any suit or process against the United States.'" *Breneman v. U.S.*, 57 Fed. C. 571, 575 (2003) (quoting 28 U.S.C. § 1500). Thus, the scope of the factual dispute is a very narrow one -- whether Salt River's action in the United States District Court (styled *Salt River Pima-Maricopa Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02241-JR ("Salt River District Court Action")) was "pending" at the time Salt River filed the instant action. Defendant acknowledged as much during a May 30, 2007 Hearing before Judge

Hewitt in *Ak-Chin Indian Community v. United States*, 06-932L, a case in which the same-day filing issue also is currently being litigated, saying that it would require "fairly limited discovery regarding the timing of the filings in the District Court and in the Court of Federal Claims" and only would seek e-mails and correspondence "of the particular paralegal who was to file the pleadings" through "a request for production" and "a couple limited interrogatories." May 30, 2007 Hearing Transcript, *Ak-Chin Indian Community v. United States*, 06-932L, at pp. 8-10.

Notwithstanding the Court's June 26, 2007 Order and Defendant's representations regarding the appropriately narrow scope of discovery, Interrogatories No. 2 and 6 request that Salt River describe each and every step it or its attorneys and other legal representatives took in connection with filing the instant action and the Salt River District Court Action. Each and every action performed by Salt River or its attorneys to initiate these actions is not relevant to the narrow issue of whether Salt River's District Court Action was pending at the time Salt River filed the instant action. Interrogatories No. 2 and 6 thus seek information outside the scope of permissible discovery.

These interrogatories also seek information protected from discovery by the attorney-client privilege and/or fall under the "core" or "opinion" "tier" of attorney work product because they seek information that would reveal the mental impressions, conclusions, opinion or legal theories of the attorneys or other representatives of Salt River concerning this litigation. *See Desert Management v. U.S.*, 76 Fed. Cl. 88, 93 (2007) (citing *In re Cendant Corp. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003)). This information is afforded "near absolute protection of discovery" and Salt River is not obligated to disclose it to Defendant. *Id.*

These general objections are expressly incorporated by reference into Salt River's response to each individual interrogatory below.

## II. SPECIFIC RESPONSES

**Interrogatory No 1:** Please state the name, address, telephone number, position and employer of the Person(s) answering these interrogatories, and identify any and all Persons who provided any information used in preparing your responses to [for the purpose of answering] these interrogatories.

**Response:** In answering these interrogatories, Salt River is relying upon information provided to it by Kilpatrick Stockton LLP ("Kilpatrick Stockton"), Salt River's counsel responsible for filing the instant action and the Salt River District Court Action. The following individuals from Kilpatrick Stockton provided information used to prepare the responses to the interrogatories: Keith M. Harper, Esq., G. William Austin, Esq., David Smith, Esq., Mark Reeves, Esq., Raymond Bennett, Esq., Justin Guilder, Esq., Katherine Bosken, Esq., Alexis Applegate and Sandy Roy. Catherine Aragon, Esq. and Charleen Greer, Esq., of Salt River's General Counsel's office, also provided information used to prepare the responses to the interrogatories.

**Interrogatory No 2.** Please describe, in detail, the steps taken by you to file the Complaints in the D.D.C. and the C.F.C. respectively.

**Response:** As explained in more detail above in paragraph C of Salt River's General Objections, Salt River objects to Interrogatory No. 2 on the ground that it is overly broad and seeks information outside the scope of permissible discovery because such information is not relevant to the

factual dispute of whether the Salt River District Court Action was pending at the time Salt River filed the instant action. Salt River objects to Interrogatory No. 2 on the additional grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine, including the mental impressions, conclusions, opinion or legal theories of Salt River's attorneys concerning this litigation.

Subject to and without waiving the foregoing objections, Salt River states that it relied upon Kilpatrick Stockton to file the instant action and the District Court Action. Kilpatrick Stockton states that prior to filing the instant action and the Salt River District Court Action, attorneys and support personnel at Kilpatrick Stockton drafted the Complaints and prepared accompanying materials, including cover sheets, checks to cover the filing costs, a notice of designation for related cases and a summons.

To file the instant action, on December 29, 2006, Alexis Applegate, a paralegal employed by Kilpatrick Stockton, walked to the Court of Federal Claims and handed the clerk the requisite number of copies of the Complaint, as well as a civil cover sheet and a check to cover the

accompanying filing fees. Ms. Applegate walked back to the office with a file-stamped copy of the Complaint.

To file the Salt River District Court Action, Ms. Applegate took a cab to the District Court. Ms. Applegate handed Salt River's District Court Complaint and accompanying materials to the intake clerk at the District Court who handled the filing of complaints. The clerk reviewed the materials and directed Ms. Applegate to take the check to the District Court cashier. Ms. Applegate submitted a check to the cashier, received a receipt from the District Court's cashier and then received a file-stamped copy of the Complaint, summons and related materials from the intake clerk. Ms. Applegate took a cab back to the office with a file-stamped copy of the Complaint, an executed summons and a receipt.

**Interrogatory No 3.** Please identify the persons employed at Kilpatrick Stockton, L.L.P. that performed the filing of Plaintiff's D.D.C. Complaint.

**Response:** Alexis Applegate.

**Interrogatory No 4.** Please identify the persons employed at Kilpatrick Stockton, L.L.P. that performed the filing of Plaintiff's C.F.C. Complaint.

**Response:** Alexis Applegate.

**Interrogatory No 5.** Did you use, employ, retain, otherwise engage the services of, or compensate any person, third-party contractor, courier service or company that was not an employee of the law firm Kilpatrick Stockton, L.L.P. to file or assist with filing Plaintiff's D.D.C. and C.F.C. Complaints? If the answer to this interrogatory is "yes," please identify such person(s), third-party contractor, or courier service.

**Response:** Salt River relied upon Kilpatrick Stockton to complete the filing of the Complaint in the instant action and the Salt River District Court Action. Kilpatrick Stockton did not use a third-party to assist with these filings. As explained in response to Interrogatory No. 2, on December 29, 2006, Ms. Applegate took cabs from Kilpatrick Stockton's offices to the District Court and to return to Kilpatrick Stockton's office. Ms. Applegate does not remember which cab company she used for the trips to and from the District Court and the receipts she received from each of the

cabs do not identify the cab companies. Kilpatrick Stockton used Capitol Process Services, 1827 18th Street, N.W., Washington, D.C. to serve the Complaint in the Salt River District Court Action.

**Interrogatory No 6.** For each person identified in response to Interrogatory Nos. 3 or 4, and for each person, third-party contractor, or courier service identified in response to Interrogatory No. 5, please explain in detail what tasks that person or entity performed in connection with filing Plaintiff's D.D.C. and C.F.C. Complaints.

**Response:** As explained in more detail above in paragraph C of Salt River's General Objections, Salt River objects to Interrogatory No. 6 on the grounds that it is overly broad and seeks information outside the scope of permissible discovery which is not relevant to the factual dispute of whether the Salt River District Court Action was pending at the time Salt River filed the instant action. Salt River objects to Interrogatory No. 6 on the additional grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine, including the mental impressions, conclusions, opinion or legal theories of Salt River's attorneys concerning this litigation. Subject to and without waiving the foregoing

objections, the actions Ms. Applegate took to file the Complaint in the instant action and the Salt River District Court Action are set forth in Salt River's response to Interrogatory No. 2. Salt River states as a further response: *see* Response to Interrogatory No. 5.

**Interrogatory No 7.** On, or after December 29, 2006, did you receive any document from any person confirming or stating that the Plaintiff's complaints were successfully filed with the D.D.C. and the C.F.C.? If the answer to Interrogatory No. 7 is "yes," please identify any and all documentation you received and from whom you received it.

**Response:** Plaintiff objects to Interrogatory No. 7 on the grounds that it is overly broad and seeks information outside the scope of permissible discovery which is not relevant to the factual dispute of whether the Salt River District Court Action was pending at the time Salt River filed the instant action. Subject to and without waiving the foregoing objection, Kilpatrick Stockton received receipts from the Court of Federal Claims and the District Court, as well as file stamped copies of the Complaints filed in each action. In addition, Ms. Applegate sent an e-mail to G. William Austin on December 29, 2006 at 12:41 p.m. telling Mr. Austin that all the

Complaints had been filed. Kilpatrick Stockton also received Affidavits of Service from Capitol Process Services indicating that the Complaints in the Salt River District Court Action had been served.

**Interrogatory No 8.** Please identify any and all documents in your possession, custody or control that state, evidence or reflect the times of day that the Plaintiff's complaints were filed with the D.D.C. and the C.F.C., respectively, on December 29, 2006.

**Response:** Salt River is aware of no documents which state, evidence or reflect the exact times of day that Salt River's Complaints were filed in the instant action or in the District Court. The following documents evidence the approximate time that Salt River filed the instant action and the District Court Action:

- Ms. Bosken sent an e-mail at 9:26 a.m. transmitting a draft of Salt River's Complaint filed in this action.
- Ms. Applegate sent an e-mail to G. William Austin on December 29, 2006 at 12:41 p.m. telling Mr. Austin that all the Complaints had been filed, but that she was "waiting for the summons." As explained in response to Interrogatory No. 2, Ms. Applegate did not have to return

to the District Court to retrieve the summons from the clerk in the Salt River District Court Action. Thus, these e-mails evidence that the filings of the instant action and the Salt River District Court Action were completed between 9:26 a.m. and 12:41 p.m.

- Ms. Applegate sent an e-mail to Mr. Harper on December 29, 2006 at 3:36 p.m. stating that she would let Mr. Harper know when she heard back from the process servers thus confirming that Ms. Applegate already had the summons from the District Court and the Salt River District Court Action already had been filed at that time.
- Ms. Applegate sent an e-mail to Mr. Austin on December 29, 2006 at 4:17 p.m. stating that all Complaints in each court had been filed and that she was waiting to hear if the Complaints had been served.
- Affidavits of Service show that Kempthorne and Swimmer were served with the District Court Complaint at 3:14 p.m. on December 29, 2006, confirming that the Salt River District Court Action had been filed by 3:14 p.m.

**Interrogatory No 9.** State the exact time and date the Complaint in the Court of Federal Claims was filed. If you do not know the exact time of

filing, please state your best approximation of the time, based on the information available to you.

**Response:** Ms. Applegate filed the instant action on December 29, 2006 between 9:26 a.m. and 12:41 p.m.

**Interrogatory No 10.** State the exact time and date the Complaint in the D.D.C. was filed. If you do not know the exact time of filing, please state your best approximation of the time, based upon all the information available to you.

**Response:** Ms. Applegate completed the filing of the Salt River District Court Action on December 29, 2006, after she filed the instant action and before 12:41 p.m.

**Interrogatory No 11.** Set forth in detail all facts upon which your responses to Interrogatory Numbers 9 and 10, above, are based.

**Response:** Ms. Applegate filed seven Complaints on December 29, 2006. In addition to the instant action, Ms. Applegate filed Complaints in the United States Court of Federal Claims styled *Passamaquoddy Tribe v. United States*, No. 06-942L; *Ak-Chin Indian Community v. United States,* No. 06-932L; and *Tohono O'odham Nation v. United States*, 06-944L

(collectively, the "Court of Federal Claims Actions"). Ms. Applegate also filed Complaints in the District Court initiating the actions styled *Ak-Chin Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02245-JR, *Passamaquoddy Tribe of Maine v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02240-JR and *Salt River Pima-Maricopa Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02241-JR (collectively, "District Court Actions").

Mr. Harper recalls that he orally instructed Ms. Applegate to file the Complaints initiating the Court of Federal Claims Actions at the earliest possible time on December 29, 2006, and prior to filing the Complaint initiating the District Court Actions. Mr. Harper did not give the instruction to file the Court of Federal Claims Actions prior to filing the District Court Actions out of a concern for issues related to 28 U.S.C. § 1500. Rather, because Kilpatrick Stockton had successfully filed a Complaint in the action styled, *Tohono O'odham Nation v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02236-JR in the District Court on December 28, 2006, and Mr. Harper practiced more regularly in the District

Court, Mr. Harper was comfortable that he and Ms. Applegate understood the necessary procedures to perfect the filing of a Complaint in the District Court. Because Mr. Harper and Ms. Applegate had not yet filed any Complaints initiating actions in the Court of Federal Claims and Mr. Harper was not as familiar with the filing procedures in this Court, Mr. Harper instructed Ms. Applegate that she should file the Complaints initiating the Court of Federal Claims Actions as early as possible and before filing the Complaints she was planning to file in the District Court that day so that Mr. Harper and Ms. Applegate would have sufficient time to cure any potential problems occurring in connection with filing the Complaints in the Court of Federal Claims Actions. Ms. Applegate recalls Mr. Harper expressing this concern to her and wanting to file the Complaints in the Court of Federal Claims Actions as soon as possible.

Mr. Harper remembers making this instruction in spite of an e-mail Mr. Harper sent to Ms. Applegate at 8:59 a.m. on December 29, 2006, instructing her that she would have to file the Complaints in the District Court Actions while he made changes to the Complaints in the Court of Federal Claims Actions. In light of the impending holiday, late in the

evening of December 28, 2006, Mr. Harper had asked Ms. Applegate to call the District Court and the Court of Federal Claims to determine if either of the Courts were closing early on December 29, 2006. Mr. Harper recalls that on the morning of December 29, 2006, after he sent Ms. Applegate the 8:59 a.m. e-mail, Ms. Applegate was unable to confirm that the Court of Federal Claims would not close early that day due to the impending holidays. This additional uncertainty prompted Mr. Harper to instruct Ms. Applegate to file the Court of Federal Claims Actions before filing the District Court Actions. To the best of her recollection, Ms. Applegate followed Mr. Harper's instructions and filed the Complaint in the Court of Federal Claims Actions prior to filing the Complaint in the Salt River District Court Action.

In addition, Ms. Applegate recalls that on December 29, 2006, the last trip she made to a court in connection with filing a complaint was to the District Court. Ms. Applegate specifically recalls giving a security guard at the District Court a "high-five" when she had completed all of the filings on December 29, 2006. The District Court assigned the action she filed on December 29, 2006 for the Ak-Chin Indian Community ("Ak-Chin") the

highest civil action number of all of the District Court Actions Ms. Applegate filed that day and that civil action number is not immediately before or after the civil action number assigned to the Salt River District Court Action. Because the District Court assigns civil action numbers based upon the time that the Complaints in the District Court are filed, Ms. Applegate is certain that the Complaint initiating the District Court action for Ak-Chin was the last Complaint she filed that day and was the only filing that day which necessitated her returning to the District Court to complete the filing and to retrieve the summons. Salt River states as a further response, *see* Responses to Interrogatories No. 2 and 8.

This the 2nd day of August, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
Salt River Pima-Maricopa Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-943L<br>Judge Lawrence M. Baskir |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories by delivering a copy thereof addressed to:

Kevin J. Larsen, Esq.
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

by United States Mail, with sufficient postage paid.

This the 2nd day of August, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
Salt River Pima-Maricopa Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 06-943L
Judge Lawrence M. Baskir

**VERIFICATION OF SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY**

Personally appeared before me, the undersigned Notary Public duly authorized to administer oaths, KEITH M. HARPER, ESQ., who after being duly sworn deposes and says that he is an attorney for Kilpatrick Stockton LLP and that he represents the Salt River Pima-Maricopa Indian Community in the above-styled action and that he is authorized to make this verification on its behalf and that under penalty of perjury, he certifies that the foregoing responses to interrogatories are true and correct.

This 2nd day of August, 2007.

SALT RIVER PIMA-MARICOPA
INDIAN COMMUNITY

[signature]

By: Keith M. Harper, Esq.
Its: Attorney

Sworn to and subscribed before
me this 2nd day of August 2007.

Sandra L. Roy
Notary Public

Commission Expires: 12/14/08

# EXHIBIT 3

**Munson, Catherine**

**From:** Applegate, Alexis
**Sent:** Monday, April 23, 2007 10:36 AM
**To:** Munson, Catherine
**Subject:** RE: Complaints in Salt River and Passamaquoddy

No there is no precise way- there is no time stamp on documents filed during the clerk's office business hours, just the date. I had to drop them off with the intake clerk so she could process them and then come back for them. So even if I could remember what time I went over there (I'll check my emails just in case I sent one that shows when I got back) we would have no idea what time the clerk actually filed them in the DDC. As for the CFC, I know I went over and we were missing something so I had to come back to the office and get it, but I just don't know what time all of this happened. I'll forward you any emails in my sent box that I find in case that is helpful.

---

**From:** Munson, Catherine
**Sent:** Monday, April 23, 2007 10:20 AM
**To:** Applegate, Alexis
**Cc:** Harper, Keith
**Subject:** Complaints in Salt River and Passamaquoddy

Alexis,
Do you know of a way to find out what time the SR and Passamaquoddy cases were filed in the CFC and DCt. on Dec. 29th? It is important.
Thanks,
Catherine

# EXHIBIT 4

PETTY CASH
CASH SLIP - CLIENT/FIRM EXPENSE

Date 12/29/06

Received from:
KILPATRICK STOCKTON LLP

$ 16.00

Sixteen Dollars

**Charge to:**

☐ FIRM (Description of expenditure must be shown)

☒ CLIENT

Client — Number 57831

Matter — Number 338240

DESCRIPTION: taxis to/from courthouse

SIGNED [signature]

(FORM TO BE FULLY COMPLETED AND SUPPORTING VOUCHER, IF ANY, SHOULD BE ATTACHED.)

## Taxi Cab Receipts

DATE: 12/29/06 TIME:

TRIP ORIGIN: 333 Constitution

DESTINATION: 607 14th St

FARE: $ 8.00 SIGNATURE [signature]

## TAXICAB RECEIPT

Time: 12/29/06

Date:

Origin of trip: 607 14th St

Destination: 333 Constitution

Fare: 8.00 Sign: [signature]

PETTY CASH

CASH SLIP - CLIENT/FIRM EXPENSE

Date 12/29/06

Received from:
KILPATRICK STOCKTON LLP $ 16.00

Sixteen Dollars

Charge to:

☐ FIRM (Description of expenditure must be shown)

☒ CLIENT

Client Number 57870

Matter Number 338789

DESCRIPTION: taxis to/from courthouse

SIGNED Alexis Applegate

(FORM TO BE FULLY COMPLETED AND SUPPORTING VOUCHER, IF ANY, SHOULD BE ATTACHED.)

## TAXI CAB RECEIPT

DATE: 12-29-06 a.m.

CAB FARE FROM: 607 14th St

TO: 333 Constitution Ave

NO. OF PASSENGERS: 1 TOTAL FARE: $ 8.00

CAB CO. & NO.: 966 DRIVER:

## TAXICAB RECEIPT

Time: 12/29/06

Date: pm

Origin of trip: 333 Constitution

Destination: 607 14th St

Fare: 8.00 Sign:

SR00020

PETTY CASH
CASH SLIP - CLIENT/FIRM EXPENSE

Date 12/29/06

Received from:
KILPATRICK STOCKTON LLP $ 16.00

Sixteen Dollars

Charge to:
☐ FIRM (Description of expenditure must be shown)
☒ CLIENT

Client Number 57847
Matter Number 338587

DESCRIPTION: taxis to/from courthouse

SIGNED Clifton Applegate

(FORM TO BE FULLY COMPLETED AND SUPPORTING VOUCHER, IF ANY, SHOULD BE ATTACHED.)

BARBADOS

Taxi- Receipt

Driver# ______ Cab# ______
To: 607 14th Street
From: 333 Constitution
Date: 12/29/06 Amount:$ 8.00
Signature: ______

visit www.visitbarbados.org/taxibdos to win a trip to Barbados



TAXI CAB RECEIPT

DATE: 12/29/06 TIME: 2nd trip
TRIP ORIGIN: 607 14th St
DESTINATION: 333 Constitution
FARE: $ 8.00 SIGNATURE: ______

SR00021

# EXHIBIT 5

## Applegate, Alexis

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 2:23 PM
**To:** Austin, Bill
**Subject:** RE: The Tribal Trust Case Filings

Just got back from the court... leaving soon- have to get my time in before I leave.

---

**From:** Austin, Bill
**Sent:** Friday, December 29, 2006 1:49 PM
**To:** Applegate, Alexis
**Subject:** RE: The Tribal Trust Case Filings

Thanks for the update.

When are you leaving the office?

Bill A.

---

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 12:41 PM
**To:** Austin, Bill
**Subject:** RE: The Tribal Trust Case Filings

sorry - we have filed them but I am waiting for the summons- we filed most of them today.

---

**From:** Austin, Bill
**Sent:** Friday, December 29, 2006 11:43 AM
**To:** Applegate, Alexis
**Subject:** The Tribal Trust Case Filings

Alexis--If you've not yet departed for Jekyll Island and the weekend of celebration and merriment to be hosted by Vance, would it be possible for you to e-mail me the complaints filed on Thursday in the district court and the court of federal claims?

And please convey my best wishes to Vance--tell him he's greatly missed.

Bill A.

SR000228

# EXHIBIT 6

**Guilder, Justin**

**From:** Harper, Keith
**Sent:** Thursday, December 28, 2006 9:44 PM
**To:** Smith, David; Bosken, Katherine; Guilder, Justin; Reeves, Mark; Applegate, Alexis; Roy, Sandy; Austin, Bill
**Subject:**

**REDACTED**

Alexis - can you make sure the two courts are noit closing early.

David - Anythings else?

I'll be chacking my blackberry for a while.

-----Original Message-----
From: Smith, David
To: Harper, Keith; Bosken, Katherine; Guilder, Justin
Sent: Thu Dec 28 19:12:20 2006
Subject:

**REDACTED**