IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-943-LMB |
| UNITED STATES OF AMERICA, | ) | Judge Lawrence M. Baskir |
| | ) | **Electronically Filed: 9/27/2007** |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1500**

RONALD J. TENPAS
ACTING ASSISTANT ATTORNEY GENERAL

Kevin J. Larsen
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Plaintiff's Pending District Court and Court of Federal Claims Actions are Based on the Same Underlying Operative Facts. . . . 3

1. The District Court Complaint . . . . . . . . . . . . . . . . . 5

2. The Court of Federal Claims Complaint . . . . . . . . . . . 7

3. The Plaintiff Misapplies Relevant Case Law Pertaining to "Operative Facts" . . . . . . . . . . . . . . . . . . . . . . 8

B. Plaintiff's Pending District Court and Court of Federal Claims Actions Seek the Same Form of Monetary Relief Against the Government . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1. Plaintiff's Distinction Between "Money Damages" and "Monetary Relief" is Ill-founded . . . . . . . . . . . 12

2. Plaintiff's Claims for Relief are not Distinctly Different . . 15

3. Plaintiff Seeks Monetary Compensation in both Courts for the Difference Between what the Government Actually Collected, Deposited and Invested and what the Government Should have Collected, Deposited and Invested . . . . . . 16

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alaska Airlines, Inc. v. Johnson,* 8 F.3d 791 (Fed. Cir. 1993) . . . . . . . . . . . . . . . 12

*Bowen v. Massachusetts,* 487 U.S. 879 (1988) . . . . . . . . . . . . . . . . . . . . . .13, 14

*Casman v. United States,* 135 Ct. Cl. 647 (1956) . . . . . . . . . . . . . . . . 2, 10, 15, 16

*Chavez v. United States,* 14 Cl. Ct. 212 (Cl. Ct. 1988) . . . . . . . . . . . . . . . . . 4, 19

*City of Santa Clara v. United States,* 215 Ct. Cl. 890 (1977) . . . . . . . . . . . . . . . 18

*Cobell v. Babbit,* 30 F.Supp. 2d. 24 (D.D.C. 1998) . . . . . . . . . . . . . . . . . . 14, 15

*Cooke v. United States,* 77 Fed. Cl. 173 (Fed. Cl. 2007) . . . . . . . . . . . . . . . *passim*

*Crocker v. Piedmont Aviation, Inc.,* 49 F.3d 735 (D.C. Cir. 1995) . . . . . . . . . . . 12

*d'Abrera v. United States,* 2007 U.S. Claims LEXIS 264 (2007) . . . . . . . . . . . . 9

*Dico v. United States,* 48 F.3d 1199 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . 14

*Fire-Trol Holdings, LLC v. United States,* 65 Fed. Cl. 32 (2005) . . . . . . . . . . . . 9

*Gaubert v. United States,* 28 Fed. Cl. 597 (1993) . . . . . . . . . . . . . . . . . . 4, 5, 16

*Harbuck v. United States,* 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . 5, 11, 13, 18

*Harbuck v. United States,* 58 Fed. Cl. 266 (2003) . . . . . . . . . . . . . . . . . . *passim*

*Heritage Minerals, Inc. v. United States,* 71 Fed. Cl. 710 (2006) . . . . . . . . . . . . 8

*Hill v. United States,* 8 Ct. Cl. 382 (1985) . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Johns-Manville Corp. v. United States,* 855 F.2d 1556 (Fed. Cir. 1988) . . . . . . *passim*

*Keene Corp. v. United States,* 508 U.S. 200 (1993) . . . . . . . . . . . . . . . 4, 11, 13

*Kidwell v. Dep't of Army,* 56 F.3d 279 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . .19

*Klamath & Modoc Tribes & Yashookin Bank of Snake Indians v. United States,* 174 Ct. Cl. 483 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545 (Fed. Cir. 1994) . . . . 10, 15, 16

*Lucas v. United States*, 25 Cl. Ct. 298 (1992) . . . . . . . . . . . . . . . . . . . . . . . 9

*Matson Navigation Co. v. United States,* 284 U.S. 352 (1932) . . . . . . . . . . . . . 18

*Nonella v. United States*, 16 Ct. Cl. 290 (1989) . . . . . . . . . . . . . . . . . . .2, 10, 19

*Osage Tribe of Indians v. United States,* 2005 WL 578171 (D.D.C. 2005) . . . . . . . 14

*OSI, Inc. v. United States,* 73 Fed. Cl. 39 (2006) . . . . . . . . . . . . . . . . . . . . . .16

*Scott Aviation v. United States,* 23 Cl. Ct. 573 (1991) . . . . . . . . . . . . . . . . . . . 18

*UNR Indus. v. United States,* 962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . . .11

*Vaizburd v. United States,* 46 Fed. Cl. 309 (2000) . . . . . . . . . . . . . . . . . . . . . . 5

*Weber v. United States*, 1995 U.S. App. LEXIS 32084 *3 (Fed. Cir. 1995) . . . 11, 12, 13

*Williams v. United States,* 71 Fed. Cl. 194 (2006) . . . . . . . . . . . . . . . . . . . . . . 9

**PENDING CASES**

*Salt River Pima-Maricopa Indian Community v. Kempthorne, et al.,*
Civ. No. 06-cv-02241 (D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL STATUTES AND RULES**

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## I. INTRODUCTION

Defendant hereby replies to Plaintiff's Brief (Plf's Brief Dkt. No. 19) in Response to Defendant's Motion to Dismiss pursuant to 28 U.S.C. § 1500. As Defendant explained in its opening brief, Plaintiff's claims in this Court are jurisdictionally barred because Plaintiff failed to establish that, when it filed its lawsuit in this Court, its District Court lawsuit had not yet been filed, and it is presently prosecuting the same claim for monetary relief, based upon the same underlying operative facts against the United States in two different fora at the same time.[1/]

In its District Court action, Plaintiff asks the court to declare specifically the scope of fiduciary duties applicable to the trust relationship between it and the United States with respect to the government's management and accounting of trust funds and assets, including lands; to compel the government to provide a "full and complete accounting" of all of its trust assets and funds; and to issue a post-accounting order correcting the cash balances of its trust fund accounts (by way of restitution, disgorgement or other means). *See* District Court Compl. (attached as Ex. 1 to Defendant's Motion to Dismiss (Dkt. No. 18)) ("Def's Mot.") ¶¶ 1, 39, 42-43; Prayer for Relief ¶¶ 4, 6. Similarly, in this Court, Plaintiff seeks money damages against the United States as the result of purported gross breaches of trust related to the Government's conduct as trustee for the land, mineral resources, and other assets held for Plaintiff's benefit. *See* Court of Federal Claims Complaint (CFC Compl.) (Dkt. No. 1) ¶ 1.

In sum, the underlying operative facts of the Plaintiff's claims arise from the Defendant's alleged breach of duties related to its management and accounting of the Plaintiff's trust assets and funds. Likewise, the monetary relief sought by Plaintiff in both fora is based upon the same

[1/] In addition to the instant action, Plaintiff is pursuing claims against agents of the United States in *Salt River Pima-Maricopa Indian Community v. Kempthone, et al.*, Civ. No. 1:06-cv-02241 (JR) (D.D.C.).

grievance, namely, the management of the very same tribal assets and monies held in trust commonly referenced by both complaints.

To defend effectively against the Plaintiff's monetary claims, the Government will be required to litigate the same underlying operative facts related to its management and accounting of the Plaintiff's trust funds and assets. "Such a result is exactly what Section 1500 seeks to avoid: duplicitous, potentially vexatious litigation." *See Nonella v. United States,* 16 Cl. Ct. 290, 293 (1989) (citing *Casman v. United States,* 135 Ct. Cl. 647, 649 (1956)).

As Defendant noted in its motion, it is the Plaintiff's burden to establish that this Court has jurisdiction over the action it purports to bring in this Court (Def. Mot. at 8), and Plaintiff has failed to do so. Furthermore, (without conceding Defendant's position that same-day filings should be deemed "already pending" for section 1500 purposes), the evidence indicates that the District Court Complaint in this case was filed in the morning of December 29, 2006, as the *second* filing of a total of 36 complaints filed in that Court on that day. *See* Def's Mot. Ex. 3. Plaintiff's so-called "compelling evidence" that it filed the Court of Federal Claims action before it filed its complaint in the District Court (*See* Plf's Brief at 14), is purportedly contained in the two separate declarations of Alexis Applegate (*see* Ex. 5 to Def's Mot.), as well as in e-mail correspondence dated April 23, 2007, which Plaintiff produced to the Government for the first time as an Exhibit to its Brief.[2/] *See*

[2/] There is nothing remotely compelling about this evidence suggesting Plaintiff is certain that it filed the District Court Complaint before the present action on December 29. As Ms. Applegate admits, "there is no precise way- there is no time stamp on documents filed during the clerk's office business hours, just the date." (Plf's Brief Ex. 3). Moreover, contrary to Plaintiff's assertion, this e-mail does not definitively establish that multiple filings were made at the Court of Federal Claims on December 29, 2006. (*See* Plf's Brief at 14). Plaintiff's Responses to Defendant's Interrogatories fail to mention the purported multiple trips to the Court of Federal Claims. (This is so even though Defendant's interrogatory required Plaintiff to state all facts that support its responses to Defendant's interrogatories regarding the time the District Court and Court of Federal Claims Complaints were filed. *See* Def. Mot. Ex. 2. at 11.

Plf's Brief, Ex. 3. None of this evidence establishes by preponderance of the evidence that the Court of Federal Claims action was filed first on December 29, 2006, especially in light of the existing evidence, which *is* compelling, that Plaintiff's counsel was e-mailing drafts of the to-be filed Court of Federal Claims Complaints at 9:26 a.m. on December 29, 2006 (*See* SR000336, attached hereto as Ex. 1).

Alternatively, Plaintiff argues that § 1500 is inapplicable because its claim seeking monetary relief in the form of a restatement of its account balances, equitable restitution, or disgorgement does not constitute "money damages" per se, but rather is a claim for strictly equitable relief. *See* Plf's Brief at 2. Plaintiff's argument is not the test for dismissal pursuant to 28 U.S.C. § 1500. Dismissal is required when a claim pending in another court arises from the same operative facts and seeks the same form of relief, *i.e.* equitable, declaratory or monetary. Here, both of Plaintiff's pending actions seek an award of monetary relief against the Government based on its alleged mismanagement of the Plaintiff's trust assets and funds. As such, this Court lacks jurisdiction over the above-captioned matter.

## II. ARGUMENT

### A. Plaintiff's Pending District Court and Court of Federal Claims Actions are Based on the Same Underlying Operative Facts

The Plaintiff argues that the facts cited in its District Court Complaint pertaining to the Government's purported mismanagement and administration of its trust property and trust funds are merely "background facts" in support of its ultimate claim for an "equitable accounting" in the District Court. *See* Plf's Brief at 18-19. An analysis of the District Court Complaint and the Plaintiff's associated proposed case management plan in that action reveals that this is not so. [3/] It

[3/] In the parties' Joint Status Report submitted to the District Court pursuant to Fed. R. Civ. P. 26(f) (attached hereto as Ex. 2), Plaintiff proposes the District Court will <u>first</u> issue declaratory

is clear that the accounting sought by this Plaintiff in the District Court is merely the vehicle by which the Government's alleged mismanagement will be exposed. Specifically, Plaintiff anticipates the accounting will identify uncollected receipts and deposits as well as under-invested monies derived from the Government's management of Plaintiff's trust property and trust funds. *See* Ex. 2 at 5-6, 9-10; District Court Compl. ¶¶ 1, 4(d), 21, 43. The District Court accounting is intended by Plaintiff to provide the basis to *restate* Plaintiff's trust fund account balances. *See* District Court Compl. ¶¶ 1-2, 43, Prayer for Relief ¶ 6. Thus, the Plaintiff's accounting claim and its supporting operative facts are merely ancillary to the ultimate claim for monetary relief to be derived from the Government's management of trust property and trust funds. What is central to the parties' dispute in both the District Court and this Court is the operative facts surrounding the Government's conduct in managing Plaintiff's trust property.

28 U.S.C. § 1500 divests the Court of Federal Claims of jurisdiction over any previously- filed action if both suits are based on the same claims. *Gaubert v. United States*, 28 Fed. Cl. 597, 599 (1993). When examining whether cases contain the same operative facts, the focus of a court's inquiry should not be on the legal theory of a plaintiff's proceedings, but upon the existence of a cause of action arising out of a set of operative facts. *Chavez v. United States*, 14 Cl. Ct. 212, 215 (Cl. Ct. 1988)(citing *Keene Corp. v. United States,* 508 U.S. 200, 207 (1993) and *Johns-Manville Corp. v. United States,* 855 F.2d 1556, 1557-58 (Fed. Cir. 1988) . "'Sameness' is based therefore on the basic underlying events causing the litigation, rather than on the theories of recovery asserted,

relief in the form of a determination regarding nature and scope of the fiduciary duties applicable to the trust. (*see* Joint Status Report at 5-6, 9-10). Next, Plaintiff seeks an accounting, to be followed by a decree from the District Court directing a restatement and correction of its trust account balances as reflected by the results of the accounting. *See id.* at 6, 10. Plaintiff anticipates that the results of the District Court accounting will necessarily identify monetary amounts that *should have been* collected, invested or deposited. *See* District Court Compl. ¶¶ 2, 4(d), 21, 43, Prayer for Relief paras. 4, 6**.**

the identity of the defendants, or the portion of the facts litigated." *Gaubert*, 28 Fed. Cl. at 599. A party cannot separate the same operative facts into two different legal theories which seek the same relief. *See Vaizburd v. United States*, 46 Fed. Cl. 309, 311 (2000). "Claims are the same when they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." *Harbuck v. United States*, 378 F.3d 1324, 1329 (Fed. Cir. 2004); (citing *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1567 (Fed. Cir. 1988). "In assessing the similarity of claims under section 1500, 'the operative facts need not be identical. It is sufficient that they are substantially the same.'" *Cooke v. United States*, 77 Fed. Cl. 173, 176-77 (2007) (quoting *Harbuck*, 58 Fed. Cl. at 269). "To pursue a case against the United States in the Court of Federal Claims and another federal court is to pursue simultaneous, dual litigation of a single claim disallowed under section 1500 . . ." *Gaubert*, 28 Fed. Cl. at 600. Here, the operative facts in the Plaintiff's District Court and Court of Federal Claims actions, namely, the Government's alleged breach of fiduciary duties related to its management of Plaintiff's trust property and funds, are "common, interlinked and ultimately unseverable." *Gaubert*, 28 Fed. Cl. at 600. Put another way, the operative facts in both actions require the courts to analyze the same Government conduct related to its management and administration (collection, deposit, investments and disbursement) of monies as well as the management of the Plaintiff's non-monetary trust assets, *e.g.*, leases for mineral rights and non-mineral interests in land (easements, rights-of-way, and building leases derived from Plaintiff's trust property and trust funds).

1. The District Court Complaint

The Plaintiff's District Court Complaint seeks redress "of breaches of trust by the United States . . . in the management and accounting of trust assets, including funds and lands belonging to the plaintiff . . ." District Court Compl. ¶ 1. Involved "are funds and other assets, including

approximately 53,600 acres of land, held in trust by the United States for the benefit of the Community." District Court Compl. ¶ 2. "[T]he trust funds are comprised of both judgment funds held in trust pursuant to federal law and funds that receive their trust character as proceeds of trust property, specifically the lease and sale of resources or lands that are held in trust." *Id.* The Plaintiff asserts that its "[t]ribal lands, associated resources, and the income derived therefrom constitute a substantial portion of the assets held by the United States in trust for the Community's benefit." *Id*. at ¶ 13. "Income is derived from *inter alia*, the sale of these natural resources and the conveyance of certain interests in the Community's tribal trust land, including leases, easements, and rights of way. *Id*.

The Complaint alleges breaches of trust by the Government with respect to its management of Plaintiff's trust property and trust funds. *See id.* at ¶ 20. It contends that the Government has "grossly mismanaged and continue[s] to grossly mismanage the trust and [has] failed for over a century to carry out the most basic and fundamental trust duties owed to the Nation." *Id.* at ¶ 4. Specific allegations of mismanagement include the Government's failure to provide an adequate accounting of the trust assets, including funds, lands, and resources, " (*see* District Court Compl. at ¶¶ 4(a); 20(a)*;* the failure to properly collect, invest, and disburse trust funds belonging the Nation, (*see id.* at ¶¶ 4(d); the failure to use reasonable skill and care to invest and deposit trust funds in such a way as to *maximize the productivity* of trust property (*Id.* at ¶¶ 4(c); 20(f) (emphasis added); and the failure to ensure that trust assets are used for their highest and best use. *Id.* at ¶ 20(g).

At its core, the District Court complaint seeks: (1) a declaration as to the Government's fiduciary obligations pertaining to its management and administration of Plaintiff's trust assets, including property and funds (*See* District Court Compl., Prayer for Relief ¶ 4; *see also* Ex. 2 at 5-6, 9-10); (2) a judicially defined accounting, and upon its completion; (3) an order *restating* the

Plaintiff's trust fund account balances in conformity with the results of the accounting. *See* District Court Compl. at ¶ 6; *see also* Ex. 2 at 5-6. The District Court accounting will purportedly reveal "what amounts should have been paid to the Nation; how much of the Nation's property has been diverted or converted to other uses; to what extent the United States has failed to maximize profits; or whether the United States has attained fair market value for leases and sale of trust assets." *See* District Court Compl. ¶ 21; *see also* Ex. 2, pp. 5-6, 9-10.

2. The Court of Federal Claims Complaint

Like the District Court Complaint, the Plaintiff's Court of Federal Claims action seeks monetary relief against the United States to redress its allegedly gross breaches of trust as trustee of land, mineral resources and other assets, including trust and judgment funds held for the Plaintiff's benefit. CFC Compl. ¶ 1, 20. The Complaint seeks damages for Defendant's mismanagement of the Community's trust property. *Id.* ¶¶ 1, 27, 32, 36-37, 42; Prayer for Relief. The mismanagement claims pending here concern the very same natural resources (*e.g.*, agricultural uses and mineral resources; non-mineral assets such as interests in tribal land, leases, easements and rights of ways; trust funds, including settlement and judgment monies) implicated in the Plaintiff's District Court Complaint. *Cf* CFC Compl. ¶¶ 13-14, 23-24, 29, 34, 39 *with* District Court Compl. ¶¶ 2-3, 13-14.

Plaintiff alleges an under-inclusive list of purported fiduciary duties that the United States breached with respect to the management and administration of its tribal trust property and trust funds. *See* CFC Compl. ¶¶ 20-21. Specifically, the Plaintiff asserts that the United States breached duties to properly administer the trust (*see id.* at ¶ 20(a)); failed to provide the Plaintiff with a complete and accurate historical accounting of trust assets (*see id.* ¶¶ 22(d), 25, 30); failed to properly collect and deposit Plaintiff's trust funds (*see id.* at ¶ 20(h)); and failed to invest and deposit trust funds in such a way as to *maximize* the productivity of the trust property within the constraints

of the law (*see* CFC Compl. at ¶¶ 20(j), 36, 41) (emphasis added). In Plaintiff's parallel cases, not only are the operative facts the same, the quantum of remedies–restatement of funds balance in the District Court and money damages in this Court–would be exactly the same.

3. The Plaintiff misapplies relevant case law pertaining to "operative facts"

The Plaintiff argues that the facts pled in support of its District Court case and its Court of Federal Claims case are not sufficiently similar to be considered the "same operative facts" under section 1500. *See* Plf's Brief 20-22. Principally, Plaintiff contends that the facts alleged in its two complaints are merely "background" facts without a sufficient link to the elements of its claims. *See id.* at 18-19. Moreover, Plaintiff argues that the facts cited in each of its complaints are "largely dissimilar." *Id.* Plaintiff cites several cases in support of its contentions, all of which, as explained below, are inapposite and distinguishable from the present situation.

The Government's section 1500 motions to dismiss were denied by this Court in *Heritage Minerals, Inc. v. United States*, 71 Fed. Cl. 710 (2006), and *Cooke v. United States*, 77 Fed. Cl. 173 (2007), because the operative facts implicated "later and different conduct" by the Government. Specifically, in *Heritage Minerals*, this Court denied the Government's motion to dismiss because the underlying facts supporting plaintiff's claims in its District Court action and in the Court of Federal Claims case were temporally distinct from one another. *See* 71 Fed. Cl. at 715 (the operative facts underlying plaintiff's district court claim began in 1958, while the operative facts underlying the Court of Federal Claims action stemmed from subsequent Government conduct beginning in 2001). Similarly, in *Cooke*, the facts underlying the plaintiff's Fair Labor Standards Act (FLSA) claim in the district court action implicated "later and different" conduct than her Equal Pay Act (EPA) claim in the Court of Federal Claims. *See* 77 Fed. Cl. at 177 (plaintiff's "EPA and FLSA claims involve[d] distinct time periods and distinct government conduct").

In *Fire-Trol Holdings, LLC v. United States*, 65 Fed. Cl. 32 (2005), plaintiff challenged the legality of United States Forest Service (USFS) fire retardant procurement regulations in the district court. *See* 65 Fed. Cl. 32, 33. The plaintiff's complaint in the Court of Federal Claims challenged the invitation for bids and requests for proposals procedures by the USFS for long-term fire retardant. *See id.*, at 34. The underlying facts in the plaintiff's two actions were not deemed to be substantially the same for purposes of section 1500 because the operative facts in the District Court were based on the facts related to plaintiff's challenge to the USFS's rulemaking, while those underlying the Court of Federal Claims action were rooted in the substantive challenge to contract procurement. *Id.* at 35. In *d'Abrera v. United States*, 2007 U.S. Claims LEXIS 264, *25-26 (2007), this Court held that Plaintiff's Lanham Act claim, which required proof that defendant reproduced and distributed over 1,375 of plaintiff's photographs without permission involved different conduct than plaintiff's copyright infringement claim, which required proof that defendant knowingly and intentionally authorized and participated in the act of deceiving individuals into believing that plaintiff's photographs were the unique work of the Smithsonian. *See id.* In *Williams v. United States*, 71 Fed. Cl. 194 (2006), a military pay case, the Court denied the Government's section 1500 motion because the plaintiff pled underlying facts in the district court that were "demonstrably different" from those pled in the Court of Federal Claims. 71 Fed. Cl. at 200. Finally, Plaintiff's citation to *Lucas v. United States*, 25 Cl. Ct. 298 (1992) is inapposite, because the facts in that case involved "two entirely separate contracts with distinct terms and purposes." 25 Cl. Ct. at 305.

Here, the Court is not presented with temporally distinct or unrelated Government conduct. Nor is this a situation implicating demonstrably different underlying facts between the Plaintiff's two cases. Instead, the operative facts, that is, what the Government did with respect to managing the Plaintiff's trust property and funds, are the same in both cases. In the District Court, Plaintiff seeks

an accounting that will identify the uncollected, under-collected and under-invested receipts and investments, followed by *restatement* of its trust fund account balances to reflect those uncollected, under-collected or under-invested receipts and investments. *See* Plf's Brief at 8, 20-21, 31-32. It this case, Plaintiff seeks monetary damages derived from those very same allegedly uncollected, under-collected and under-invested receipts and investments. *See id*. To arrive at an accurate *restatement*, or *damages* amount, both Courts must consider and analyze the same set of operative facts, specifically, the nature of the receipts and other transactions evidencing collections, deposits and investments related to the Plaintiff's trust property and funds. Both Courts must analyze what the Government did, how the Government did it, and what if anything, the Government should have done differently. Moreover, in support of its defense, in each of these cases, the Government must present evidence relevant to these very same operative facts. This is precisely the situation Section 1500 aims to prevent. *See Cooke,* 77 Fed. Cl. at 178; *and Nonella*, 16 Cl. Ct. 290, 293 (1989).

**B. Plaintiff's Pending District Court and Court of Federal Claims Actions Seek the Same Form of Monetary Relief Against the Government**

Plaintiff argues that its claims in the District Court are not the same as those in this Court, because it seeks strictly equitable relief in the District Court, but only money damages here. *See* Plf's Brief at 2, 23-29 (citing *Loveladies Harbor Inc., v. United States,* 27 F.3d 1545 (Fed. Cir. 1994), and *Casman v. United States,* 135 Ct. Cl. 647 (1956)). Plaintiff's own pleadings belie its argument. All of Plaintiff's District Court pleadings and supporting papers request an accounting *and a restatement* of trust account balances. *See* District Court Compl. ¶¶ 1, 4(f), 21, 42-44; Prayer for Relief ¶ 6; *see* Ex. 2 at 5-6, 9-10.

Nor can Plaintiff deny that it seeks an accounting in the District Court that will identify, in the first instance, uncollected, under-collected, or under-invested income. *See* District Court Complaint

at ¶ 21; *see also* Ex. 2 at 5-6, 9-10. Plaintiff seeks an accounting that would be tailored to District Court specifications regarding the nature and scope of fiduciary duties owed by the Government to the Plaintiff from the management of its trust property, followed by an award of monetary relief. Each of Plaintiff's Complaints seek the same *monetary* relief arising out of the *same* Government conduct. Nothing more is required to trigger the application of section 1500's jurisdictional bar.

For purposes of § 1500 a claim is defined by the operative facts of the case, not the legal theory on which recovery is sought. *See Keene Corp. v. United States*, 508 U.S. 200 at 212; *Harbuck v. United States*, 378 F.3d 1324, 1329 (Fed. Cir. 2004); *and Weber v. United States*, 1995 U.S. App. LEXIS 32084, * 3 (Fed. Cir. 1995). As discussed infra, "[d]eciding if the claims are the same or distinctively different 'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *Harbuck v. United States*, 58 Fed. Cl. at 269 (citing *Loveladies*, 27 F.3d at 1549, quoting *Keene*, 508 U.S. at 210). "In analyzing a claim, the court looks to the set of operative facts alleged and not the legal theory that is argued." *Harbuck*, 58 Fed. Cl. at 269 (quoting *Johns-Manville*, 855 F.2d at 1563). "Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. The relief must be merely the same in nature: monetary, injunctive, or declaratory." *Harbuck*, 58 Fed. Cl. at 269*; see also Cooke*, 77 Fed. Cl. at 178. "It is enough that there is some overlap in the relief requested." *Harbuck*, 58 Fed. Cl. at 269. (citing *Keene*, 508 U.S. at 201). Section 1500 requires the plaintiff to choose only one judicial forum at a time in which to press its claim against the United States. *See Harbuck*, 378 F.3d at 1328; *and UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992). "The purpose of section 1500's requirements is to 'force an election where both forums could grant the same relief, arising from the same operative facts,' and thus prevent the Government from having to

defend two separate lawsuits based on the same claim.[4] *Cooke*, 77 Fed. Cl. at 178. (quoting *Johns-Manville,* 855 F.2d at 1564). "Similarly, the requirement of distinct relief prevents the Government from having to pay twice for the same alleged wrong." *Cooke*, 77 Fed. Cl. at 178. Thus, the Court of Federal Claims is barred by § 1500 from entertaining the action if a claim pending in another court arises from the same operative facts and seeks the same form of relief." *Weber*, 1995 U.S. App. LEXIS 32084, *4.

1. Plaintiff's distinction between "money damages" and "monetary relief" is ill-founded

Despite assertions in its brief that its District Court action merely seeks "general accounting of all assets held in trust for the Tribe . . ." (Plf's Brief at 23) and that it pursues "strictly money damages in the CFC" (*Id.*), the Plaintiff's pleadings expose that Plaintiff's true intention is to receive monetary compensation for the Government's alleged shortcomings related to the management of Plaintiff's trust property and funds. *See* Plf's Brief 31-32 (Plaintiff admits that it seeks restatement of the trust fund account balances and that principles of equitable restitution would involve a payment or "return" of specific monies to the Tribe). Nevertheless, Plaintiff argues that because this request for what it calls "equitable" monetary "relief" is purportedly not the same as "money damages," Section 1500 is inapplicable. *See id.* (citing *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 797 (Fed. Cir. 1993); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 747 (D.C. Cir. 1995).[5] Plaintiff is mistaken.

---

[4] As set forth in the Government's opening brief, the Government does not concede that the District Court has jurisdiction to award the monetary relief Plaintiff seeks in that Court. The validity of Plaintiff's monetary claim in that forum is not relevant to this Court's determination of its own jurisdiction. *See* Def's Mot. at n.1.

[5] Incidentally, none of these cases cited by Plaintiff involved challenges to this Court's jurisdiction under 28 U.S.C. § 1500.

Section 1500 does not turn on a narrow definition of "money damages" to be invoked. "Congress did not intend the statute to be rendered useless by a narrow concept of identity providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation." *Keene Corp.*, 508 U.S. at 213 (also cited in *Weber,* 1995 U.S. App. LEXIS 32084, * 5). Instead, the statute was enacted to protect the Government from having to defend against the same claim with the risk of duplicate liability. *See Harbuck*, 378 F.3d at 1328; *Weber,* 1995 U.S. App. LEXIS 32084, *4-5; *and Cooke*, 77 Fed. Cl. at 178; *Harbuck*, 58 Fed. Cl. at 270. It is the form of relief that matters. *See Cooke*, 77 Fed. Cl. at 178; *and Harbuck*, 58 Fed. Cl. at 269.

Plaintiff's claim for monetary relief in the District Court implicates money that was not, but should have been, collected. *See* District Court Compl. ¶¶ 4(d), 21, 43. The Federal Circuit affirmed the Section 1500 dismissal of the plaintiff's claim for monetary relief involving similar circumstances in *Harbuck.* 378 F.3d 1324. There, the plaintiff's claims in the district court and in the Court of Federal Claims sought monetary relief in the form of the difference between what the plaintiff actually earned and what she would have earned at the GS-12 level, from January 1990 until the time when she was restored to her proper and correct grade. *Harbuck*, 378 F.3d at 1329. The fact that the plaintiff in *Harbuck* sought "back wages" to reflect monies that should have been hers all along was not dispositive as to whether Section 1500 applied. Rather, Section 1500 was violated in that case because the plaintiff's claims for money under the Federal Claims Equal Pay Act and Title VII each arose out of the same operative facts, specifically, the Air Force's alleged sexual employment discrimination practices. *Id.* at 1328. Dismissal in *Harbuck*, as should be the case here, did not turn on a narrow interpretation of the concept "money damages." *Id.* It is sufficient that there is overlap in requested *form* of relief, "monetary, injunctive or declaratory." *Harbuck*, 58 Fed. Cl. at 269; *see also Cooke*, 77 Fed. Cl. at 178 (citing *Harbuck*).

Plaintiff's reliance on *Bowen v. Massachusetts,* 487 U.S. 879 (1988), undercuts, rather than supports, its arguments in the context of section 1500. *Bowen* specifically affirmed an award of money to the State of Maryland arising out of a suit, wherein Maryland argued that it was already entitled to the funds. *See Bowen,* 487 U.S. at 893 (A district court has jurisdiction to award specific equitable relief, including, for example, an order providing for the reinstatement of an employee with back pay or for the recovery of specific property or monies.). It matters not whether the award sought by the Plaintiff in this case is "money damages" *per se.* Instead, the inquiry must be whether the Plaintiff has asserted a claim seeking *monetary* relief against the Government in the District Court, and whether such claim is based upon the *same* operative facts as those asserted here. *See Dico v. United States*, 48 F.3d 1199, 1202-03 (Fed. Cir. 1995) (rejecting application of *Bowen* distinction between monetary relief and money damages in the § 1500 context); *see also Harbuck*, 58 Fed. Cl. 266.

The Plaintiff also relies heavily on the decisions in *Osage Tribe of Indians v. United States,* 2005 WL578171, at *1-2 (D.D.C. 2005), and *Cobell v. Babbit,* 30 F.Supp. 2d. 24, 41 (D.D.C. 1998), in support of its contention that its claim for an "equitable accounting" is distinct from a claim for money damages. Plf's Brief at 34-35. Neither of these cases are dispositive for purposes of a Section 1500 analysis. *Osage* involved a motion to transfer to this Court pursuant to 28 U.S.C. § 1631. *See Osage*, 2005 WL578171 at *1 (2005). Unlike the Plaintiff's District Court Complaint, the *Osage* district court complaint *did not* contain a request that its trust account balances be ordered restated by the court. *See id.* at *1-2. Similarly, the Court in *Cobell,* in connection with its denial of the government's motion to dismiss, ordered specific provisions of the plaintiffs' complaint pertaining to requests for monetary relief stricken (some of the stricken language re-appears in the Plaintiff's

District Court Complaint, *see e.g.* ¶¶ 4 (c), (d), (f), 20(f), 21, Prayer for Relief ¶ 6.) *See Cobell*, 30 F. Supp. 2d at 48. Neither of these decisions implicated the jurisdictional issues presently before this Court, namely, whether a plaintiff was attempting to simultaneously prosecute claims seeking monetary relief against the United States in two different courts based on the same operative facts. The correction of Plaintiff's trust fund account balances involves more than simply correcting a mathematical error on an account ledger; it involves a cash infusion; and it involves monetary relief.

2. Plaintiff's claims for relief are not distinctly different

Plaintiff argues that its claims are not the same, because it seeks "strictly equitable relief in the District Court---a general accounting of all assets held in trust for the Tribe . . . and strictly money damages in the CFC." *See* Plf's Brief at 23. Plaintiff offers *Loveladies* and *Casman* in support of the proposition that its claims are distinctly different for purposes of Section 1500. *Id.* Plaintiff's reliance on these decisions is misplaced. *Loveladies* involved an Administrative Procedure Act (APA) challenge in District Court to the denial of its request for a fill permit pursuant to Section 404 of the Clean Water Act from the Army Corps of Engineers. *See* 27 F.3d at 1547. By contrast, its Court of Federal Claims action implicated a taking of private property, seeking monetary damages pursuant to the Fifth Amendment to the United States Constitution. *Id.* The Court held that the plaintiff's District Court claim seeking invalidation of the Government's permitting decision was distinctly different from its claim in the Court of Federal Claims for monetary damages related to a taking of its property. *Id.* at 1554.

Similarly, in *Casman,* the Court held that the plaintiff's District Court claim demanding reinstatement of employment was distinctly different from his Court of Federal Claims claim seeking backpay owed as the result of the wrongful separation from that position. *See* 135 Ct. Cl. at 648.

"In *Casman*, only injunctive relief was sought in a district court, and only monetary relief was sought at the United States Court of Claims." *Harbuck*, 58 Fed. Cl. at 269 n.6. Here, unlike the situations in *Loveladies* and *Casman*, Plaintiff does not seek entirely different relief in the two fora. Plaintiff requests recovery of monetary relief in the District Court based on the results of the District Court accounting. *See* District Court Compl. ¶¶ 1, 42-43; Prayer for Relief ¶ 6. There is no evidence that Plaintiff's for "equitable restatement" (*id.*) of its trust fund account balances will implicate monetary relief in a form or an amount that is different from its request in the Court of Federal Claims. *Cf Cooke*, 77 Fed. Cl. at 178 (The Government is not subjected to the risk of double liability when both courts can grant the full amount of requested relief in different form and measure.); *see also OSI, Inc., v. United States*, 73 Fed. Cl. 39, 45 (2006) (Plaintiff's district court action for response costs allowable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") did not authorize the form and measure of takings damages sought by plaintiff in the Court of Federal Claims). Rather, the monetary relief sought in both fora by this Plaintiff depends upon and is rooted in an examination of precisely the same underlying operative facts, namely how the Government managed the Plaintiff's trust property and trust funds and whether the Government's conduct should yield monetary relief in the Plaintiff's favor. These underlying facts are "diffuse and intricately woven throughout each of plaintiff's claims." *Gaubert*, 28 Fed. Cl. at 600.

3. Plaintiff seeks monetary compensation in both courts for the difference between what the Government actually collected, deposited and invested and what the Government should have collected, deposited and invested

As set forth in Section A, above, Plaintiff's District Court Complaint seeks an order *restating* its trust fund account balances to correctly reflect amounts that should be in the account had the Government properly managed, collected, deposited and invested monies derived from the corpus

of its trust property. This determination will be made at the completion of the District Court accounting. *See* District Court Compl. ¶¶ 42-43; Prayer for Relief ¶ 6. Plaintiff's claim for a *restatement* of its account balances in the District Court and its money damages claim here each arise out of and depend upon an adjudication of the adequacy of the Government's management, collection, deposit and investment of Plaintiff's trust receipts. Plaintiff's District Court claim seeking a restatement of its trust fund account balances *not only* embodies a request for affirmative relief (*i.e.*, an accounting) but it also necessarily seeks *all* of the monetary relief requested in the Court of Federal Claims Complaint. *See Hill v. United States,* 8 Ct. Ct. 382, 387 (1985). Plaintiff anticipates that the District Court accounting will reveal the existence, nature, and extent of Government mismanagement of its trust property and trust fund accounts (the very same mismanagement alleged in this Court) and that it will receive thereafter an order for a monetary infusion to correct its account balances.

Plaintiff argues that the application of Section 1500 in this case would be unfair, because it would force the Plaintiff to choose between seeking its equitable accounting in the District Court (which it contends is the only forum with jurisdiction to do so) and seeking money damages in compensation for Government mismanagement of its trust property and trust funds here. Plf's Brief at 24 (citing *Klamath & Modoc Tribes & Yashookin Bank of Snake Indians v. United States*, 174 Ct. Cl. 483, at *3 (1966). It asserts that only the District Court has authority to perform a general equitable accounting regardless of any determination as to the Government's liability. *See* Plf's Brief at 25.

The principle that this Court lacks the power to order a general accounting (consistent with *Klamath, supra*) does not alter the fact that Plaintiff seeks in both Courts monetary relief based on the same operative facts. Moreover, the application of Section 1500 follows as a result of Plaintiff's

own decisions as the to the claims it wishes to pursue and the Complaints it chose to file. Plaintiff finds itself in a situation entirely of its own making. "The purpose of the statute [Section 1500] includes avoiding '[t]he possibility of inconsistent judicial resolution of similar legal issues[,] . . . unfair burden to the defendant, and unnecessary crowding of this Court's docket and general administrative chaos.'" *Scott Aviation v. United States* 23 Cl. Ct. 573, 575 (1991) (citing *Johns-Manville Corp.*, 855 F.2d at 1563, quoting *City of Santa Clara v. United States*, 215 Ct. Cl. 890, 893 (1977)). "The Supreme Court has concluded that § 1500's restriction on Claims Court jurisdiction requires 'an election between a suit in the [Claims Court] and one brought in another court. . . ." *Id.*, (quoting *Matson Navigation Co. v. United States*, 284 U.S. 352, 356 (1932)); *see also Hill*, 8 Cl. Ct. at 385 ("The purpose of this section [1500] is to require the plaintiff to make an election between a suit filed in the Claims Court and one brought in another court when the same basic 'claim' is prosecuted against the United States, or an agent of the United States, in both courts simultaneously"). Plaintiff *elected* to pursue its claim for monetary relief in the District Court, as a companion to its claim for the so-called "equitable accounting." Plaintiff cannot now be heard to complain that its own election has deprived itself of an additional forum in which to air its grievances. There is no such thing as an "unfairness" exception to the unequivocal language of Section 1500. *See Harbuck*, 378 F.3d at 1330.

In an apparent attempt to save itself from the constraints of Section 1500, Plaintiff argues that its claim seeking a restatement of its trust fund account balances is really more akin to a contingent future claim for monetary relief. Plf's Brief at 27 ("a plaintiff does not 'in essence' seek monetary relief . . . merely because he or she hints at some interest in a monetary reward . . . . even when a monetary claim may be waiting on the sidelines.") (quoting *Kidwell v. Dep't of Army*, 56 F.3d 279,

284 (D.C. Cir 1995)). *Kidwell* is distinguishable from the case at hand, because, unlike Plaintiff's District Court Complaint here, plaintiff's complaint there did not seek any monetary relief. *See*, 56 F.3d 279 at 281-82. "Instead, it asked that 'the defendant be required to correct plaintiff's army records to reflect a military retirement in pay grade E-4." *Kidwell*, 56 F.3d at 283. The Plaintiff's District Court Complaint here does not simply "hint" at a future monetary reward, it specifically requests a *restatement* of its trust fund account balances to reflect the balance that should be there, including monies that the Government failed to, but should have collected, deposited and invested. *See* District Court Compl. ¶¶ 1, 42-43; Prayer for Relief ¶ 6. To be sure, Plaintiff's claims in the District Court seek monetary relief arising out of the same Government conduct at issue in this Court. *See Nonella*, 16 Cl. Ct. 290 (1989) (monetary claims made in the District Court against the United States in tort arising from low-level supersonic Navy overflights was the same as Fifth Amendment taking claim in the Court of Federal Claims because they implicated the same Government conduct); *and Chavez*, 14 Cl. Ct. 212 (1988) (monetary claims made in the District Court against the United States in tort arising from the construction of underground pipeline were the same as breach of contract claim in Court of Federal Claims for purposes of Section 1500 because they implicated the same Government conduct). As such, Plaintiff must follow its election to seek monetary relief in the District Court to its ultimate conclusion and forgo the prosecution of the claims here.

## III. CONCLUSION

In sum, the Plaintiff's Complaint in this Court overlaps with Plaintiff's District Court Complaint in its entirety. In the District Court, the Plaintiff seeks a *restatement* of its trust fund account balances to compensate for purported mismanagement by the Government regarding its trust property (mineral and non-mineral assets) and trust funds. Plaintiff seeks the same relief in this Court.

Prosecution of Plaintiff's claims in both Courts requires analysis of the *same* operative facts. Because Plaintiff ultimately seeks monetary relief from the Government in these cases, Section 1500 applies, and as such this Court should dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 27th day of September, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JOHN H. MARTIN
United States Department of Justice
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
TEL: (303) 844-1383
FAX: (303) 844-1350

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury

Washington, D.C. 20227