IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-943<br>Judge Lawrence M. Baskir<br>**(Electronically Filed November 8, 2007)** |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND FOR SUPPLEMENTAL BRIEFING**

KEITH M. HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail baustin@kilpatrickstockton.com
KILPATRICK STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian Community

# I. INTRODUCTION.

In this action for money damages against the United States ("Defendant") the Salt River Pima-Maricopa Indian Community ("Salt River") bears the burden of demonstrating that this Court has subject matter jurisdiction and that Salt River's later-filed district court action did not divest this Court of jurisdiction pursuant to 28 U.S.C. § 1500. *See Hardwick Bros. Co. v. United States*, 72 F.3d 883, 886 (Fed. Cir. 1995). In Plaintiff's Brief in Response to Defendant's Motion to Dismiss (Docket No. 19), Salt River relied on the Affidavit of Ms. Alexis Applegate, the paralegal responsible for filing this action and Salt River's district court action, along with responses to Interrogatories and documents produced in discovery, to establish that that this action was filed prior to Salt River's action for equitable relief filed in the district court.

After the parties completed briefing on Defendant's Motion to Dismiss in this Court, Judge Emily C. Hewitt held an evidentiary hearing in *Ak-Chin Indian Community v. United States*, No. 06-932L, on October 24, 2007 ("October 24, 2007 Hearing"), an action in which Defendant also filed a Motion to Dismiss Pursuant to 28 U.S.C. § 1500 which raised similar issues with respect to the timing of the filing of the Complaint in that action and in a district court action. During that hearing, Ms. Applegate testified

regarding the order in which she filed seven complaints on December 29, 2006, including the complaint that initiated this action and Salt River's district court action. Laura Maroldy, Esq., and Kevin Larsen, Esq., appeared on behalf of Defendant, and Ms. Maroldy cross-examined Ms. Applegate regarding the sequence of filing following a court recess after Ms. Applegate's one-hour long direct examination. Ms. Maroldy focused much of her cross-examination on the order of filing in this case and Salt River's district court action.

Thus, the transcript of the October 24, 2007 evidentiary hearing ("Hearing Transcript") is directly probative of critical facts before this Court as it expands the information previously presented to this Court in the parties' briefs. Accordingly, Salt River moves that this Court accept the Transcript into the record and order supplemental briefing pursuant to RCFC Rules 43(e) and 80.[1]

## II. STATEMENT OF FACTS.

On December 29, 2006, Salt River filed a complaint in this Court against the United States seeking money damages for certain identified

[1] On November 6, 2007, counsel for Salt River conferred with counsel for Defendant, Kevin Larsen, Esq., regarding this motion. Counsel for Salt River explained the grounds for bringing the motion and sought Mr. Larsen's position. Mr. Larsen indicated that Defendant would oppose the motion.

breaches of trust ("CFC Complaint"), and later that same day, a Complaint in the District Court for the District of Columbia praying for an accounting and other purely equitable remedies (the "District Court Complaint") against the Secretary of the Interior, the Secretary of the Treasury, and the Special Trustee for American Indians. (Pls.' Br. in Resp. to Def.'s Mot. to Dismiss, Docket No. 19, at 3.) Alexis Applegate filed both the CFC Complaint and the District Court Complaint. (*Id*.)

Ms. Applegate also filed the complaints initiating a Court of Federal Claims action and a subsequently filed District Court action for the Ak-Chin Indian Community. Consequently, on October 24, 2007, pursuant to Court order, Ms. Applegate testified in *Ak-Chin Indian Community v. United States,* No. 06-932L, regarding the sequence of filing in the *Ak-Chin* cases. At the same time Ms. Applegate testified regarding the filing of Salt River's CFC Complaint and Salt River's District Court Complaint. (October 24, 2007 Hearing Transcript, *Ak-Chin Indian Community v. United States,* No. 06-932L, 17:19-19:15; 33:13-34:9, Ex. 1 (cited as "Hr'g Tr.").) Both Ms. Maroldy and Mr. Larsen represented the Defendant at the October 24, 2007 Hearing. (Hr'g Tr. 7:17-20.) The Hearing Transcript was duly certified by the court reporter, and is attached hereto as Exhibit 1.

During direct examination, Ms. Applegate testified that:

> A: The first trip of the day, I walked here to the CFC to file three complaints – *Passamaquoddy*, *Salt River*, and *Tohono O'odham* – then returned back to the office, at which point I discovered that the district court complaints in *Passamaquoddy* and *Salt River* were now ready. I then took my first taxi to the district court and filed those two.

(Hr'g Tr. 18:3 – 18:9; *see also* Hr'g Tr. 18:21 – 19:3.) In response to a question from the bench, Ms. Applegate continued to explain that, when she returned from filing the CFC Complaint in this case, she learned that Salt River's District Court Complaint was ready for filing and she took that complaint to the district court. (Hr'g Tr. 18:21 – 19:3.) Later, on direct examination, Ms. Applegate described the process she followed to file Salt River's Complaint in the District Court. (Hr'g Tr. 38:7 – 39:5.) Ms. Applegate also testified to the time that she received a final version of Salt River's CFC Complaint. (Hr'g Tr. 20:15-21:10.)

At the conclusion of Ms. Applegate's direct examination, Judge Hewitt ordered a ten-minute recess to allow counsel for Defendant to prepare for cross-examination. (Hr'g Tr. 54:11-20.) Following the recess, Ms. Maroldy opened her cross-examination by asking Ms. Applegate about e-mail correspondence regarding the timing of the filing of Salt River's District Court and CFC Complaints. (Hr'g Tr. 59:24 – 61:10; *see also* SR00334, App. Ex. 2; SR00335, App. Ex. 3.) Ms. Maroldy asked Ms. Applegate

several questions regarding Ms. Applegate's recollection of the sequence of filings referenced in the e-mail. (Hr'g Tr. 59:24 – 61:10.) On re-direct, Ms. Applegate clarified that the e-mails Ms. Maroldy focused on initially were related to Salt River and another tribe. (Hr'g Tr. 70:15 – 70:20.)

Ms. Maroldy also showed Ms. Applegate the affidavit Ms. Applegate prepared for this case and questioned her regarding the contents of that affidavit. (Hr'g Tr. 63:6 – 64:12.) In particular, Ms. Maroldy asked the Ms. Applegate to compare the substance of the affidavit prepared for Salt River's briefing with affidavits Ms. Applegate submitted in other cases. (*Id*.)

Likewise, Ms. Maroldy examined Ms. Applegate regarding the entries in the District Court's CM/ECF system, with respect to Salt River's District Court Complaint. (Hr'g Tr. 65:23 – 66:10.) In further cross-examination, Ms. Maroldy returned to Salt River's District Court filing, this time with respect to the receipt issued by the District Court clerk:

> Q: If you would look at the page bearing 00027, Ms. Applegate, you'll see the number that is just above the legend at the bottom of this receipt, the number 062241. Is that correct?
> A: Uh-huh.
> Q: And that is the same as the case number for the Salt River complaint filed in the district court. Correct?
> A: It is.
> …

Q: And the receipt number for the receipt for Salt River has the receipt number, 461001252. Correct?
A: I believe it's 461601252.

(Hr'g Tr. 68:21 – 69:15.)

At the conclusion of the hearing, Judge Hewitt remarked that "the materials that came in with the briefing are less exhaustive than the materials that were presented to the Court today…. [s]o the argument that the parties have submitted on this issue, in the three briefs that we've received, is based on a somewhat different factual record than the factual record which is now in front of the Court." (Hr'g Tr. 79:5-8; 79:10-14.) Judge Hewitt subsequently ordered supplemental briefing.

## III. DISCUSSION.

### A. The Hearing Transcript Should Be Included in the Record Because It Contains Relevant, Material Evidence Regarding Defendant's Motion to Dismiss.

RCFC Rule 43(e) authorizes this Court to augment the Record with facts that are not in the Record, but which are germane to motions pending before the Court. RCFC Rule 43(e); *see Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986) ("A court may choose among methods for gathering the evidence, when it will resolve all factual disputes. Rule 43(e) gives the judge the full menu – oral testimony, depositions, affidavits, and documents."); 8 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶

43.05[1] (3d ed. 2007) ("[R]ule [43 of the Federal Rules of Civil Procedure] is most commonly used to resolve preliminary issues in connection with jurisdictional or related types of motions.").

The Court may consider testimony given at other hearings and proceedings involving the same parties and concerning similar issues as those before the Court. Accordingly, RCFC Rule 80 authorizes parties to present the transcript of a witness' testimony in another hearing by submitting "the transcript thereof duly certified by the person who reported the testimony." RCFC Rule 80; see also 12 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3122 (2d ed. 1997) (noting that Rule 80 of the Federal Rules of Civil Procedure applies to testimony which "may be required at a later stage of the same or another trial," provided that the transcript is certified by "an official federal-court stenographer.").[2]

*1. The evidence contained in the Hearing Transcript is material to the time of filing issue before this Court.*

---

[2] This Court may also take judicial notice of proceedings within its jurisdiction and currently pending before other Judges of the Court. *See* FED. R. EVID. 201(b)(1) – (2); *see Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) ("[W]e may properly take judicial notice of the record in that litigation between the same parties who are now before us."); *Dixon v. Jacobs*, 427 F.2d 589, 596 (D.C. Cir. 1970) (noting that "the District Court was entitled to take notice of its own records…."); *Alexander v. Texas Co.*, 165 F. Supp. 53, 58 (D. La. 1958) (taking judicial notice of plaintiff's sworn testimony in a different case pending in the same court between defendant and another plaintiff.).

The time of filing in this action is critical to a full evaluation of Defendant's motion to dismiss. (*See* Pls.' Br. in Resp. to Mot. to Dismiss at 14-15.) The Hearing Transcript contains significantly more detail regarding Ms. Applegate's actions with respect to filing both the CFC and District Court Complaints than either the parties' briefs or the Affidavit, Responses to Interrogatories, and other documents submitted in support thereof.

Specifically, Ms. Applegate testified extensively regarding her actions with respect to the sequence of filing. (Hr'g Tr. 18:3 – 19:3.) On direct examination, she retraced her steps with respect to filing the complaint in this action and clarified several points that were summarily made in her affidavit. In particular, Ms. Applegate recalled traveling to the Court of Federal Claims on foot on the morning of December 29, 2006 to file the complaint that initiated this action. (Hr'g Tr. 18:3 – 19:3.) She walked back to the offices of Kilpatrick Stockton LLP, after completing the filing in this Court. (*Id*.) After returning to the office, she learned that the District Court Complaint was printed, signed, and ready to be filed, and she took a taxi to the District Court to file that Complaint. (*Id*.)

Together with Ms. Applegate's direct testimony, the testimony elicited by the Defendant on cross-examination completes the presentation of material information necessary for resolution of the time of filing issue.

Accordingly, Ms. Applegate's testimony regarding the sequence of filings on December 29, 2006 is material to this Court's evaluation of the parties' arguments with respect to jurisdiction should be admitted to supplement the Record.

*2. Consideration of the Hearing Transcript will preserve valuable judicial resources by eliminating the need for further testimony regarding the time of filing.*

Preparation of and opposition to Defendant's motion to dismiss has required the expenditure of considerable time, energy and resources, both by this Court and the parties. By supplementing the facts underlying the time of filing issue with the facts presented in the Hearing Transcript, this Court can avoid unnecessary delay and wasted resources.

In this case, the Record can be fully supplemented with the Hearing Transcript recorded by the official court reporter at the October 24, 2007 Hearing before Judge Hewitt. During Ms. Applegate's direct examination, Judge Hewitt asked for clarification regarding the sequence of filing, immediately clarifying the issue at hand. (Hr'g Tr. 18:21 – 19:3.) Likewise, Ms. Maroldy and Mr. Larsen were afforded an full opportunity to examine Ms. Applegate's recollection of events on December 29, 2006 and to challenge Ms. Applegate's credibility during the hearing. (*Id*. at 54:11 – 54:20.) In fact, Ms. Maroldy examined Ms. Applegate regarding Salt River

and the sequence of filing of the CFC Complaint and the District Court Complaint at several different times during cross-examination. (*Id.* at 63:6 – 64:12; 65:23 – 66:10; 68:21 – 69:15.) Thus, a review of the Hearing Transcript permits this Court to reap the benefits of Ms. Applegate's live testimony without expending additional judicial resources by holding an separate evidentiary hearing in this case.

What is more, the disadvantages of a second evidentiary hearing are clear. First, a second evidentiary hearing will waste valuable judicial resources by duplicating Judge Hewitt's efforts in presiding over a full evidentiary hearing on the sequence of filing issue. Second, Ms. Applegate will be forced to return to court to testify regarding a series of events already fully described at an earlier hearing. Ms. Applegate's second round of testimony would require additional preparation by counsel for both parties and would require Ms. Applegate to spend time away from her other professional responsibilities. Further, a second evidentiary hearing would most likely fail to produce evidence regarding the sequence of filing that has not already been provided by the parties or is not contained in the Hearing Transcript. The second hearing would not only be redundant, it would also be wasteful and duplicative of the Court's and the parties' prior efforts.

Accordingly, this Court should supplement the Record of this case with the Hearing Transcript, which will necessarily obviate the need for an additional evidentiary hearing.

**B. Supplemental Briefing Based on Ms. Applegate's Testimony at the October 24, 2007 Hearing Will Complete the Factual and Legal Record underlying Defendant's Motion to Dismiss.**

*1. Supplemental briefing on the sequence of filing will aid this Court's evaluation of Defendant's motion to dismiss by completing the factual and legal positions of the parties.*

This Court may "upon reasonable notice and upon such terms as are just," permit supplemental briefing to address additional facts identified subsequent to the parties' submission of briefs. RCFC Rule 15(d). "[I]t is within the court's discretion to grant or deny leave to file a supplemental pleading," pursuant to RCFC Rule 15(d). *System Fuels, Inc. v. United States,* 73 Fed. Cl. 206, 211 (2006) (internal quotations omitted). Thus, following the October 24, 2007 Hearing, Judge Hewitt found it necessary to order supplemental briefing on the evidence presented during the Hearing because "the argument that the parties have submitted on this issue, in the three briefs that we've received, is based on a somewhat different factual record than the factual record which is now in front of the Court." (Hr'g Tr. 79:5-8; 79:10-14.)

In this case, supplemental briefing on the time of filing issue is essential to fully explore the issues raised in Defendant's Motion to Dismiss. Additional briefing would permit the parties to advise this Court of the parties' positions with respect to additional information presented in the October 24, 2007 Hearing. Not only does the Hearing Transcript clarify several points in Ms. Applegate's affidavit, and the responses to interrogatories and documents submitted in support of Plaintiff's Brief in Response to Defendant's Motion to Dismiss, (Docket No. 19), but it also contains evidence related to both parties' positions with respect to the sequence of filing.

*2. Salt River proposes the following schedule for briefing and oral argument regarding the sequence of filing in this case and Salt River's District Court action.*

Salt River proposes that this Court adopt a supplemental briefing schedule requiring the parties to:

1. Submit Opening Supplemental Briefs on or before Monday, November 19, 2007;

2. Submit responsive briefs, as necessary, on or before Monday, December 3, 2007;

3. Give oral argument on the Defendant's Motion to Dismiss in the week of January 7, 2007.

## IV. CONCLUSION.

For the reasons stated above, Salt River requests that this Court supplement the Record with the October 24, 2007 Transcript of Evidentiary Hearing in *Ak-Chin Indian Community v. United States*, No. 06-932L. Salt River further requests that this Court order supplemental briefing with respect to the additional facts contained in the transcript in accordance with the schedule set forth above.

This the 8th day of November, 2007.

Respectfully submitted,

/s/ Keith Harper

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail baustin@kilpatrickstockton.com
KILPATRICK STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>**Electronically filed on November 8, 2007** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Brief In Support of Motion to Supplement the Record and For Supplemental Briefing was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Kevin J. Larsen, Esq.
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

This 8th day of November, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
**Kilpatrick Stockton LLP**
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian Community