IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | Case No. 06-943 |
| v. | ) | Judge Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA, | ) | **(Electronically Filed November 8, 2007)** |
| Defendant. | ) | |

**EXHIBIT 1, PART D TO**

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND FOR SUPPLEMENTAL BRIEFING**

**Teschemaker, James**

---

**From:** Bosken, Katherine
**Sent:** Friday, December 29, 2006 9:26 AM
**To:** Applegate, Alexis REDACTED
**Cc:** Guilder, Justin; Harper, Keith; Smith, David
**Subject:** CFC versions of TON, Salt River, and Ak-Chin
**Attachments:** FINAL TON CFC complaint.DOC.nrl; USE THIS FINAL SRPMIC CFC COMPLAINT.doc.nrl; FINAL Ak Chin CFC complaint.DOC.nrl

Alexis,

I've attached document links to the final CFC complaints for TON, Salt River, and Ak-Chin.
Justin is handling Passamaquoddy

Call with any questions x 7468.

REDACTED

Thanks,
Katie

KILPATRICK
STOCKTON LLP
Attorneys at Law

Katherine M. R. Bosken
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7468
f 336 734 2635

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 336 607 7300, and destroy the original transmission and its attachments without reading or saving in any manner.

**Guilder, Justin**

---

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 7:47 AM
**To:** Guilder, Justin; Harper, Keith
**Subject:** Ak-chin

Did we hear about any changes from Eddie on the Ak-chin complaints last night or can I go ahead and get those ready for filing?

**Bosken, Katherine**

**From:** Harper, Keith
**Sent:** Thursday, December 28, 2006 9:44 PM
**To:** Smith, David; Bosken, Katherine; Guilder, Justin; Reeves, Mark; Applegate, Alexis; Roy, Sandy; Austin, Bill
**Subject:**

**REDACTED**

Alexis - can you make sure the two courts are noit closing early.

David - Anythings else?

I'll be chacking my blackberry for a while.

-----Original Message-----
From: Smith, David
To: Harper, Keith; Bosken, Katherine; Guilder, Justin
Sent: Thu Dec 28 19:12:20 2006
Subject:

**REDACTED**



AKCHIN00116

REDACTED

REDACTED

**REDACTED**

REDACTED

REDACTED

REDACTED

## Applegate, Alexis

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 2:24 PM
**To:** Stephens, Dayna
**Subject:** RE: Need Rush Checks

Dayna,

**REDACTED**

Thanks for all of your help this morning and have a Happy New Year!

Alexis

---

**From:** Stephens, Dayna
**Sent:** Friday, December 29, 2006 10:09 AM
**To:** Harper, Keith; Applegate, Alexis; Roy, Sandy
**Cc:** Bazen, Sarah; Deringer, Linda; Roberson, Darlene
**Subject:** RE: Need Rush Checks

These are printed now.. please let me know if you have received them

---

**From:** Harper, Keith
**Sent:** Friday, December 29, 2006 8:59 AM
**To:** Applegate, Alexis; Roy, Sandy
**Cc:** Bazen, Sarah; Deringer, Linda; Stephens, Dayna; Roberson, Darlene
**Subject:** RE: Need Rush Checks

Alexis,

**REDACTED** in all the CFC Complaints.

So we will have to run those copies again while you file the DDC.

---

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 8:07 AM
**To:** Roy, Sandy
**Cc:** Harper, Keith; Bazen, Sarah; Deringer, Linda; Stephens, Dayna; Roberson, Darlene
**Subject:** Need Rush Checks

Sandy,

**REDACTED**

Thanks everyone,
Alexis

KILPATRICK STOCKTON LLP
Attorneys at Law

Alexis E. Applegate
Paralegal
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
t 202 508 5807
f 202 585 0047

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 202 508 5800, and destroy the original transmission and its attachments without reading or saving in any matter.

PETTY CASH
CASH SLIP - CLIENT/FIRM EXPENSE

Date 12/29/06

Received from:
KILPATRICK STOCKTON LLP $ 16.00

Sixteen Dollars

Charge to:

- ☐ FIRM (Description of expenditure must be shown)
- ☑ CLIENT

Client 57870 Number

Matter 338789 Number

DESCRIPTION: taxis to/from courthouse

SIGNED Alexis Applegate

(FORM TO BE FULLY COMPLETED AND SUPPORTING VOUCHER, IF ANY, SHOULD BE ATTACHED.)

## TAXI CAB RECEIPT

DATE: 12-29-06 a.m.

CAB FARE FROM: 607 14th St

TO: 333 Constitution Ave

NO. OF PASSENGERS: 1 TOTAL FARE: $ 8.00

CAB CO. & NO.: 966 DRIVER: [signature]

## TAXICAB RECEIPT

Time: 12/29/06

Date: a.m.

Origin of trip: 333 Constitution

Destination: 607 14th St

Fare: 8.00 Sign: [signature]

PLAINTIFF'S EXHIBIT
E

AKCHIN00031

**PETTY CASH**

**CASH SLIP – CLIENT/FIRM EXPENSE**

Date 12/29/06

Received from:
**KILPATRICK STOCKTON LLP** $ 16.00

Sixteen Dollars

**Charge to:**

☐ FIRM (Description of expenditure must be shown)

☒ CLIENT

Client: Number 57847

Matter: Number 338587

DESCRIPTION: taxis to/from courthouse

SIGNED: Clyde Applegate

**(FORM TO BE FULLY COMPLETED AND SUPPORTING VOUCHER, IF ANY, SHOULD BE ATTACHED.)**

BARBADOS

## Taxi- Receipt

Driver# ______ Cab# ______

To: 807 14th Street

From: 333 Constitution

Date: 12/29/06 Amount:$ 8.00

Signature: ______

visit www.visitbarbados.org/taxibdos to win a trip to Barbados



## TAXI CAB RECEIPT

DATE: 12/29/06 TIME: 2nd trip

TRIP ORIGIN: 807 14th St

DESTINATION: 333 Constitution

FARE: $ 8.00 SIGNATURE: ______

PLAINTIFF'S EXHIBIT

AKCHIN00032

**PETTY CASH**
**CASH SLIP - CLIENT/FIRM EXPENSE**

Date 12/29/06

Received from:
**KILPATRICK STOCKTON LLP** $ 16.00
Sixteen Dollars

**Charge to:**
☐ FIRM (Description of expenditure must be shown)
☒ CLIENT

Client 57831 Number
Matter 338240 Number

DESCRIPTION: taxis to/from courthouse

[signature] SIGNED

**(FORM TO BE FULLY COMPLETED AND SUPPORTING VOUCHER, IF ANY, SHOULD BE ATTACHED.)**

## Taxi Cab Receipts

DATE: 12/29/06 TIME:

TRIP ORIGIN: 333 Constitution

DESTINATION: 607 14th St

FARE: $ 8.00 SIGNATURE [signature]

## TAXICAB RECEIPT

Time: 12/29/06

Date:

Origin of trip: 607 14th St

Destination: 333 Constitution

Fare: 8.00 Sign: [signature]

[illegible stamp]

AKCHIN00030

**Munson, Catherine**

---

**From:** Guilder, Justin
**Sent:** Friday, December 29, 2006 11:41 AM
**To:** Edward Roybal
**Subject:**

Can you give me

**REDACTED**

KILPATRICK STOCKTON LLP
Attorneys at Law

Justin Guilder
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
t 202 639 4707
f 202 585 0014

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 202 508 5800, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Treasury Department Circular 230 Disclosure: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein...

**Guilder, Justin**

**From:** ERoybal@stricklandlaw.net
**Sent:** Friday, December 29, 2006 1:28 PM
**To:** Guilder, Justin
**Subject:** Re:

**REDACTED**

Ok let me check
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Guilder, Justin" <JGuilder@kilpatrickstockton.com>
Date: Fri, 29 Dec 2006 11:40:51
To:"Edward Roybal" <ERoybal@stricklandlaw.net>
Subject:

Can you give me

**REDACTED**

<http://www.kilpatrickstockton.com/>

Justin Guilder
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
t 202 639 4707
f 202 585 0014
Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 202 508 5800, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Treasury Department Circular 230 Disclosure: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein...

**Guilder, Justin**

**From:** ERoybal@stricklandlaw.net
**Sent:** Friday, December 29, 2006 1:45 PM
**To:** Guilder, Justin
**Subject:** Re:

**REDACTED**

Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Guilder, Justin" <JGuilder@kilpatrickstockton.com>
Date: Fri, 29 Dec 2006 11:40:51
To:"Edward Roybal" <ERoybal@stricklandlaw.net>
Subject:

Can you give me **REDACTED**

<http://www.kilpatrickstockton.com/>

Justin Guilder
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
t 202 639 4707
f 202 585 0014

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 202 508 5800, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Treasury Department Circular 230 Disclosure: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein...

## Applegate, Alexis

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 12:41 PM
**To:** Austin, Bill
**Subject:** RE: The Tribal Trust Case Filings

sorry - we have filed them but I am waiting for the summons- we filed most of them today.

---

**From:** Austin, Bill
**Sent:** Friday, December 29, 2006 11:43 AM
**To:** Applegate, Alexis
**Subject:** The Tribal Trust Case Filings

Alexis--If you've not yet departed for Jekyll Island and the weekend of celebration and merriment to be hosted by Vance, would it be possible for you to e-mail me the complaints filed on Thursday in the district court and the court of federal claims?

And please convey my best wishes to Vance--tell him he's greatly missed.

Bill A.

## Applegate, Alexis

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 2:23 PM
**To:** Austin, Bill
**Subject:** RE: The Tribal Trust Case Filings

Just got back from the court... leaving soon- have to get my time in before I leave.

---

**From:** Austin, Bill
**Sent:** Friday, December 29, 2006 1:49 PM
**To:** Applegate, Alexis
**Subject:** RE: The Tribal Trust Case Filings

Thanks for the update.

When are you leaving the office?

Bill A.

---

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 12:41 PM
**To:** Austin, Bill
**Subject:** RE: The Tribal Trust Case Filings

sorry - we have filed them but I am waiting for the summons- we filed most of them today.

---

**From:** Austin, Bill
**Sent:** Friday, December 29, 2006 11:43 AM
**To:** Applegate, Alexis
**Subject:** The Tribal Trust Case Filings

Alexis--If you've not yet departed for Jekyll Island and the weekend of celebration and merriment to be hosted by Vance, would it be possible for you to e-mail me the complaints filed on Thursday in the district court and the court of federal claims?

And please convey my best wishes to Vance--tell him he's greatly missed.

Bill A.

PLAINTIFF'S EXHIBIT
K

## Applegate, Alexis

**From:** Applegate, Alexis
**Sent:** Friday, December 29, 2006 5:09 PM
**To:** Harper, Keith; Guilder, Justin; Austin, Bill
**Subject:** Service of Complaints

The process server just called. This is the status for all four complaints:

Kempthorne and Swimmer were served at 3:14p.m
The Attorney General was served at 3:42 p.m.
The U.S. Attorney was served at 3:57p.m.
There was no one available at the Department of Treasury to accept service, this person will return on Wednesday. The process server is going to go back to the Department of Treasury on Wednesday. (Remember the feds are closed Mon and Tues)

Have a good new years guys,
Alexis

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE AK-CHIN INDIAN COMMUNITY,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

No. 06-932-L

**AFFIDAVIT OF ALEXIS APPLEGATE**

The undersigned, Alexis Applegate, deposes and states as an affidavit the following:

1.

I am over eighteen years of age and am competent to testify to the facts stated herein. I have personal knowledge of and state that the facts set forth herein are true and correct.

2.

I am a paralegal at Kilpatrick Stockton LLP and have been working at Kilpatrick Stockton LLP since 2000. In my capacity as a paralegal at Kilpatrick Stockton LLP, I am responsible for filing pleadings in various courts, including the United States Court of Federal Claims and the United States District Court for the District of Columbia.

3.

On December 29, 2006, I filed Complaints initiating the following actions in the United States Court of Federal Claims: *Ak-Chin Indian Community v. United States*, 06-932L; *Passamaquoddy Tribe v. United States*, No. 06-942L; *Salt River Pima-Maricopa*

PLAINTIFF'S EXHIBIT M

*Indian Community v. United States*, No. 06-943L; and *Tohono O'odham Nation v. United States*, 06-944L (collectively, "Court of Federal Claims Actions").

4.

Later, that same day, I filed a Complaint in the United States District Court for the District of Columbia initiating the action styled *Ak-Chin Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02245-JR ("Ak-Chin District Court Action").

5.

I am certain that on December 29, 2006, I filed the Complaints initiating the Court of Federal Claims Actions prior to filing the Complaint in the Ak-Chin District Court Action. The Complaint I filed in the Ak-Chin District Court Action was the last Complaint that I filed on December 29, 2006.

FURTHER AFFIANT SAYETH NOT.

Alexis E. Applegate
Alexis Applegate

Sworn to and subscribed before me this 1st day of May, 2007, to certify which, witness my hand and official seal.

Sandra L. Roy
Notary Public

My commission expires:
12/14/08

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-932L<br>Judge Emily C. Hewitt |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to RCFC 26 and 33, Plaintiff the Ak-Chin Indian Community ("Ak-Chin"), by its attorneys, hereby responds to Defendant's First Set of Interrogatories as follows:

## I. GENERAL OBJECTIONS

A. Ak-Chin objects to General Instruction No. VI to the extent it seeks to require Ak-Chin to supplement responses to Interrogatories which have not been propounded by Defendant, such as "the identity of and location of persons having knowledge of these matters" and "the identity, subject matter and testimony of experts who may be called as witnesses at trial or otherwise relied upon by plaintiff."

B. Ak-Chin objects to the Interrogatories to the extent they purport to seek information protected by privilege or the attorney work product doctrine.

C. Ak-Chin objects to Interrogatories No. 2 and 6 on the ground that they seek information outside the scope of this Court's May 30, 2007 Order directing Defendant to serve written requests for discovery "of information relevant to the factual dispute

concerning the impact of 28 U.S.C. § 1500 on plaintiff's case." May 30, 2007 Order, at ¶ 2(a). To determine whether Section 1500 applies to this action, this Court must examine whether Ak-Chin, when it "filed in this court, had 'pending in any other court any suit or process against the United States.'" *Breneman v. U.S.*, 57 Fed. C. 571, 575 (2003) (quoting 28 U.S.C. § 1500). Thus, the scope of the factual dispute is a very narrow one -- whether Ak-Chin's action in the United States District Court (styled *Ak-Chin Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02245-JR ("Ak-Chin District Court Action")) was "pending" at the time Ak-Chin filed the instant action. Defendant acknowledged as much during the May 30, 2007 Hearing by saying that it would require "fairly limited discovery regarding the timing of the filings in the District Court and in the Court of Federal Claims" and would only seek e-mails and correspondence "of the particular paralegal who was to file the pleadings" through "a request for production" and "a couple limited interrogatories." May 30, 2007 Hearing Transcript ("Hearing Transcript"), at pp. 8-10.

Notwithstanding the Court's May 30, 2007 Order and Defendant's representations regarding the anticipated narrow scope of discovery, Interrogatories No. 2 and 6 request that Ak-Chin describe each and every step it or its attorneys and other legal representatives took in connection with filing the instant action and the Ak-Chin District Court Action. Each and every action performed by Ak-Chin or its attorneys to initiate these actions is not relevant to the narrow issue of whether Ak-Chin's District Court Action was pending at the time Ak-

Chin filed the instant action. Interrogatories No. 2 and 6 thus seek information outside the scope of permissible discovery.

These interrogatories also seek information protected from discovery by the attorney-client privilege and/or fall under the "core" or "opinion" "tier" of attorney work product because they seek information that would reveal the mental impressions, conclusions, opinion or legal theories of the attorneys or other representatives of Ak-Chin concerning this litigation. *See Desert Management v. U.S.*, 76 Fed. Cl. 88, 93 (2007) (citing *In re Cendant Corp. Litig.* 343 F.3d 658, 663 (3d Cir. 2003)). This information is afforded "near absolute protection of discovery" and Ak-Chin is not obligated to disclose it to Defendant. *Id.*

These general objections are expressly incorporated by reference into Ak-Chin's response to each individual interrogatory below.

**II. SPECIFIC RESPONSES**

**Interrogatory No 1:** Please state the name, address, telephone number, position and employer of the Person(s) answering these interrogatories, and identify any and all Persons who provided any information used in preparing your responses to [for the purpose of answering] these interrogatories.

**Response:** In answering these interrogatories, Ak-Chin is relying upon information provided to it by Kilpatrick Stockton LLP ("Kilpatrick Stockton"), Ak-Chin's counsel responsible for filing the instant action and the Ak-Chin District Court Action. The following individuals from Kilpatrick Stockton provided information used to prepare the

responses to the interrogatories: Keith M. Harper, Esq., G. William Austin, Esq., David Smith, Esq., Mark Reeves, Esq., Raymond Bennett, Esq., Justin Guilder, Esq., Katherine Bosken, Esq., Alexis Applegate and Sandy Roy. Edward Roybal, Esq. of Strickland & Strickland, 4400 East Broadway, Suite 700, Tucson, AZ 85711 also provided information used to prepare the responses to the interrogatories.

**Interrogatory No 2.** Please describe, in detail, the steps taken by you to file the Complaints in the D.D.C. and the C.F.C. respectively.

**Response:** As explained in more detail above in paragraph C of Ak-Chin's General Objections, Ak-Chin objects to Interrogatory No. 2 on the ground that it is overly broad and seeks information outside the scope of permissible discovery because such information is not relevant to the factual dispute of whether the Ak-Chin District Court Action was pending at the time Ak-Chin filed the instant action. Ak-Chin objects to Interrogatory No. 2 on the additional grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine, including the mental impressions, conclusions, opinion or legal theories of Ak-Chin's attorneys concerning this litigation.

Subject to and without waiving the foregoing objections, Ak-Chin states that it relied upon Kilpatrick Stockton to file the instant action and the District Court Action. Kilpatrick Stockton states that prior to filing the instant action and the Ak-Chin District Court Action, attorneys and support personnel at Kilpatrick Stockton drafted the Complaints and prepared

accompanying materials, including cover sheets, checks to cover the filing costs, a notice of designation for related cases and a summons.

To file the instant action, on December 29, 2006, Alexis Applegate, a paralegal employed by Kilpatrick Stockton, walked to the Court of Federal Claims and handed the clerk the requisite number of copies of the Complaint, as well as a civil cover sheet and a check to cover the accompanying filing fees. Ms. Applegate walked back to the office with a file-stamped copy of the Complaint.

Later that same day, to file the Ak-Chin District Court Action, Ms. Applegate took a cab to the District Court. The clerk at the District Court who handled the filing of the Complaints told Ms. Applegate that she was too busy to process Ms. Applegate's Complaint while Ms. Applegate waited. The clerk instructed Ms. Applegate to leave Ak-Chin's District Court Complaint and accompanying materials with the clerk and told Ms. Applegate that she would call Ms. Applegate to tell her when the clerk was ready for Ms. Applegate to come back to the District Court to complete the filing and retrieve the summons.

Ms. Applegate took a cab back to the office and waited for the clerk to call her. Ms. Applegate does not remember whether the clerk called her or if Ms. Applegate decided on her own to go down to the District Court to check on the Complaint. Ms. Applegate took a cab from the office back to the District Court to complete the filing of the Ak-Chin District Court Action. During this trip to the District Court, Ms. Applegate retrieved the file-stamped copy of the Complaint and other materials, including the summons, from the clerk and

brought those materials and a check to the District Court's cashier. Ms. Applegate submitted a check to the cashier, received a receipt from the District Court's cashier and took a cab back to the office with a file-stamped copy of the Complaint, an executed summons and a receipt.

**Interrogatory No 3.** Please identify the persons employed at Kilpatrick Stockton, L.L.P. that performed the filing of Plaintiff's D.D.C. Complaint.

**Response:** Alexis Applegate.

**Interrogatory No 4.** Please identify the persons employed at Kilpatrick Stockton, L.L.P. that performed the filing of Plaintiff's C.F.C. Complaint.

**Response:** Alexis Applegate.

**Interrogatory No 5.** Did you use, employ, retain, otherwise engage the services of, or compensate any person, third-party contractor, courier service or company that was not an employee of the law firm Kilpatrick Stockton, L.L.P. to file or assist with filing Plaintiff's D.D.C. and C.F.C. Complaints? If the answer to this interrogatory is "yes," please identify such person(s), third-party contractor, or courier service.

**Response:** Ak-Chin relied upon Kilpatrick Stockton to complete the filing of the Complaint in the instant action and the Ak-Chin District Court Action. Kilpatrick Stockton did not use a third-party to assist with these filings. As explained in response to Interrogatory No. 2, on December 29, 2006, Ms. Applegate took cabs from Kilpatrick Stockton's offices to the District Court and to return to Kilpatrick Stockton's office. Ms.

Applegate does not remember which cab company she used for the trips to and from the District Court and the receipts she received from each of the cabs do not identify the cab companies. Kilpatrick Stockton used Capitol Process Services, 1827 18th Street, N.W., Washington, D.C. to serve the Complaint in the Ak-Chin District Court Action.

**Interrogatory No 6.** For each person identified in response to Interrogatory Nos. 3 or 4, and for each person, third-party contractor, or courier service identified in response to Interrogatory No. 5, please explain in detail what tasks that person or entity performed in connection with filing Plaintiff's D.D.C. and C.F.C. Complaints.

**Response:** As explained in more detail above in paragraph C of Ak-Chin's General Objections, Ak-Chin objects to Interrogatory No. 6 on the grounds that it is overly broad and seeks information outside the scope of permissible discovery which is not relevant to the factual dispute of whether the Ak-Chin District Court Action was pending at the time Ak-Chin filed the instant action. Ak-Chin objects to Interrogatory No. 6 on the additional grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine, including the mental impressions, conclusions, opinion or legal theories of Ak-Chin's attorneys concerning this litigation. Subject to and without waiving the foregoing objections, the actions Ms. Applegate took to file the Complaint in the instant action and the Ak-Chin District Court Action are set forth in Ak-Chin's response to Interrogatory No. 2. Ak-Chin states as a further response: *see* Response to Interrogatory No. 5.

**Interrogatory No 7.** On, or after December 29, 2006, did you receive any document from any person confirming or stating that the Plaintiff's complaints were successfully filed with the D.D.C. and the C.F.C.? If the answer to Interrogatory No. 7 is "yes," please identify any and all documentation you received and from whom you received it.

**Response:** Plaintiff objects to Interrogatory No. 7 on the grounds that it is overly broad and seeks information outside the scope of permissible discovery which is not relevant to the factual dispute of whether the Ak-Chin District Court Action was pending at the time Ak-Chin filed the instant action. Subject to and without waiving the foregoing objection, Kilpatrick Stockton received receipts from the Court of Federal Claims and the District Court, as well as file stamped copies of the Complaints filed in each action. In addition, Ms. Applegate sent an e-mail to G. William Austin on December 29, 2006 at 12:41 p.m. telling Mr. Austin that all the Complaints had been filed, but that she was waiting for the summons. Ms. Applegate then sent Mr. Austin a subsequent e-mail on December 29, 2006 at 2:23 p.m. telling Mr. Austin that she had just returned from the Court and was completing her time before she left for the day. Kilpatrick Stockton also received Affidavits of Service from Capitol Process Services indicating that the Complaints in the Ak-Chin District Court Action had been served.

**Interrogatory No 8.** Please identify any and all documents in your possession, custody or control that state, evidence or reflect the times of day that the Plaintiff's complaints were filed with the D.D.C. and the C.F.C., respectively, on December 29, 2006.

**Response:** Ak-Chin is aware of no documents which state, evidence or reflect the exact times of day that Ak-Chin's Complaints were filed in the instant action or in the District Court. The following documents evidence the approximate time that Ak-Chin filed the instant action and the District Court Action:

- Ms. Applegate sent an e-mail to G. William Austin on December 29, 2006 at 12:41 p.m. telling Mr. Austin that all the Complaints had been filed, but that she was waiting for the summons. Thus, at that time, the instant action had been filed, but as explained in response to Interrogatory No. 2, Ms. Applegate had not yet completed the filing of the Ak-Chin District Court Action because she had to return to the District Court to complete the filing, retrieve a summons and pay the filing fees, all of which she completed in a later trip to the District Court. Ms. Applegate sent Mr. Austin a subsequent e-mail on December 29, 2006 at 2:23 p.m. telling Mr. Austin that she had just returned from the Court and was completing her time before she left for the day. These e-mails evidence that the instant action was filed before 12:41 p.m. and that the filing of the Ak-Chin District Court Action was completed between 12:41 p.m. and 2:23 p.m.

- Mr. Guilder, an attorney at Kilpatrick Stockton who assisted with the preparation of Ak-Chin's Complaint filed in the instant action, sent an e-mail on December 29, 2006 at 11:41 a.m. to Edward Roybal, Ak-Chin's counsel with the law firm Strickland & Strickland, requesting information to be included in the Complaint filed in this action. This e-mail evidences that the instant action had not been filed as of 11:41 a.m. (Mr. Roybal did not respond to this e-mail until after Mr. Guilder already had obtained the requested information on his own).
- Ms. Applegate sent an e-mail to Mr. Harper on December 29, 2006 at 3:36 p.m. stating that she would let Mr. Harper know when she heard back from the process servers thus confirming that Ms. Applegate already had retrieved the summons from the District Court and the Ak-Chin District Court Action already had been filed at that time.
- Ms. Applegate sent an e-mail to Mr. Austin on December 29, 2006 at 4:17 p.m. stating that all Complaints in each court had been filed and that she was waiting to hear if the Complaints had been served.
- Affidavits of Service show that Kempthorne and Swimmer were served with the District Court Complaint at 3:14 p.m. on December 29, 2006, confirming that the District Court Action had been filed by 3:14 p.m.

**Interrogatory No 9.** State the exact time and date the Complaint in the Court of Federal Claims was filed. If you do not know the exact time of filing, please state your best approximation of the time, based on the information available to you.

**Response:** Ms. Applegate filed the instant action on December 29, 2006 between 11:41 a.m. and 12:41 p.m.

**Interrogatory No 10.** State the exact time and date the Complaint in the D.D.C. was filed. If you do not know the exact time of filing, please state your best approximation of the time, based upon all the information available to you.

**Response:** Ms. Applegate completed the filing of the Ak-Chin District Court Action on December 29, 2006 between 12:41 p.m. and 2:23 p.m.

**Interrogatory No 11.** Set forth in detail all facts upon which your responses to Interrogatory Numbers 9 and 10, above, are based.

**Response:** Ms. Applegate filed seven Complaints on December 29, 2006. In addition to the instant action, Ms. Applegate filed Complaints in the United States Court of Federal Claims styled *Passamaquoddy Tribe v. United States*, No. 06-942L; *Salt River Pima-Maricopa Indian Community v. United States,* No. 06-943L; and *Tohono O'odham Nation v. United States*, 06-944L (collectively, the "Court of Federal Claims Actions"). Ms. Applegate also filed Complaints in the District Court initiating the actions styled *Ak-Chin Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02245-JR, *Passamaquoddy Tribe of Maine v. Dirk Kempthorne, Ross O. Swimmer*

*and Henry M. Paulson*, Case No. 1:06-cv-02240-JR and *Salt River Pima-Maricopa Indian Community v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02241-JR (collectively, "District Court Actions").

Ms. Applegate recalls that on December 29, 2006, the last trip she made to a court in connection with filing a complaint was to the District Court. Ms. Applegate specifically recalls giving a security guard at the District Court a "high-five" when she had completed all of the filings on December 29, 2006. Because the District Court assigned the Ak-Chin District Court Action the highest civil action number of all of the District Court Actions Ms. Applegate filed that day, and the District Court assigns civil action numbers based upon the time that the Complaints in the District Court are filed, Ms. Applegate is certain that the Complaint initiating the Ak-Chin District Court Action was the last Complaint she filed that day.

In addition, Mr. Harper recalls that he orally instructed Ms. Applegate to file the Complaints initiating the Court of Federal Claims Actions at the earliest possible time on December 29, 2006, and prior to filing the Complaint initiating the District Court Actions. Mr. Harper did not give the instruction to file the Court of Federal Claims Actions prior to filing the District Court Actions out of a concern for issues related to 28 U.S.C. § 1500. Rather, because Kilpatrick Stockton had successfully filed a Complaint in the action styled, *Tohono O'odham Nation v. Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson*, Case No. 1:06-cv-02236-JR in the District Court on December 28, 2006, and Mr. Harper

practiced more regularly in the District Court, Mr. Harper was comfortable that he and Ms. Applegate understood the necessary procedures to perfect the filing of a Complaint in the District Court. Because Mr. Harper and Ms. Applegate had not yet filed any Complaints initiating actions in the Court of Federal Claims and Mr. Harper was not as familiar with the filing procedures in this Court, Mr. Harper instructed Ms. Applegate that she should file the Complaints initiating the Court of Federal Claims Actions as early as possible and before filing the Complaints she was planning to file in the District Court that day so that Mr. Harper and Ms. Applegate would have sufficient time to cure any potential problems occurring in connection with filing the Complaints in the Court of Federal Claims Actions. Ms. Applegate recalls Mr. Harper expressing this concern to her and wanting to file the Complaints in the Court of Federal Claims Actions as soon as possible.

Mr. Harper remembers making this instruction in spite of an e-mail Mr. Harper sent to Ms. Applegate at 8:59 a.m. on December 29, 2006, instructing her that she would have to file the Complaints in the District Court Actions while he made changes to the Complaints in the Court of Federal Claims Actions. In light of the impending holiday, late in the evening of December 28, 2006, Mr. Harper had asked Ms. Applegate to call the District Court and the Court of Federal Claims to determine if either of the Courts were closing early on December 29, 2006. Mr. Harper recalls that on the morning of December 29, 2006, likely after he sent Ms. Applegate the 8:59 a.m. e-mail, Ms. Applegate was unable to determine the hours for the Court of Federal Claims. This additional uncertainty prompted Mr. Harper to instruct Ms.

Applegate to file the Court of Federal Claims Actions before filing the District Court Actions. Ms. Applegate is certain that she followed Mr. Harper's instructions and filed the Complaint in the instant action prior to filing the Complaint in the Ak-Chin District Court Action. Ak-Chin states as a further response, *see* Responses to Interrogatories No. 2 and 8.

This the 9th day of July, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
Ak-Chin Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-932L<br>Judge Emily C. Hewitt |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories by delivering a copy thereof addressed to:

Laura M.L. Maroldy, Esq.
Trial Attorney
United States Department of Justice
Environmental and Natural Resources Division
P.O. Box 663
Washington, D.C., 20044-0633

by United States Mail, with sufficient postage paid.

This the 9th day of July, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.

Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
Ak-Chin Indian Community