IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-943L (LMB) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND FOR SUPPLEMENTAL BRIEFING**

On November 8, 2007, Plaintiff, the Salt River Pima-Maricopa Indian Community ("Plaintiff" or "Salt River") filed a Motion to Supplement the Record and for Supplemental Briefing ( the "November 8 Motion") (Docket No. 23). In the November 8 Motion, Plaintiff moved the Court to include in the record of proceedings before this Court, the transcript of an evidentiary hearing held before the Honorable Emily C. Hewitt in *Ak-Chin Indian Community v. United States*, No. 06-932-L on October 24, 2007 ("Ak-Chin Hearing Transcript"). The subject of this hearing transcript principally involved the testimony of a paralegal employed by the law firm representing Plaintiff in this action, Ms. Alexis Applegate. The November 8 Motion also requested that this Court order supplemental briefing to give the parties an opportunity to address Ms. Applegate's testimony.

The November 8 Motion requested this Court to admit the Ak-Chin Hearing Transcript as the only and dispositive factual evidence bearing on issues pertinent to the Defendant's Motion to Dismiss (Docket No. 18) which is presently pending before this Court. *See* November 8 Motion at pp. 2, 6-10.

On December 3, 2007, counsel for the Plaintiff filed a Supplemental Brief in Support of Motion to Supplement the Record and for Supplemental Briefing ("Plaintiff's December 3 Motion") (Docket. No. 27). In its December 3 Motion, Plaintiff implied that the United States' failure to file an opposition pursuant to the Rules of the United States Court of Federal Claims ("RCFC") 7.2(a) to the November 8 Motion should be interpreted by this Court as consent to the terms thereto. The United States offers this response in order to assure this Court that any such implication is misplaced.

On November 9, 2007, this Court held a pre-scheduled Status Conference with the parties and among other things, heard arguments concerning the Plaintiff's November 8 Motion. At the Status Conference, undersigned counsel informed the Court that because counsel for Plaintiff waited until the eve of the Status Conference to file the November 8 Motion, that he did not have sufficient time to prepare a written response on behalf of the United States. *See* Transcript of Proceedings dated November 9, 2007 ("Nov. 9 Hearing Trans.") at 5:12-16. Nevertheless, undersigned counsel orally argued his opposition to any use of the Ak-Chin Hearing Transcript as the sole and dispositive factual evidence as to the timing of the Plaintiff's filing of Complaint in this Court as well as the Plaintiff's parallel action pending in the United States District Court for the District of Columbia. *See Salt River Pima-Maricopa Indian Community v. Kempthorne, et al.,* 1:06-cv-02241 (JR) (D.D.C.).

It was the United States' position on November 9, and it remains its position today that the credibility of Ms. Applegate's testimony is central to this Court's determination of the issues raised by the United States in its Motion to Dismiss pursuant to 28 U.S.C. § 1500. *See* Nov. 9 Hearing Trans. at 14:17-25-15:3. As such, the Court's ability to observe Ms. Applegate's demeanor is

crucial. *See id*. at 6: 9-15. This Court agreed. *See id.* at 10: 9-11 ("My problem is that that testimony is subject to some question of credibility naturally, and I can't make a determination of credibility on a bare record."). The Court went on further to state that:

> And I have to say the presumption in the Court of Appeals that fact-finding by the trial judge stands unless it's grossly out of line has to be based upon the fact that the trial judge has seen the witness. And if I haven't seen the witness, then my assessment of her testimony is no better than the Court of Appeals' testimony would be.

*Id.* at 10:12-18. While this Court agreed that the Ak-Chin Hearing Transcript "may properly be a part of our record . . ." *Id.* at 10:20. The Court was "uncomfortable with making it the substitute for our own evidentiary hearing." *Id.* at 10:20-22. The United States did not provide a written response to the Plaintiff's November 8 Motion because the Court settled the issue at the November 9 Status Conference.

Moreover, undersigned counsel stated at the November 9 Status Conference that the United States intends to cross-examine Ms. Applegate with respect to "some additional facts that were not covered by the cross-examination . . ." (at the Ak-Chin Hearing). *See* November 9 Trans. at 6:9-13-15. Although it is presently unclear which purpose the Plaintiff anticipates that its use of the Ak-Chin Hearing Transcript at the December 10, 2007 evidentiary hearing will encompass, the United States intends to fully-cross examine Ms. Applegate at the December 10, 2007 evidentiary hearing regarding any and all material which may be potentially relevant to Ms. Applegate's filing of the Plaintiff's complaints in this case, its parallel case in the D.D.C., and the filing of other complaints on behalf of other Tribal plaintiffs represented by the Kilpatrick Stockton law firm on December 29, 2006.

Respectfully submitted this 4th day of December, 2007

RONALD J. TENPAS
Acting Assistant Attorney General

________________________________
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1383
Fax: (303) 844-1350

THOMAS R. BARTMAN
Indian Trust Litigation Office
Office of the Solicitor
Department of the Interior
1849 C St., N.W.
Washington, D.C. 20240
Tel: (202) 208-5000
Fax: (202) 219-0559

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227