IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-943<br>Judge Lawrence M. Baskir<br>**(Electronically Filed December 5, 2007)** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND FOR SUPPLEMENTAL BRIEFING**

The Court should issue an order granting the Salt River Pima-Maricopa Indian Community's ("Salt River") Motion to Supplement the Record to include the transcript of the October 24th hearing in *Ak-Chin Indian Community v. United States*, No. 06-932L, because Defendant failed to timely oppose the Motion and the Court already has determined that the October 24th Hearing Transcript should be properly part of the record. The Court's authority to admit into the record facts which are germane to motions pending before the Court is well-founded. Moreover, it is clear that the October 24th Hearing Transcript will add pertinent evidence to the record by providing testimony directly on-point with respect to the order in which the Salt River Complaints were filed in this Court and the District

Court – an issue which this Court is considering in connection with Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500.

In its untimely filed Opposition, Defendant attempts to justify its failure to respond in writing to Salt River's November 8th Motion within the time period prescribed by the Court's rules, by stating that the issue as to whether the October 24th Hearing Transcript should be included in the record of this case had been "settled" by this Court during the November 9th status conference. Salt River fully agrees.

After giving counsel for the parties an opportunity to address the issue, the Court advised that it intended to conduct its own evidentiary hearing concerning the sequence-of-filing issue, but that "the transcript of Judge Hewitt's hearing may properly be part of our record." Transcript of Proceedings, November 9, 2007 ("November 9th Hearing Tr.") p. 10. Thus, the Court made it abundantly clear that while it desired to observe the live testimony of Alexis Applegate regarding the steps she had taken on December 29, 2006 to file the Complaints for Salt River in both this Court and United States District Court, the transcript containing Ms. Applegate's October 24th testimony also would be admitted "as a piece of evidence." November 9th Hearing Tr. p. 10.

This Court is fully authorized under RCFC Rule 43(e) to augment the record with facts that are not in the record, but which are germane to motions pending before the Court. *See* RCFC Rule 43(e); *see Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986); 8 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 43.05[1] (3d ed. 2007) ("[R]ule [43 of the Federal Rules of Civil Procedure] is most commonly used to resolve preliminary issues in connection with jurisdictional or related types of motions."). The Court may consider testimony given at other hearings and proceedings involving the same parties and concerning similar issues as those before the Court. RCFC Rule 80 thus authorizes parties to present the transcript of a witness' testimony in another hearing by submitting "the transcript thereof duly certified by the person who reported the testimony." RCFC Rule 80; see also 12 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3122 (2d ed. 1997) (noting that Rule 80 of the Federal Rules of Civil Procedure applies to testimony which "may be required at a later stage of the same or another trial," provided that the transcript is certified by "an official federal-court stenographer."). Accordingly, the Court's authority to admit the October 24th Hearing Transcript into the record is well-founded. Defendant has offered no legal authority for its position to the contrary.

The principal argument Defendant makes is that the October 24th Hearing Transcript need not be admitted because Defendant's counsel is going to cross-examine Ms. Applegate with respect to the filings she completed on behalf of Salt River and also "the filing of other complaints." Def. Opp. Brf. p. 3. Admitting the October 24th Hearing Transcript into evidence, however, will have no effect on Defendant's right to cross-examine Ms. Applegate in this case. Rather, the scope of the cross-examination that counsel will be permitted to conduct in the upcoming hearing will depend upon what subjects are addressed in the course of Ms. Applegate's direct examination. *See* Federal Rule of Evidence 611(b).

Moreover, it is clear and uncontested that the October 24th Hearing Transcript will add germane evidence to the record in this case by providing testimony with respect to the order in which the Salt River Complaints were filed in the in this Court and the United States District Court. For example, during direct examination, Ms. Applegate testified that:

> A: The first trip of the day, I walked here to the CFC to file three complaints – *Passamaquoddy*, *Salt River*, and *Tohono O'odham* – then returned back to the office, at which point I discovered that the district court complaints in *Passamaquoddy* and *Salt River* were now ready. I then took my first taxi to the district court and filed those two.

(Hr'g Tr. 18:3 – 18:9; *see also* Hr'g Tr. 18:21 – 19:3.) In response to a question from the bench, Ms. Applegate also continued to explain that, when she returned from filing the CFC Complaint in this case, she learned that Salt River's District Court Complaint was ready for filing and she took that complaint to the district court. (Hr'g Tr. 18:21 – 19:3.)

This testimony directly addresses the order in which the Complaints were filed in this case and the District Court. Because this issue is being considered by this Court in connection with Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500, Salt River's motion to admit the October 24th Transcript into evidence should be granted.

This the 5th day of December, 2007.

Respectfully submitted,

/s/ Keith Harper

KEITH HARPER
D.C. Bar No. 451956
E-mail kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>**Electronically filed on December 5, 2007** |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND FOR SUPPLEMENTAL BRIEFING was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Kevin J. Larsen, Esq.
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

This 5th day of December, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail cmunson@kilpatrickstockton.com
**Kilpatrick Stockton LLP**
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian
Community