IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-943L (LMB)<br>Judge Lawrence M. Baskir<br>(Electronically filed: December 7, 2007) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE REGARDING POSSIBLE PROVISION OF EVIDENCE TO THE COURT RELEVANT TO DEFENDANT'S MOTION TO DISMISS UNDER 28 U.S.C. § 1500 AND PLAINTIFF'S OPPOSITION THERETO**

On November 9, 2007, this Court conducted a telephonic joint status conference in this case to discuss certain matters relating to Defendant's motion to dismiss this case pursuant to 28 U.S.C. § 1500 ("Section 1500 motion"), which has been fully briefed and submitted to the Court. Transcript of Proceedings dated November 9, 2007 ("Nov. 9 Hearing Trans."), Docket ("Dkt.") No. 26. The attorneys of record for the parties attended and participated in the status conference, as well as other counsel for the parties. *See Id*. at 1-2.

Among other things, the Court scheduled a hearing on Defendant's motion on December 10, 2007, so that it can receive additional evidence regarding the factual bases of Defendant's motion and of Plaintiff's opposition thereto. Counsel for Plaintiff announced their intent to call Alexis Applegate, an employee at counsel's law firm, to testify about her filing of the Complaint in this case, in relation to her filing of the Complaint in Plaintiff's companion case in the United States District Court for the District of Columbia, Salt River-Pima Maricopa Indian Community v. Kempthorne, No. 06-cv-02241 (JR) (D.D.C.), on December 29, 2007. Also, the Court expressed an interest in the possibility of obtaining further information regarding the log of the United States

District Court, which "shows Passamaquoddy[1] and Salt River[2] as being the first two cases filed in District Court that morning in total." *Id.* at 8:19-22. As to this issue, the Court made the following additional statements, in relevant part:

- "I'd certainly like to know a little bit more about that log. I don't know if it is possible to get any more information." *Id.* at 8:19-22;
- "Can we get some information about the significance of that District Court log." *Id.* at 11:5-6;
- "I think what I'm really concerned about it, is it unusual to have the first case filed come in at 9 o'clock in the morning, 10 o'clock in the morning, 11 o'clock in the morning? What would the fact that those two cases, numbers one and two, suggest as to the time that they were filed?" *Id.* at 16:15:21.

Given the Court's expression of interest and in preparation for the evidentiary hearing on December 10, 2007, undersigned counsel for Defendant and Alaina Van Horn, a contract attorney for the United States Department of Justice, went to the Clerk's Office of the United States District Court for the District of Columbia, on November 14, 2007, to make inquiries regarding the circumstances surrounding the filing of the Complaint in Plaintiff's companion case on December 29, 2006. At the Clerk's Office, Ms. Van Horn and undersigned counsel spoke to Maureen Higgins, an intake clerk, and LaTanya Webb, a cashier, in the Clerk's Office, and asked them what, if anything, they remembered about the filing situation on December 29. Ms. Higgins and Ms. Webb

---

[1] Passamaquoddy Tribe of Maine v. Kempthorne, et al., No. 06-cv-02240-JR (D.D.C.)

[2] Salt River Pima-Maricopa Indian Community v. Kempthorne, et. al., No. 06-cv-02241-JR (D.D.C.)

provided Ms. Van Horn and Defendant's counsel with information which Defendant believes to be relevant to the Court's inquiry at the status conference on November 9. Moreover, Defendant believes that this information provided by Ms. Higgins and Ms. Webb is relevant to Defendant's Section 1500 motion and to Plaintiff's opposition thereto and, therefore, should be considered by this Court in its review and adjudication of the factual and legal merits of the Section 1500 motion. Accordingly, Defendant is prepared to provide this information to the Court in the form of either a declaration or live testimony by Ms. Van Horn at the December 10 hearing or, at a minimum, to make a proffer to the Court about the substance of Ms. Van Horn's testimony. Because of the nature of the information being offered in Ms. Van Horn's declaration and/or testimony and because of the particular rules that apply to parties' collection of information held by personnel of the United States District Court, however, Defendant is submitting this Notice to the Court so that the Court can determine whether and how it would like to proceed.

In addition or in the alternative, Defendant sees the possibility that Ms. Higgins and Ms. Webb may be able to provide this Court directly with their relevant information and perhaps even supplement their recollection with further recall of the filing events of December 29, 2006, upon questioning by counsel. Also, Defendant sees the possibility that other personnel in the Clerk's Office of the United States District Court may have information, or be able to remember the filing circumstances on December 29. Defendant is restricted, however, in its ability to obtain further information from Ms. Higgins, Ms. Webb, and other court personnel. Defendant is particularly mindful of the disfavor expressed by this Court at the November 9 status conference about compelling personnel of the United States District Court to provide testimony before this Court. *Id.* at 17:22-18:4.

As this Court is aware, certain rules and procedures apply to the parties' acquisition of documents, data, or testimony from offices of the Judicial Branch. These rules and procedures are set forth in the regulations adopted in 2003 by the Judicial Conference (the "Judicial Conference Regulations"). A true and correct copy of the regulations, found at the Internet website for the United States District Court for the District of Columbia (http://www.dcd.uscourts.gov), is attached hereto as Defendant's Exhibit ("Def. Exh.") 1.

Under the regulations, if a litigant seeks information, documents, or testimony from court personnel, the litigant has to submit a written request for such items to the Clerk of the Court of the United States District Court for the District of Columbia. *See* Judicial Conference Regulations at Sections 6(a), 7(b)(3). Such written request must be submitted at least fifteen (15) working days in advance of the date by which the requested information is needed. *Id.* at 6(a). The written request must also be accompanied by an affidavit setting forth:

> [A] written statement by the party seeking the testimony or production of records, of by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means. This explanation shall contain sufficient information for the determining officer designated in Section 7(b) to determine whether or not federal judicial personnel should be allowed to testify or records should be produced.

*Id.*

Because this information is potentially relevant to this Court's jurisdiction over the above-captioned matter, Defendant is prepared to undertake the foregoing process prescribed by the Judicial Conference regulations and obtain further information from the Clerk's Office personnel regarding the case filing events of December 29, 2006, including live witness testimonies, if this

Court determines that such a course of action would be appropriate. Defendant seeks guidance from the Court about whether and how it prefers to proceed on this matter.

Respectfully submitted this 7th day of December, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*/s Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1383
Fax: (202) 353-2021

THOMAS R. BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227