# Subpoena Regulations Adopted by Judicial Conference

At its March 2003 meeting, the Judicial Conference endorsed regulations governing responses to subpoenas issued to federal judges and employees. By establishing procedures for litigants to follow to obtain documents or testimony from offices within the judicial branch, as well as the procedures judges and employees would follow if they receive subpoenas, these regulations accomplish three goals:

- they establish an administrative process for subpoena requests;
- they impose general limitations on the nature of responses; and
- they direct agency employees not to comply with subpoenas that are not approved through the administrative process.

The regulations are principally procedural in nature, and do not interfere with substantive decisions by individual courts and officers as to the availability of official documents and testimony. For example, the regulations provide that for a subpoena directed to a judge or a member of a judge's personal staff, that judge would be the official authorized to determine the proper substantive response to the subpoena. For a subpoena directed to a court unit or office, the determination would be assigned to the head of the unit or office, in consultation with the chief judge of the court, when appropriate.

Thus, the only real change that these regulations accomplish is to provide the "determining officer" with well-recognized procedural and substantive grounds to respond to a subpoena. The following is the full text of the subpoena regulations, as adopted by the Judicial Conference in March 2003.

## Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings

***As adopted by the Judicial Conference of the United States in March 2003***

Section 1. Purpose.

(a) These regulations establish policy, assign responsibilities and prescribe procedures with respect to: (1) the production or disclosure of official information or records by the federal judiciary, and (2) the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.

(b) The purpose of these regulations is, among other things, to: (1) conserve the time of federal judicial personnel for conducting official business; (2) minimize the involvement of the federal judiciary in issues unrelated to its mission; (3) maintain the impartiality of the federal judiciary in disputes between private litigants; (4) avoid spending the time and money of the United States for private purposes; and (5) protect confidential and sensitive information and the deliberative processes of the federal judiciary.

Section 2. Authority.

These regulations are promulgated under the authority granted the Director of the Administrative Office of the United States Courts, under the supervision and direction of the Judicial Conference of the United States, to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts," 28 U.S.C.
§ 604(a)(1); to "[p]erform such other duties as may be assigned to him by . . . the Judicial Conference of the United States," 28 U.S.C. § 604(a)(24); to "make, promulgate, issue, rescind, and amend rules and regulations . . . as may be necessary to carry out the Director's functions, powers, duties, and authority," 28 U.S.C. § 604(f); and to "delegate any of the Director's functions, powers, duties, and authority . . . to such officers and employees of the judicial branch of Government as the Director may designate," 28 U.S.C. § 602(d).

Section 3. Definitions.

(a) Request. An order, subpoena, or other demand of a court, or administrative or other authority, of competent jurisdiction, under color of law, or any other request by whatever method, for the production, disclosure, or release of information or records by the federal judiciary, or for the appearance and testimony of federal judicial personnel as witnesses as to matters arising out of the performance of their official duties, in legal proceedings. This definition includes requests for voluntary production or testimony in the absence of any legal process.

(b) Judicial personnel. All present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through contractual agreements by or on behalf of the federal judiciary, or performing services under such agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their employees and personnel. This phrase also includes alternative dispute resolution neutrals or mediators, special masters, individuals who have served and are serving on any advisory committee or in any advisory capacity, and any similar personnel performing services for the federal judiciary.

(c) Legal proceedings. All pretrial, trial, and post-trial stages of all existing or anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or similar proceedings, including grand jury proceedings, before courts, agencies, commissions, boards or other tribunals, foreign and domestic, or all legislative proceedings pending before any state or local body or agency, other than those specified in section 4(b).

(d) Information or records. All information, records, documents, or materials of any kind, however stored, that are in the custody or control of the federal judiciary or were acquired by federal judicial personnel in the performance of their official duties or because of their official status.

(e) Testimony. Any written or oral statement in any form by a witness arising out of the performance of the witness' official duties, including personal appearances and statements in court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations, interviews, telephonic, televised, or videotaped remarks, or any other response during discovery or similar proceedings that would involve more than production of documents.

Section 4. Applicability.

(a) These regulations apply to:

(1) All components of the federal judiciary and their personnel, except the Supreme Court of the United States, the Federal Judicial Center, and the United States Sentencing Commission, and their personnel.

(b) These regulations do not apply to:

(1) Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party.

(2) Legal proceedings, arising out of the performance of official duties by federal judicial personnel, in which federal judicial personnel are parties.

(3) Legal proceedings in which federal judicial personnel are to testify while in leave or off-duty status as to matters that do not arise out of the performance of official duties. These regulations do not seek to deny federal judicial personnel access to the courts as citizens in their private capacities on off-duty time.

(4) Congressional requests for testimony or documents.

(5) Requests governed by the Regulations for Garnishment of Pay of Officers and Employees of the Federal Judiciary, Guide to Judiciary Policies and Procedures, Vol. I-C, Chap. XI, Part A.

(6) Proceedings conducted under the Judicial Conduct and Disability Act, 28 U.S.C. § 372(c), under the authority conferred on the judicial councils of the respective federal judicial circuits by 28 U.S.C. § 332, or under the authority conferred on the Judicial Conference of the United States by 28 U.S.C. § 331.

(7) Requests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying.

Section 5. Policy.

(a) Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations.

(b) Testimony may be taken from federal judicial personnel only at the federal judicial personnel's place of business, or at any other place authorized by the determining officer designated in section 7(b). Additional conditions may be specified by the determining officer. The time for such testimony shall be reasonably fixed so as to avoid substantial interference with the performance of official duties by federal judicial personnel.

(c) Nothing in these regulations shall restrict in any way any defenses, objections, or privileges that

may be asserted by federal judicial personnel in response to a request.

(d) These regulations are not intended to, and do not:

(1) Waive the sovereign immunity of the United States; or

(2) Infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States in appropriate cases.

(e) These regulations are intended only to govern the internal operation of the federal judiciary and are not intended to create, do not create, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable in law or equity against the United States or against the federal judiciary or any court, office, or personnel of the federal judiciary.

Section 6. Contents and timeliness of a request.

(a) The request for testimony or production of records shall set forth, or shall be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means. This explanation shall contain sufficient information for the determining officer designated in section 7(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced. Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

(b) The request for testimony or production of records, including the written statement required by section 6(a), shall be provided to the federal judicial personnel from whom testimony or production of records is sought at least fifteen (15) working days in advance of the time by which the testimony or production of records is to be required. Failure to meet this requirement shall provide a sufficient basis for denial of the request.

(c) The determining officer designated in section 7(b) has the authority to waive the requirements of this section (6) in the event of an emergency under conditions which the requester could not reasonably have anticipated and which demonstrate a good faith attempt to comply with the requirements of these regulations. In no circumstance, however, shall a requester be entitled to consideration of an oral or untimely request; to the contrary, whether to permit such an exceptional procedure is a decision within the sole discretion of the determining officer.

Section 7. Identity of determining officer.

(a) Federal judicial personnel shall not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer designated in section 7(b).

(b) The determining officer authorized to make determinations under these regulations shall be as follows:

(1) In the case of a request directed to a federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a current or former member of such a judge's personal staff (such as a judge's secretary, law clerk, or courtroom deputy clerk), the determining officer shall be the federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge himself or herself.

(2) In the case of a request directed to a former federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a former member of a former judge's personal staff who is no longer a court employee and thus is not covered by sections 7(b)(1) or (3), the determining officer shall be the chief judge of the court on which the former judge previously served.

(3) In the case of a request directed to an employee or former employee of a court office (other than an employee or former employee covered by section 7(b)(1)), such as the office of the clerk of court, the office of the circuit executive, the staff attorneys' and/or preargument attorneys' office, the probation and/or pretrial services office, and the office of the Federal Public Defender, the determining officer shall be the unit head of the particular office, such as the clerk of court, the circuit executive, the senior staff attorney, the chief probation officer, the chief pretrial services officer, or the Federal Public Defender. In these instances, the determining officer (except the Federal Public Defender, as provided below) shall, as provided by local rule or order, consult with the chief judge of the court served by the particular office regarding the proper response to a request. The Federal Public Defender, in the case of a request related to the defender office's administrative function (but not requests related to the defender office's provision of representation pursuant to the Criminal Justice Act, 18 U.S.C. 3006A, and related statutes), shall, as provided by local rule or order, consult with the chief judge of the court of appeals that appoints the Federal Public Defender regarding the proper response to such a request.

(4) In the case of a request directed to an employee or former employee of the Administrative Office of the United States Courts, the determining officer shall be the General Counsel of the Administrative Office.

(5) In the case of a request not specified in subsections (1) through (4) above (such as, for example, a request made to federal judicial personnel as defined by section 3(b) above who are not current or former judges or their staff, employees of a court office, or employees of the Administrative Office), the determining officer shall be the officer designated to serve as the determining officer by the chief judge of the court served by the recipient of the request. In these instances, the determining officer (if someone other than the chief judge of the relevant court) shall, as provided by local rule or order, consult with the chief judge of the relevant court regarding the proper response to a request.

Section 8. Procedure when request is made.

(a) In response to a request for testimony or the production of records by federal judicial personnel in legal proceedings covered by these regulations, the determining officer may determine whether the federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witnesses, and whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records. The determining officer may deny a request if the request does not meet any requirement imposed by these regulations. In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.

(1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary’s involvement in issues unrelated to its mission.

(2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3) Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5) Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6) Whether the request is within the proper authority of the party making it.

(7) Whether the request meets the requirements of these regulations.

(8) Whether the request was properly served under applicable court, administrative, or other rules.

(9) Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10) Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11) Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to

an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12) Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

(13) Whether the request seeks testimony, records or documents available from other sources.

(14) Whether the request seeks testimony of federal judicial personnel as expert witnesses.

(15) Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and (1) the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or (2) the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

(16) Any other consideration that the determining officer designated in section 7 (b) may consider germane to the decision.

(b) Federal judicial personnel upon whom a request for testimony or the production of records in legal proceedings is made shall promptly notify the determining officer designated in section 7(b). If the determining officer determines, upon consideration of the requirements of these regulations and the factors listed in section 8(a), that the federal judicial personnel upon whom the request was made should not comply with the request, the federal judicial personnel upon whom the request was made shall notify the requester of these regulations and shall respectfully decline to comply with the request. In appropriate circumstances federal judicial personnel may -- through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable -- file a motion, before the appropriate court or other authority, to quash such a request or to obtain other appropriate relief.

(c) If, after federal judicial personnel have received a request in a legal proceeding and have notified the determining officer in accordance with this section, a response to the request is required before instructions from the determining officer are received, federal judicial personnel shall notify the requester of these regulations and inform the requester that the request is under review pursuant to these regulations. If necessary, federal judicial personnel may -- through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable -- seek a stay of the request pending a final determination by the determining officer, or seek other appropriate relief.

(d) If, in response to action taken under section 8(c), a court of competent jurisdiction or other appropriate authority declines to stay the effect of a request pending a determination by the determining officer, or if such court or other authority orders that the request be complied with notwithstanding the final decision of the determining officer, the federal judicial personnel upon whom the request was made shall

notify the determining officer and shall comply with the determining officer's instructions regarding compliance with the order or request. Unless and until otherwise instructed by the determining officer, however, the federal judicial personnel upon whom the request was made shall respectfully decline to comply with the order or request. See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).