IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>**Electronically filed on February 14, 2008** |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD**

In this action for money damages against the United States ("Defendant") the Salt River Pima-Maricopa Indian Community ("Salt River") bears the burden of demonstrating that this Court has subject matter jurisdiction and that Salt River's later-filed district court action did not divest this Court of jurisdiction pursuant to 28 U.S.C. § 1500. *See Hardwick Bros. Co. v. United States*, 72 F.3d 883, 886 (Fed. Cir. 1995). On December 10, 2007, this Court held an evidentiary hearing during which Alexis Applegate, the paralegal responsible for filing the instant action and the District Court action on behalf of Salt River testified about the filings she completed on December 29, 2006.

After the December 10, 2007 Hearing, Judge Lynn J. Bush held an evidentiary hearing in *Passamaquoddy Tribe v. United States*, No. 06-942L, on February 1, 2008 ("February 1, 2008 Hearing"), an action in which Defendant also filed a Motion to Dismiss Pursuant to 28 U.S.C. § 1500 which raised similar issues with respect to the timing of the filing of the Complaint in that action and in a district court action. During that hearing, Ms. Applegate testified regarding the order in which she filed seven complaints on December 29, 2006, including the complaint that initiated this action and Salt River's district court action. Laura Maroldy, Esq., and Kevin Larsen, Esq., appeared on behalf of Defendant, and Ms. Maroldy cross-examined Ms. Applegate regarding the sequence of filing following a court recess after Ms. Applegate's direct examination.

The transcript of the February 1, 2008 evidentiary hearing ("*Passamaquoddy* Hearing Transcript") is directly probative of critical facts before this Court as it expands the information previously presented to this Court in the parties' briefs and at the December 10, 2007 hearing. This Court also previously ordered that the transcript from an evidentiary hearing held in the *Ak-Chin Indian Community v. United States,* No. 06-932L addressing the sequence of filing be admitted into the record in this case. Accordingly, Salt River moves that this Court accept the

*Passamaquoddy* Hearing Transcript into the record pursuant to RCFC Rules 43(e) and 80.

## BACKGROUND

On December 29, 2006, Salt River filed a complaint in this Court against the United States seeking money damages for certain identified breaches of trust ("CFC Complaint"), and later that same day, a Complaint in the District Court for the District of Columbia praying for an accounting and other purely equitable remedies (the "District Court Complaint") against the Secretary of the Interior, the Secretary of the Treasury, and the Special Trustee for American Indians. (Pls.' Br. in Resp. to Def.'s Mot. to Dismiss, Docket No. 19, at 3.) Alexis Applegate filed both the CFC Complaint and the District Court Complaint. (*Id*.)

At the same time Ms. Applegate filed Salt River's CFC Complaint and District Court Complaint, she also filed the complaints initiating a Court of Federal Claims action and a District Court action for the Passamaquoddy Tribe. Consequently, on February 1, 2008, pursuant to Court order, Ms. Applegate testified in *Passamaquoddy Tribe v. United States*, No. 06-942L regarding the sequence of filing in the *Passamaquoddy* cases. At the same time, Ms. Applegate testified regarding the filing of Salt River's CFC Complaint and Salt River's District Court Complaint. Both Ms. Maroldy and

Mr. Larsen represented the Defendant at the February 1, 2008 Hearing. The Hearing Transcript was duly certified by the court reporter, and is attached hereto as Exhibit 1.

## ARGUMENT

RCFC Rule 43(e) authorizes this Court to augment the Record with facts that are not in the Record, but which are germane to motions pending before the Court. RCFC Rule 43(e); *see Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986) ("A court may choose among methods for gathering the evidence, when it will resolve all factual disputes. Rule 43(e) gives the judge the full menu – oral testimony, depositions, affidavits, and documents."); 8 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 43.05[1] (3d ed. 2007) ("[R]ule [43 of the Federal Rules of Civil Procedure] is most commonly used to resolve preliminary issues in connection with jurisdictional or related types of motions.").

The Court may consider testimony given at other hearings and proceedings involving the same parties and concerning similar issues as those before the Court. Accordingly, RCFC Rule 80 authorizes parties to present the transcript of a witness' testimony in another hearing by submitting "the transcript thereof duly certified by the person who reported the testimony." RCFC Rule 80; see also 12 CHARLES A. WRIGHT, ET AL.,

FEDERAL PRACTICE AND PROCEDURE § 3122 (2d ed. 1997) (noting that Rule 80 of the Federal Rules of Civil Procedure applies to testimony which "may be required at a later stage of the same or another trial," provided that the transcript is certified by "an official federal-court stenographer.").[1]

The time of filing of this action and Salt River's District Court action, which occurred simultaneously with the filing of the *Passamaquoddy* Complaints, is critical to a full evaluation of Defendant's motion to dismiss. The *Passamaquoddy* Hearing Transcript contains more detail regarding Ms. Applegate's actions with respect to filing both the CFC and District Court Complaints than the evidence currently before the Court. For example, the *Passamaquoddy* Hearing Transcript contains a more detailed description of the steps Ms. Applegate took to prepare and finalize the *Salt River* and *Passamaquoddy* Complaints, to travel to the Court of Federal Claims and regarding the documentation Ms. Applegate received from the

[1] This Court may also take judicial notice of proceedings within its jurisdiction and currently pending before other Judges of the Court. *See* FED. R. EVID. 201(b)(1) – (2); *see Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) ("[W]e may properly take judicial notice of the record in that litigation between the same parties who are now before us."); *Dixon v. Jacobs*, 427 F.2d 589, 596 (D.C. Cir. 1970) (noting that "the District Court was entitled to take notice of its own records…."); *Alexander v. Texas Co.*, 165 F. Supp. 53, 58 (D. La. 1958) (taking judicial notice of plaintiff's sworn testimony in a different case pending in the same court between defendant and another plaintiff.).

Court of Federal Claims. Accordingly, the *Passamaquoddy* Hearing Transcript is material to this Court's evaluation of the parties' arguments with respect to jurisdiction should be admitted to supplement the Record.

**CONCLUSION**

For the reasons stated above, Salt River requests that this Court supplement the Record with the February 1, 2008 Transcript of Evidentiary Hearing in *Passamaquoddy Tribe v. United States*, No. 06-942L.

This the 14th day of February, 2008.

Respectfully submitted,

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 52962
E-mail cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON, LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>**Electronically filed on February 14, 2008** |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Brief In Support of Motion to Supplement the Record was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Kevin J. Larsen, Esq.
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

This 14th day of February, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
**Kilpatrick Stockton LLP**
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Salt River Pima-Maricopa Indian Community