# EXHIBIT C

# In the United States Court of Federal Claims

No. 06-942 L
(Filed July 20, 2007)

* * * * * * * * * * * * * * * * * * * * *
PASSAMAQUODDY TRIBE, *
*
*Plaintiffs*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * *

## ORDER

In the parties' joint preliminary status report (JPSR) filed on May 15, 2007, the parties identified several points of contention as to how this suit should proceed. The court held a telephonic status conference on July 19, 2007 to discuss these conflicts and related scheduling issues. Participating in the call were Keith Harper, Bill Austin and Catherine Munson, for plaintiff; Laura Maroldy, Martin LaLonde and Tom Kearns, for defendant, and the undersigned. This order memorializes the parties' agreements and the court's rulings regarding the initial stages of this litigation.

The court declines defendant's request to stay proceedings in the subject matter, in whole or in part, to await developments in *Passamaquoddy Tribe of Maine v. Kempthorne*, No. 06-cv-02240-JR (D.D.C.) (filed Dec. 29, 2006). The court also denies defendant's request that plaintiff file a more detailed statement of its claims. The court agrees with defendant, however, that its jurisdictional challenge to plaintiff's suit pursuant to 28 U.S.C. § 1500 (2000) is a threshold matter that must be resolved before proceeding further with this litigation.

The court inquired of the parties as to whether a confidentiality agreement or protective order was needed in order to conduct limited discovery and briefing of the § 1500 issue. Counsel agreed that such an order or agreement was not needed for this purpose. Plaintiff's counsel suggested, however, that a confidentiality agreement or a protective order would help facilitate informal discovery on other

topics. Mr. Austin also noted that operating under a confidentiality agreement such as those adopted in similar cases in this court would be preferable and would prevent confusion over time.

Counsel mentioned that a model for such an agreement had been negotiated in *Ak-Chin Indian Community v. United States*, No. 06-932 L, with the assistance of the Honorable Emily C. Hewitt, and that an order would soon implement a confidentiality agreement in that case. The court encouraged the parties to continue to cooperate to the fullest extent on all aspects of informal discovery. To that end, the court is willing to implement, upon motion, the parties' proposed confidentiality order, based on the order entered in *Ak-Chin Indian Community*, in this case.

Lastly, the court requested that the parties set a discovery and briefing schedule for defendant's § 1500 jurisdictional challenge to this suit. That schedule is set forth below.

Accordingly, it is hereby **ORDERED** that

(1) Defendant shall **PROPOUND DISCOVERY** on the topic of 28 U.S.C. § 1500 and whether this statute bars plaintiff's claims in this court, on or before **July 30, 2007**;

(2) Plaintiff shall **RESPOND** to defendant's discovery requests on or before **August 14, 2007**;

(3) Defendant shall **FILE** its motion to dismiss for lack of jurisdiction based on § 1500, on or before **September 7, 2007**; and

(4) Further briefing on defendant's motion shall be scheduled pursuant to the rules of this court.

/s/Lynn J. Bush
LYNN J. BUSH
JUDGE