# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JICARILLA APACHE NATION,<br>f.k.a. JICARILLA APACHE TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-25L<br>Judge Francis M. Allegra |

**JOINT STATUS REPORT**

Plaintiff Jicarilla Apache Nation (the Nation) and Defendant United States (collectively, the parties) submit this joint status report regarding the progress of their alternative dispute resolution (ADR) process.

1. By Order of this Court filed on December 13, 2002, proceedings in this case were stayed until further notice, and the case was referred to Senior Judge Eric Bruggink to conduct an ADR process. The Court directed that the parties periodically file joint status reports regarding the progress of ADR and notify the Court immediately if there is a need to restore this case to the active docket. The parties filed their most recent joint status report on February 12, 2008.

2. Since this case was placed into ADR, the parties have gathered, scanned and coded documents from federal, Tribal, and third party repositories and analyzed those documents. The Nation currently has more than 560,000 documents in its databases relating to this case. In ADR, the parties agreed first to address certain fiscal claims relating to Defendant's management of the Nation's trust accounts during the period from July 1, 1972, through September 30, 1972 (the "Arthur Andersen Period" or "AA Period"). The second phase of ADR

was to address claims concerning proper lease enforcement, computation, and collection by Defendant of amounts due under leases to produce oil and natural gas from the Nation's lands.

3. On February 12, 2008, counsel for the Nation transmitted to counsel for Defendant and to Judge Bruggink a detailed submission on the legal bases for and analysis of the Nation's claims relating to disbursements made from the Nation's trust accounts during the AA Period.[1]

4. On March 19, 2008, counsel for the Nation transmitted to counsel for Defendant and to Judge Bruggink a detailed submission on the legal bases for and analysis of the Nation's claims relating to Defendant's investment of funds and the Nation's calculation of alleged damages regarding the Nation's trust accounts during the AA Period.[2] Among other things, the Nation's submission and analysis calculated the dollar balance that the Nation claimed should have resulted, if, as the Nation claims, Defendant had properly invested the funds in the Nation's trust accounts, including funds that were improperly disbursed and that therefore should have remained in the trust accounts and been invested. The Nation's expert calculated the present value of its alleged damages to exceed $300 million. The Defendant's expert is currently reviewing the calculations.

5. On April 17, 2008, the Nation filed a motion to substitute Steven D. Gordon in place of Alan R. Taradash as counsel of record. Defendant did not oppose the substitution motion.

---

1 The Nation's analysis did not include the Tribal-Individual Indian Monies (Tribal-IIM) accounts, Indian Money Proceeds of Labor (IMPL) accounts, and Special Deposit Accounts (SDAs). The parties have been discussing options for the Nation to request and Defendant to produce documents and data relevant or potentially relevant to these accounts.

2 This analysis also did not include Tribal-IM, IMPL, and SDA accounts.

6. On April 29, 2008, counsel for the parties, their respective experts, attorneys from the Solicitor's Office of the United States Department of the Interior (Interior) and from the Chief Counsel's Office of the Financial Management Service of the United States Department of the Treasury (Treasury), and staffers from the Office of Historical Trust Accounting (OHTA) of the Interior Department held a meeting so that the Nation's expert could explain its disbursements analysis to Defendant's representatives and consultants. The parties are contemplating a similar meeting to discuss the Nation's fund investment analysis and potential damages calculation model for May 29, 2008.

7. The Nation holds the view that it has participated in the ADR process in good faith, but it does not believe that claims of this magnitude can be settled, if at all, through an ADR process that is divorced from an ongoing pretrial process with a firm trial date. Accordingly, the Nation believes that this case needs to be restored to the active docket and to proceed toward trial, at least with respect to the fiscal claims involved in the first phase of ADR. The Nation remains open to the possibility of settling these claims before trial and believes that Judge Bruggink could play a helpful role in that process.

8. Defendant holds the view that it is ill-advised and unwise for the Nation to seek termination of the ADR process at this critical juncture, especially after the expenditure and investment of time, effort, energy, and resources by the parties and Judge Bruggink in the ADR process to date and before Defendant has had an opportunity to engage with the Nation and Judge Bruggink in a potentially constructive and productive critical evaluation and discussion about the Nation's trust fund mismanagement claim submissions and Defendant's responses thereto. Defendant holds the further view that the Nation is unlikely to accomplish anything through an active litigation track that the parties cannot achieve through ADR (e.g., discovery

and production of documents and data that are relevant or potentially relevant to the Nation's issues and claims, a speedier resolution of the case). Defendant holds the additional view that the parties are unlikely to settle the case if they are busily and actively preparing for litigation, including trial.

9. Nonetheless, counsel for the parties intend to notify Judge Bruggink as soon as possible about this development and thank him for his efforts to date.

10. The Nation is preparing a motion to vacate the stay of proceedings and reinstate the active litigation in this case and will promptly file the motion with the Court and provide a courtesy copy to Judge Bruggink.

11. Defendant believes that it would be appropriate for the parties to have joint status conferences with the Court and with Judge Bruggink to discuss next steps in the case. The Nation does not oppose such a joint status conference but believes that the first priority must be to restore this case to the active docket and to establish a discovery schedule and a trial date.

Respectfully submitted this 12th day of May, 2008,

*s/ Steven D. Gordon*
STEVEN D. GORDON
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
Telephone: 202-955-3000
Telephone: 202-955-5564

Attorney of Record for Plaintiff

*s/ Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0484
Fax: 202-353-2021

Attorney of Record for Defendant

OF COUNSEL:

E. KENNETH STEGEBY
AYAKO SATO
United States Department of Justice
Environment and Natural Resources Division
Washington, D.C. 20044-0663

GLADYS COJOCARI
HOLLY H. CLEMENT
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, DC 20227

# 5332109_v1