# EXHIBIT G

# In the United States Court of Federal Claims

No. 06-932 L

(E-Filed: July 19, 2007)

AK-CHIN INDIAN COMMUNITY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

PROTECTIVE ORDER

The parties requested the court to enter a protective order and provided a proposed form of order on July 13, 2007. Based on the parties' proposed form of the order and further to discussions held telephonically on July 18, 2007, the court GRANTS the parties' motion to the extent consistent with the following and ORDERS as follows:

1. All materials and information provided by defendant to plaintiff or its representatives in response to pre-trial discovery, the court's production orders or the initial disclosures required by Rules of the Court of Federal Claims (RCFC) 26(a)(1) in this action (Produced Material) shall be subject to the terms of this Protective Order.

2. Any Produced Material which contains Confidential Information, as described in the second and third sentences of this paragraph 2, shall be marked by defendant with the endorsement "CONFIDENTIAL MATERIALS--DO NOT DISCLOSE." Produced Material will be so designated if it contains trade secret, confidential, proprietary or commercially sensitive information within the scope of RCFC 26(c)(7). Confidential Information entitled to protection under this Protective Order shall include, but is not limited to, information protected by the Privacy Act, 5 U.S.C. § 552a; "privileged proprietary information" as defined by 25 U.S.C. § 2103(c) enacted as part of the Indian Mineral Development Act of 1982; information concerning the nature and location of archeological resources within

Case 1:06-cv-00932-ECH Document 19 Filed 07/19/2007 Page 2 of 5

the meaning of 16 U.S.C. § 470hh of the Archeological Resources Protection Act of 1979; information about the location, character or ownership of historical sites within the meaning of 16 U.S.C. § 470w-3(a) of the Natural Historic Preservation Act of 1966; information which concerns or relates to trade secrets or confidential statistical or financial data within the meaning of 18 U.S.C. § 1905; and other confidential, proprietary or commercially sensitive information, including but not limited to financial information of Individual Indians or other Tribes, within the scope of RCFC 26(c)(7). The same endorsement shall be placed on any document or other record prepared on behalf of plaintiff that incorporates Confidential Information derived from any Produced Material designated by defendant as "CONFIDENTIAL MATERIALS--DO NOT DISCLOSE." Produced Material that contains solely plaintiff's trade secrets, confidential statistical or financial information, or other confidential information will not be designated by defendant as Confidential Information and, except as provided in paragraph 4 below, is not subject to this Protective Order.

3. Any documents, data or other materials that defendant identifies as potentially containing Confidential Information and that defendant makes available to plaintiff or its representatives for inspection shall be treated as if it were Confidential Information and no copies of any such material shall be made during inspection. If images or copies of such inspected materials are thereafter requested by and provided to plaintiff, only those images or copies containing Confidential Information shall be marked by defendant as "CONFIDENTIAL MATERIALS--DO NOT DISCLOSE" and be subject to the provisions of this Protective Order.

4. Plaintiff and defendant may agree to forego defendant's review to determine the confidentiality of the Produced Material, in which case defendant shall endorse "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" on all of the documents, data, and other materials before providing them to plaintiff. The documents, data, and other materials endorsed in this manner shall be deemed Confidential Information and protected as such under this Protective Order. If plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the court as evidence or for any other purpose, it shall follow the procedures set forth in this Protective Order. Alternatively, plaintiff may request that defendant review the endorsed documents, data, or other materials to determine if they contain Confidential Information, redact the Confidential Information, and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the court without the "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement. If

plaintiff wishes to use for any other purposes documents, data, or other materials that have been endorsed as Confidential Materials, plaintiff may request that defendant review those documents and produce a version of the documents, data or other materials without the Confidential Materials endorsement. Such documents, data, or other materials, after either being redacted or determined not to contain Confidential Information, shall no longer be considered Confidential Materials and subject to this Protective Order.

5. Confidential Materials shall be used by plaintiff's counsel and its consultants and experts (including but not limited to accountants) only for purposes of this litigation, or as otherwise hereafter may be agreed to by the parties (provided that no such agreement shall permit disclosure in violation of law or the rights of third parties) or approved by the court. Plaintiff, plaintiff's counsel, consultants and experts may disclose or make available Confidential Materials only to their employees who are currently engaged in work specifically related to this litigation and only to the extent that those employees need such Confidential Materials in order to carry out that work. Before any Confidential Materials shall be disclosed by or on behalf of plaintiff to any person, plaintiff's counsel shall advise the person of the terms of this Protective Order, the person shall be provided with a copy of this Protective Order, the person shall personally review the terms of this Protective Order and shall execute a document containing the following acknowledgment:

> I understand that I am being given access to Confidential Materials containing Confidential Information within the terms of a Protective Order, in Ak-Chin Indian Community v. United States, No. 06-932L, (Fed. Cl. July 19, 2007), a copy of which has been provided to me. I have read the Protective Order and agree to be bound by its terms.

The executed acknowledgments shall be maintained by plaintiff's attorney of record. Counsel for the parties shall be deemed to have executed the foregoing acknowledgment. The court, court personnel and court reporters shall have access to Confidential Materials without further action. Counsel for the parties shall advise court reporters at depositions of the applicable terms of this Protective Order.

6. If plaintiff disputes defendant's assertion and designation that Produced Material contains Confidential Information, plaintiff shall notify defendant in writing and state the grounds for disputing defendant's assertion and designation of

Case 1:06-cv-00932-ECH Document 19 Filed 07/19/2007 Page 4 of 5

Confidential Materials. Within 21 days of defendant's receipt of plaintiff's written notification, the parties shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 21 days (unless extended by agreement), the parties, by turns, beginning with plaintiff, shall promptly (that is, within seven days unless otherwise agreed or ordered by the court), file a motion to seek a ruling from the court regarding defendant's assertion and designation of Confidential Materials.

7. Confidential Materials shall be filed under seal by the Clerk of the Court if such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties shall not file with the court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting or paraphrasing Confidential Materials or containing Confidential Information obtained from Confidential Materials, unless the portion of the motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. All materials filed under seal shall be filed in accordance with General Order No. 42A of the Court of Federal Claims, Nov. 4, 2004, and other court rules, policies, and orders applicable at the time of filing. If Confidential Materials or Confidential Information shall be discussed at any deposition, defendant shall, upon receipt of the transcript of such deposition, promptly designate the pages containing that information and those pages shall be marked with the "CONFIDENTIAL MATERIALS – DO NOT DISCLOSE" endorsement .

8. All individuals to whom Confidential Materials are disclosed shall return to counsel for defendant or destroy all Confidential Materials in their possession immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings before the Department of the Interior, whichever occurs later. In furtherance of the foregoing, plaintiff's counsel shall provide defendant's counsel with copies of the acknowledgments executed pursuant to paragraph 5. If an individual or entity to whom Confidential Materials are disclosed ceases to serve as plaintiff's legal representative, the individual or entity shall immediately return to counsel for plaintiff all Confidential Materials then in his or her or its possession. Individuals or entities returning or destroying Confidential Materials shall provide to defendant's counsel certification in writing that the Confidential Materials have been returned or destroyed. Compliance with the terms of this paragraph 8 is not intended to result in plaintiff being unable to retain copies of documents to the extent that such documents contain information about plaintiff or plaintiff's assets or information about the performance by defendant of its trust responsibilities to

plaintiff (collectively plaintiff's documents). The parties shall cooperate, using the procedures for redaction described in paragraph 4 or other procedures agreed to by the parties or ordered by the court, so that plaintiff may, at the termination of this litigation, retain copies of plaintiff's documents.

9. This Protective Order shall remain in full force and effect after the termination of this litigation.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge