# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,

Plaintiff,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 06-943L
Judge Lawrence M. Baskir
Electronically Filed 05/22/08

**DEFENDANT'S PROPOSED ORDER GOVERNING PRE-TRIAL DISCOVERY**

Upon consideration of the parties' May 22, 2008 Joint Preliminary Status Report, based on the Court's telephone conference with the parties, and for good cause shown, it is hereby ORDERED that:

1. The parties shall file a jointly proposed confidentiality agreement or stipulation and protective order regarding the treatment of documents obtained during document production, on or before September 1, 2008. The parties may seek additional time from the Court to confer about a jointly proposed confidentiality agreement or stipulation and protective order, if they need to do so. If the parties cannot agree on a jointly proposed agreement or stipulation and order, then they shall submit separate pleadings to the Court.

2. Initial pre-trial discovery shall start on, and run for 360 days from, the date of the entry of this Order. During this discovery stage, Plaintiff shall conduct and complete fact discovery relating to its claims, so as to enable Plaintiff to specify in detail its claims regarding Defendant's alleged mismanagement of its trust funds. The discovery stage shall include the filing of any discovery-related motions. The parties may jointly or separately petition the Court in writing to extend this first stage of discovery, if they deem such extension to be necessary and appropriate.

3. Within 90 days after the conclusion of this initial pre-trial discovery, Plaintiff shall file with the Court a specification of its claims. This specification shall state the factual and legal bases for Plaintiff's claims regarding Defendant's alleged trust duties and responsibilities and for Plaintiff's claims regarding Defendant's alleged breaches of those trust duties and responsibilities. Among other things, the specification shall address whether Plaintiff's claims are based on substantive sources of law, such as a statute, treaty, or regulation that establish specific fiduciary or other duties, and, if so, what those substantive sources are; to the extent that Plaintiff's claims are based on specific duties established in substantive sources of law, whether a breach of those duties would mandate the payment of compensation; whether Defendant has failed to

perform any specific money-mandating duties, and, if so, what those specific duties are; and whether Plaintiff's claims were within the exclusive jurisdiction of the Indian Claims Commission. Further, the specification shall recite the particular historical accounting of Plaintiff's trust funds that Plaintiff alleges is owed by Defendant to Plaintiff, as well as the legal source of that trust accounting duty and responsibility.

4. With regard to Count I of its complaint, Plaintiff shall identify with specificity the leases and permits for which it has not received a complete and accurate accounting, and identify with specificity property interests, leases, and permits that were not leased for fair market value, and for which Defendants failed to collect fair and reasonable compensation. This specification of claims shall not affect Plaintiff's right to file dispositive or other motions at any time allowed under the RCFCs.

5. With regard to Count II of its complaint, Plaintiff shall identify with specificity the easements, rights of way, and leases of tribal property (identifying the date of the agreement, a description of the property at issue, as well as the specific easement, right of way, and/or lease agreement) which were entered into for less than fair market value and for which it is alleged that Defendants failed to collect fair and reasonable compensation.

6. With regard to Count III of its complaint, Plaintiff shall identify with specificity the judgment funds for which Plaintiff has not received a complete and accurate accounting. Plaintiff shall also identify the specific investments that were not made in a timely manner and which investments did not receive the maximum investment returns possible. In addition, Plaintiff shall identify the trust accounts in which such funds were held at the time of the investment.

7. With regard to Count IV of its complaint, Plaintiff shall identify the specific amounts of trust funds that were held in excess of liquidity needs for which periods of time. In addition, Plaintiff shall specify which investments did not obtain the maximum yield. In addition, Plaintiff shall identify the trust accounts in which such funds were held at the time of the investment.

8. Jurisdictional discovery shall start 15 days after Plaintiff's filing of its detailed specification of claims and it shall run for 90 days thereafter. This discovery stage shall be limited to any additional fact discovery that the parties may need specifically relating to challenges to jurisdiction. The discovery stage shall include the filing of any discovery-related motions. The parties may submit to the Court a joint or unilateral request to extend this second stage of discovery, if necessary.

9. Within 90 days of the conclusion of this second stage of discovery, Defendant shall file a motion or motions under RCFC 12 or 56 regarding its jurisdictional challenge to Plaintiff's claims, if any. Briefing on Defendant's motion(s) shall be conducted pursuant to the RCFC, unless otherwise ordered by the Court.

10. After its ruling on Defendant's jurisdictional challenge (if any), the Court shall conduct a joint status conference with the parties and schedule further proceedings in this case, as appropriate, including but not limited to the scheduling of the third stage of discovery (any remaining fact discovery, fact or RCFC 30(b)(6) depositions on any factual claims that survive Defendant's jurisdictional challenges, expert witness discovery) and the scheduling of trial.

11. Throughout this process the parties shall consider the possibility of settlement or alternative dispute resolution of the claims presented in the case, as appropriate.

So ordered this _____ day of _______________, 2008.

______________________________
Hon. Lawrence M. Baskir
JUDGE, UNITED STATES COURT
OF FEDERAL CLAIMS