IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | Case No. 06-943L |
| v. | ) | Judge Lawrence M. Baskir |
| THE UNITED STATES OF AMERICA | ) | (Electronically filed 07/03/08) |
| Defendant. | ) | |

**JOINTLY PROPOSED CHANGES IN THE PROVISIONAL PROTECTIVE ORDER ISSUED ON JUNE 25, 2008**

Plaintiff Salt River Pima-Maricopa Indian Community ("the Community") and Defendant United States (collectively, "the parties") have reviewed the Provisional Protective Order issued by the Court in this case on June 25, 2008. In accordance with the case management order entered by the Court on that same date, the parties have conferred regarding potential changes and, through the undersigned counsel, jointly propose the following revisions in sections 3, 4(a), 5(b) and 12 of the Provisional Protective Order:

1. Section 3:

Plaintiff proposes that in addition to the individuals listed in Section 3(a)-(f), the following representatives of the Community be identified as

"admitted to the Protective Order" and hence relieved of complying with the "access" requirements set forth in Section 4(a):

> "(g) Personnel of the Salt River Pima-Maricopa Indian Community General Counsel's Office;
>
> (h) Employees of the Community's Development Department, Treasurer's office and Finance Department assigned to work on this matter; and
>
> (i) Members of the duly elected Salt River Pima-Maricopa Indian Community Council."

The foregoing additions to Section 3 would give the Community's in-house counsel and other plaintiff's personnel involved in the litigation necessary access to assertedly confidential information comparable to the access allowed the government employees and counsel under Section 3(d)-(f) of the Order. If this change is approved, the second paragraph of Section 4(a) – which in its current form provides that plaintiff's "employees and officers" are to sign Applications for Access per Section 4 requirements – would be deleted in its entirety.

Counsel for the United States has advised that defendant has no objection to the addition of Sections 3(g)-(i) and the corresponding deletion of the second paragraph of Section 4(a) as proposed by plaintiff.

The United States further proposes that Section 3 be revised in two other respects:

(1) By adding a new Section 3(j), which would identify "the experts and consultants retained in this litigation by counsel for either party" as individuals admitted to the Protective Order and hence relieved of complying with the access requirements set forth in Section 4(a); and

(2) By adding a final sentence to Section 3 which provides that: "With the exception of counsel representing the Salt River Pima-Maricopa Indian Community in this litigation, and exceptions (a)-(j) above, access to Protected Information by attorneys representing tribes other than the Community is not permitted under this order."

Plaintiff joins in the request for the addition of Section 3 (j) as proposed by the United States. The Community also is prepared to accept the addition of the "final sentence" to Section 3 proposed by government counsel in an effort to accommodate the defendant and reach an accord regarding the change proposed by the Community in Section 4(a) below.

A proposed "Revised" Provisional Protective Order reflecting the foregoing changes in Section 3 (along with the other provisions addressed below) is attached hereto for the Court's consideration.

2. Section 4(a):

In its current form, this section of the Provisional Protective Order requires that any Application for Access signed by an individual not

otherwise authorized to have access to assertedly confidential information (per paragraph 3) must be "produced to the other parties." Section 4(a) further allows the other side to object and to petition the Court to deny access to the individual in question.

Plaintiff proposes that Section 4(a) be amended to eliminate the requirement that Applications for Access, when signed, be disclosed to the other side. Instead, per the Community's proposed revision, executed Applications would be retained by counsel of record for the party permitting such access to the Protected Information.

Requiring the completed Applications for Access to be retained by counsel of record should assure that any such individual entrusted with confidential information is made fully aware of the terms and conditions of access and that the signed Applications are available for submission to the Court in the event a compliance issue arises. In requesting this change, counsel recognize that the parties are required per Section 9 of the Court's Order to take "all necessary precautions" to prevent the unauthorized disclosure of information designated for protection under the terms of this Order.

Counsel for the United States has advised that defendant has no objection to the change in Section 4(a) proposed by plaintiff so long as the

explicit prohibition on sharing Confidential Information with counsel in other cases is made clear by adding the final sentence in Section 3 to this effect (*see* above).

The United States also has requested two other changes in Section 4(a) to which the Community does not object: (1) that the first paragraph be revised so as to reflect that while the executed Applications are to be maintained as plaintiff proposes, "a copy shall be made available to opposing counsel upon reasonable request;" and (2) that the dispute resolution language in the first paragraph of section 4(a) be modified to read:

> "In the event of a dispute over access to Protected Information governed by this order, the parties shall endeavor to resolve this matter amongst themselves. If the party granting access and the objecting party are unable to reach agreement, the objecting party may present the matter to the Court by application."

These changes in Section 4(a) are incorporated in the "Revised" Provisional Protective Order attached hereto. Aside from the deletion of the second paragraph of current version of Section 4(a) corresponding with the addition of Sections 3(g)-(i), there are no other changes proposed to Section 4 of the June 25 Order.

3. Section 5(b):

The United States proposes to modify paragraph 5(b) to begin with "Each page of a document containing Protected Information, . . . ." In requesting this minor change in wording, government counsel advises that it will resolve a technical issue for the defendant, as the government's reviews are done on a page level and it is more difficult for its system to ensure that the first page of a document is stamped confidential as opposed to the page containing the Protected Information. Plaintiff does not object to the proposed change in Section 5(b) in view of government counsel's explanation.

4. Section 12:

The government proposes the addition of a second paragraph in this section that would provide that:

> "In the event either party becomes aware that it has received Protected Information from the other party that does not bear the requisite designation under this Order, that party shall immediately contact the opposing counsel and notify them of the unendorsed pages. The party in receipt of the unmarked pages shall treat them as Protected Information under this order, shall not disseminate them, and shall return them to the producing party for replacement with properly endorsed pages."

Plaintiff does not object to the addition of the foregoing paragraph proposed by defendant. Along with the other changes entered above, this proposed revision to the Court's June 25 order is incorporated in the

"Revised" Provisional Protective Order provided for the Court's review and consideration.

WHEREFORE, counsel for the parties respectfully request that the Court adopt the jointly proposed changes in Sections 3, 4(a), 5(b) and 12 by issuing the "Revised Provisional Protective Order" attached hereto in place of the June 25 Order.

This 3rd day of July, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

/s/ Keith Harper
KEITH M. HARPER
Kilpatrick Stockton LLP
607 14th Street, N.W., Suite 900
Washington, DC 20005
Tel: (202) 508-5844
Fax: (202) 585-0007

Attorney for Plaintiff
The Salt River Pima-Maricopa
Indian Community

/s/ Brian M. Collins
Brian M. Collins
United States Department of
Justice
Environment Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney for Defendant
The United States of America

OF COUNSEL:

JOHN H. MARTIN
ANTHONY P. HOANG
United States Department of
Justice
Environment Division

Natural Resources Section
Washington, D.C. 20044-0663

PAUL SMYTH
TOM BARTMAN
Office of the Solicitor
Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
Department of the Treasury
Washington, D.C. 20270

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>Electronically Filed 07/03/08 |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing JOINTLY PROPOSED CHANGES IN THE PROVISIONAL PROTECTIVE ORDER ISSUED ON JUNE 25, 2008 was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Brian M. Collins, Esq.
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663, PHB 3607
Washington, D.C. 20044-0663

This 3rd day of July, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN

D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
Email:cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Salt River Pima-Maricopa
Indian Community