IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>**(Electronically Filed July 8, 2008)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL PROPOSED CHANGE TO THE PROVISIONAL PROTECTIVE ORDER ISSUED ON JUNE 25, 2008**

INTRODUCTION

On June 25, 2008, this Court issued a case management order directing Plaintiff Salt River Pima-Maricopa Indian Community (the "Community") and Defendant United States (collectively, the "Parties") to confer and "jointly propose changes in writing" to its Provisional Protective Order by July 3, 2008. [Doc. 55.] The Parties came to agreement on potential revisions to sections 3, 4(a), 5(b) and 12 of the Court's Provisional Protective Order, however, Defendant proposed including an additional provision that would eliminate its liability for disclosure of protected information and instead require the Community to assume all liability for such

disclosure (the "hold harmless" provision).[1] The Community strongly opposed the hold harmless provision and the Parties submitted their Joint Proposed Changes in the Provisional Protective Order Issued June 25, 2008 ("Joint Proposal") to this Court without it. [Doc. 57-2.]

Despite Plaintiff's vigorous opposition to the hold harmless provision when it was proposed for inclusion in their Joint Proposal, Defendant has now unilaterally and without the Community's consent requested that this Court adopt its "Revised Provisional Protective Order" that includes its proposed hold harmless provision. [Doc. 58-4., para. 9]. The Community opposes inclusion of the Defendant's proposed hold harmless provision and respectfully requests that the Court reject Defendant's proposed "Revised Provisional Protective Order" and adopt the Joint Proposal as submitted by the Parties on July 3, 2008.

## ARGUMENT

As a preliminary matter, this Court's June 25 order specifically directs the Parties to confer and submit *joint* proposed changes to the Provisional

[1] Defendant's hold harmless provision provides:

> Plaintiff assumes all liability for the disclosure of any Protected Information and/or Materials to its designees, including any liability that may arise from any claims brought by individuals or tribes (other than Plaintiff) that may be based on or stem from the disclosure of Protected Information and/or Materials related to those individuals or those other tribes. Defendant (including the Departments of the Interior and of the Treasury) and DOJ shall be held harmless for any disclosures of any Protected Materials and/or Information by Plaintiff or its designees.

Def.'s Proposed Supplemental Change to the Provisional Protective Order at para. 9. [Doc. 58-4].

Protective Order to this Court. The submission of July 3, 2008 is the product of the Parties' joint efforts per the Court's instruction. Defendant's unilateral effort here is contrary to this Court's specific instructions and its "Revised Provisional Protective Order" should be rejected on this basis alone. Moreover, Defendant's hold harmless provision is inappropriate in a Rule 26(c) order that is intended to govern the production of assertedly confidential information during a pre-trial discovery period. *See, e.g., Forest Productions Northwest, Inc. v. U.S.*, 453 F.3d 1355, n.1 (Fed. Cir. 2006) (noting that RCFC 26 addresses protective orders only in the context of discovery); RCFC 26(c).

In addition, Defendant's arguments in support of its request are unavailing. First, Defendant submits that because it has "no control" over the Community or its designees, it seeks to limit its liability relating to disclosure of documents protected by the Joint Proposal to third parties. It asserts that the protected documents "will likely contain information relating to other tribes or individuals not affiliated with [the Community]" and could be used against it in an action based on violation of the Privacy Act, 5 U.S.C. § 552a. Def.'s Proposed Supplemental Change to the Provisional Protective Order at 2-3. [Doc. 58]. Defendant fails to note, however, that the Privacy Act specifically exempts the United States from liability upon disclosure of individuals'

records without consent when the information is subject to a court order. 5 U.S.C. § 552a(b)(11). The Protective Order contemplated here would satisfy this exemption, rendering baseless Defendant's assertion that its hold harmless provision is required to insulate it from liability.[2]

Even if it were not protected from liability under the Privacy Act for disclosure of records through a protective order issued by this Court, and its proposed hold harmless provision were warranted on this ground, the liability-limiting provision the government seeks to impose goes well beyond its stated goal. As proposed, the hold harmless provision requires the Community to assume liability not only for disclosure of protected information to third parties, but also "any liability that may arise from any claims brought by individuals or tribes (other than Plaintiff) that may be *based on or stem from*" the same disclosure. Def.'s Proposed Supplemental Change to the Provisional Protective Order at 2 (emphasis added). [Doc. 58]. This broad language shifts liability to the Community for Defendant's mismanagement of

[2] Moreover, Defendant's concerns are unwarranted since adequate remedies for disclosure to third parties can be found at law. It is well established that a party who violates court orders, such as the terms of a protective order, are subject to contempt sanctions. *See, e.g., Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc.*, 305 F.3d 1303, 1313-15 (Fed. Cir. 2002) (holding that plaintiff violated the express terms of a protective order when it used protected information for use in an unrelated lawsuit). *Accord Pacific Gas & Elec. Co. v. U.S.*, 79 Fed. Cl. 744, 748 (2007) (noting that even if the attorney who violated the protective order by filing protected documents in another case had not been the same attorney, e.g., a third party, the rule against use of protected documents in other forums would still apply). The Joint Proposal submitted for the Court's consideration in this case unambiguously states that protected information "[s]hall be used by parties solely for the purposes of this litigation . . . ." [Doc. 57-2, para. 2]. The Community, and its designees, are fully aware of the mandates of the Court's Provisional Protective Order (and, if entered, the Joint Proposal) and the consequences for violating its terms.

other tribes' and individuals' trust assets in the event of a claimed "leak" of Protected Information to the other tribes/individuals. This is an outrageous demand by any litigant, let alone the Community's Trustee that is charged with fiduciary obligations of the most exacting nature. *See, e.g, United States v. Mitchell,* 463 U.S. 206, 225 (1983); *Cobell v. Norton*, 240 F.3d 1081, 1098 (D.C. Cir. 2001) (citing numerous cases). Defendant's attempt to shift potential liability for a century of mismanagement as the "price" for obtaining long-denied trust data relating to the Community's mismanagement claims is beyond the pale. And no trustee in good faith should require its beneficiary to shoulder such a burden in exchange for simple access to its own trust records – access that has long been sought by the Community but denied by Defendant for years.

Second, Defendant directs the Court to two other protective orders entered in tribal cases in the Court of Federal Claims in support of its proposed modification of the Joint Proposal. However, it fails to note that both of these orders permit plaintiff's counsel to share Protected Information with counsel for other tribes. *See* Def.'s Proposed Supplemental Change to the Provisional Protective Order at 3, n.1, Exs. A (para. 7) & B (para. 8) [Docs. 58-2, 58-3] ("Plaintiff's designees may include attorneys representing other Tribes in other Tribal trust fund mismanagement cases, if Plaintiff and

its counsel determine that such designations are needed for the litigation, settlement or other alternative resolution in this case"). Unlike those cases, here the Joint Proposal would make it explicit that none of the Protected Information produced in this case is to be shared with other tribes or their counsel. *See* Joint Proposal at Section 3 [Doc. 57-2]. Consequently, there is no risk created by the Community (or its counsel) under the terms of the Joint Proposal that would in any way justify the inclusion of the hold harmless provision that Defendant now seeks to add.

Finally, Defendant appears to be concerned that word of its failures as a trustee may be leaked through the information produced in this action. As a fiduciary, however, Defendant has an affirmative duty to apprise its beneficiaries as to material facts affecting their interests over which it has control, particularly when those interests relate to dealings with third parties. RESTATEMENT (SECOND) OF TRUSTS § 173 (Duty to Furnish Information) & Comment (d) (trustee is under a duty "to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person with respect to his interest"). Accordingly, Defendant should notify its affected tribal beneficiaries itself,

irrespective of the entry of a Protective Order containing a hold harmless provision in this case.

WHEREFORE, the Community respectfully requests that the Court reject Defendant's proposed "Revised Provisional Protective Order" and adopt the Joint Proposal submitted to this Court by the Parties on July 3, 2008. A proposed Order is attached hereto.

Respectfully submitted this 8th day of July, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail cmunson@kilpatrickstockton.com
**Kilpatrick Stockton LLP**
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858
*Attorneys for Plaintiff*
Salt River Pima-Maricopa Indian Community

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL PROPOSED CHANGE TO THE PROVISIONAL PROTECTIVE ORDER ISSUED ON JUNE 25, 2008 was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Brian Collins, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663, PHB 3607
Washington, D.C. 20044-0663

This 8th day of July, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Catherine F. Munson
Georgia Bar No.
E-mail: cmunson@kilpatrickstockton.com
**Kilpatrick Stockton LLP**
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858
*Attorneys for Plaintiff*
Salt River Pima-Maricopa Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-943L<br>Judge Lawrence M. Baskir<br>**(Electronically Filed July 8, 2008)** |

**ORDER**

This matter comes before the Court on Defendant's Supplemental Proposed Change to the Provisional Protective Order Issued on June 25, 2008. After careful consideration and review of the Defendant's submission, which Plaintiff opposes, the Court hereby DENIES Defendant's proposed "Revised Provisional Protective Order" and ADOPTS the Parties' proposed Revised Provisional Protective Order as submitted on July 3, 2008.

SO ORDERED this ______day of _____________, 2008.

_______________________________
Lawrence M. Baskir
Judge