# In the United States Court of Federal Claims

Case No. 06-943L
(FILED: September 10, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| **THE SALT RIVER PIMA MARICOPA INDIAN COMMUNITY,** *Plaintiff,* | * |
| v. | * |
| **THE UNITED STATES OF AMERICA,** *Defendant.* | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

## ORDER

On June 25, 2008, the parties were issued a Provisional Protective Order. The parties jointly filed proposed changes on July 3, 2008. The Government also filed a supplemental proposed change on July 3, 2008. **The joint motion is hereby GRANTED; the Government's supplemental motion is DENIED.**

The Government requests the addition of a "hold harmless" provision. It submits that it has "no control" over the Plaintiff or its designees. Therefore, it urges this Court to limit its liability in the event that Plaintiff or its designees "misuse" third-party protected information. The Government notes that similar provisions were incorporated into the protective orders issued in *Quechuan Tribe of the Fort Yuma Indian Reservation v. United States*, No. 06-888L (March 25, 2008) by Judge Braden, and in *Micah Indian Thrive of the Micah Indian Reservation*, No. 06-889L (December 12, 2007) by Judge Bush.

We conclude that the parties' joint proposal is sufficiently comprehensive to safeguard against liability in the event of third-party disclosure. The Government has not shown why further protection is warranted. Moreover, the Government's examples are unpersuasive. In *Quechuan Tribe* and *Micah Indian*, the proposed provision was arguably

warranted because the protective orders in those cases permitted the respective plaintiffs to share protected information with third-party counsel. The protective order in this case does not. It explicitly prohibits other tribes and their counsel from accessing the protected information. *See* ¶ 3. We find no reason to grant additional protection to the Government beyond the directives of the protective order.

**For these reasons, we GRANT the parties' Jointly Proposed Changes in the Provisional Protective Order. We DENY the Government's Supplemental Proposed Change to the Provisional Protective Order. A revised Protective Order will be issued forthwith.**

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge